DLM

# UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

FILED
APR 07 2006
U.S. DISTRICT COURT
DISTRICT OF RHODE ISLAND

EDUARDO HERNANDEZ

*vs.*

STATE OF RHODE ISLAND AND
PROVIDENCE PLANTATIONS
and;

DEPARTMENT OF CORRECTIONS
and;

ASHBEL T. WALL, Director of
the Department of Corrections;
in his official capacity, and;

JOHN DOE, Director of the
Department Of Corrections
Intake Center, in his official
Capacity and;

The U.S. Citizen and Immigration
Services Department and;

Eduardo Aguirre, Jr., Director of
the U.S. Citizen and Immigration
Services Department, in his
official capacity

[redacted] 06 164ML

C.A. No.: 06-XXXX

**COMPLAINT**

Plaintiff, Eduardo Hernandez, alleges:

**STATEMENT OF JURISDICTION**

This action arises under the United States Constitution, particularly under the Fifth and Fourteenth Amendments and Federal Law as applied under 42 U.S.C.A. § 1983.

Venue is proper in the District of Rhode Island under 28 U.S.C. §1391(e) because of the following:

a. One or more defendants reside within this Federal District;

b. A substantial part of the events or omissions giving rise to the claim occurred within this Federal District; and

c. The plaintiff resides within this Federal District.

Plaintiff asserts that he has complied with the notice requirements of RIGL §45-15-5.

**PARTIES**

1. Plaintiff, Eduardo Hernandez, is now, and at all times mentioned in this complaint was, a United States Citizen, born in the United States, and a resident of Pawtucket, Rhode Island, located in Providence County, and residing at 25 Nickerson Street, Pawtucket, Rhode Island.

2. The Defendant, STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS, is and was the employer of Defendants DEPARTMENT OF CORRECTIONS, ASHBEL T. WALL, and was otherwise responsible to ensure that each Defendant performed his/her/its job in a good and workmanlike fashion.

3. The Defendant DEPARTMENT OF CORRECTIONS, is now, and at all times mentioned in this complaint was, an agency of the State of Rhode Island, and is physically present within the County of Providence, State of Rhode Island.

4. The Defendant, ASHBEL T. WALL, sued herein in his official capacity, at all times material to this Complaint is and was the Director of the Department of Corrections, State of Rhode Island, and had the overall duty to manage and control the Department of Corrections and the Adult Correctional Institution.

5. The Defendant, JOHN DOE, sued herein in his official capacity, at all times material to this Complaint is and was the Director of the Intake Center at the Department of Corrections, State of Rhode Island, and had the overall duty to manage and control the Department of Corrections Intake Center.

6. The U.S. Citizen and Immigration Services Department is now, and at all times mentioned in this complaint was, an independent bureau of the Department of Homeland Security.

7. Eduardo Aguirre, Jr., sued herein in his official capacity, at all times material to this Complaint is and was the Director of the U.S. Citizen and Immigration Services Department, an independent bureau of the Department of Homeland Security, and had the overall duty to manage and control the U.S. Citizen and Immigration Services Department.

## FACTS AND TRAVEL

1. On or about June 16, 2005 at approximately 4:30pm, plaintiff was taken into the custody of the STATE OF RHODE

ISLAND AND PROVIDENCE PLANTATIONS DEPARTMENT OF CORRECTIONS.

2. Plaintiff avers that at the time of his arrest he asked the arresting authorities why he was being arrested and detained.

3. Plaintiff was told that he was being held at the Department of Corrections as a result of an "INS investigation," or as a result of an "INS hold."[1]

4. Upon information and belief, the United States Department of Justice, more specifically the U.S. Citizen and Immigration Services Department, issued an "Immigration Detainer - Notice of Action" in the Plaintiff's name to the Sixth District Court, Pawtucket, Rhode Island. (***Exhibit A*** *attached hereto and made a part hereof as if recited at length*)

5. Upon further information and belief, the "Immigration Detainer - Notice of Action" was presented to the Department of Corrections on June 16, 2005, where it was subsequently placed and held on record.

6. Plaintiff further avers that said, "Immigration Detainer - Notice of Action" required that the Department of Corrections detain the Plaintiff for a period not to exceed 48 hours in order to provide adequate time for INS to assume custody of the Plaintiff.

[1] *On March 1, 2003, service and benefit functions of the U.S. Immigration and Naturalization Service (INS) transitioned into the Department of Homeland Security (DHS) as the U.S. Citizenship and Immigration Services (USCIS).*

7. Plaintiff further avers that the "Immigration Detainer - Notice of Action" cites, the Code of Federal Regulations, more specifically ***§8 CFR 287.7*** which reads, in pertinent part, that the detaining agency "…shall maintain custody of the alien [emphasis added] for a period not to exceed 48 hours, excluding Saturdays, Sundays, and holidays in order to permit assumption of custody by the Department [INS]."

8. U.S. Citizen and Immigration Services Department failed to assume custody of the Plaintiff [*who at all times material to this complaint was not an alien but a citizen of the United States of America*] within the prescribed 48 hour time period, excluding Saturdays, Sundays, and holidays.

9. Plaintiff further avers that he was held, in confinement, at the Department of Corrections from approximately 4:30pm June 16, 2005 until approximately 5:00pm June 22, 2005, exceeding the prescribed period of time mandated by ***§8 CFR 287.7***.

10. Plaintiff further avers that the conduct of the defendants, individually and collectively, while amounting to a violation of ***§8 CFR 287.7*** if Plaintiff was an alien, is in fact a further violation of Plaintiff's United States Constitutional and civil rights in accordance with 42 U.S.C.A. § 1983, as plaintiff is, and at all time material was, a citizen of the United States.

11. Plaintiff further avers that as a citizen of the United States, all pertinent actions on the part of the

defendants, individually and collectively, were negligent, intentional, willful and wonton, and done with reckless disregard of Plaintiff's rights as guaranteed by the United States Constitution, and the Constitution of the State of Rhode Island.

As a result of this unlawful, unjust and negligent imprisonment, confinement and deprivation of liberty, Plaintiff brings the following cause of action.

**COUNT I: FALSE IMPRISONMENT**

Now comes your Plaintiff, Eduardo Hernandez, and for his cause of action contained here in Count I, against all Defendants collectively, individually, and severally, states as follows:

12. Plaintiff repeats, realleges and incorporates by reference the allegations in paragraphs 1 through 11 above with the same force and effect as if herein set forth.

13. At all times relevant herein, (a) the Defendants acted with the intention of confining Plaintiff within fixed boundaries, (b) the act directly or indirectly resulted in Plaintiff's confinement, (c) Plaintiff was conscious of the confinement, and (d) the confinement was both unwarranted and against Plaintiff's wishes.

14. Plaintiff further avers that as a direct and proximate result of the above-described illegal actions of the defendants, Plaintiff sustained a deprivation of his

liberty, and has been caused great physical and mental suffering, humiliation, shame, public ridicule, and has been caused inconvenience and discomfort. Plaintiff has sustained anguish of mind, and incurred expenses and loss of earnings and/or earnings capacity.

15. Furthermore, in inflicting the described harm and injuries on plaintiff, defendants acted intentionally, and maliciously and/or wantonly and recklessly, thereby intending to wrongfully and unlawfully detain Plaintiff and deprive him of his liberty and inflict physical and mental pain and suffering on Plaintiff.

16. Due notice under all applicable statutes has been given to defendants.

WHEREFORE, plaintiff requests:

1. Judgment against defendants jointly and severally for compensatory and punitive damages (*RIGL §12-7-14*) in an amount within the jurisdiction of this court, and to be proved at trial;

2. Costs of suit; and

3. Such other and further relief as the court deems just and proper.

**COUNT II: VIOLATIONS OF 42 U.S.C. §1983: ARREST**

Now comes your Plaintiff, Eduardo Hernandez, and for his cause of action contained here in Count II, against all Defendants collectively, individually, and severally, states as follows:

17. Plaintiff repeats, realleges and incorporates by reference the allegations in paragraphs 1 through 16 above with the same force and effect as if herein set forth.

18. At all times relevant herein, the conduct of all Defendants were subject to 42 U.S.C. §1983, 1985, 1986, and 1988.

19. Acting under the color of law, Defendants worked a denial of Plaintiff's rights, privileges or immunities secured by the United States Constitution or by Federal law, to wit,

a. by depriving Plaintiff of his liberty without due process of law, by taking him into custody and holding him there against his will.
b. by conspiring for the purpose of impeding and hindering the due course of justice, with intent or reckless disregard to deny Plaintiff equal protection of laws,
c. by refusing or neglecting to prevent such deprivations and denials to Plaintiff, thereby depriving Plaintiff of his rights, privileges, and immunities as guaranteed by the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States.

20. As a direct and proximate result of the above-described illegal actions of the defendants, plaintiff sustained a deprivation of his liberty, and has been caused great physical and mental suffering, humiliation, shame, public ridicule, and has been caused inconvenience and discomfort. Plaintiff has sustained anguish of mind, and incurred expenses and loss of earnings and/or earnings capacity.

21. Furthermore, in inflicting the described harm and injuries on plaintiff, defendants acted intentionally, and maliciously and/or wantonly and recklessly, thereby intending to wrongfully and unlawfully inflict physical and mental pain and suffering on plaintiff, and plaintiff is therefore entitled to punitive damages.

22. Due notice under all applicable statutes has been given to defendants.

WHEREFORE, plaintiff requests:

1. Judgment against defendants jointly and severally for compensatory and punitive damages in an amount within the jurisdiction of this court, and to be proved at trial;

2. Costs of suit; and

3. Such other and further relief as the court deems just and proper.

**COUNT III: VIOLATIONS OF 42 U.S.C. §1983: DETENTION AND CONFINEMENT**

Now comes your Plaintiff, Eduardo Hernandez, and for his cause of action contained here in Count III, against all Defendants collectively, individually, and severally, he states as follows:

23. Plaintiff repeats, realleges and incorporates by reference the allegations in paragraphs 1 through 22 above with the same force and effect as if herein set forth.

24. As a result of defendants concerted unlawful and malicious detention and confinement of Plaintiff, Defendants deprived Plaintiff of both his right to his liberty without due process of law and his right to equal protection of the laws, and the due course of justice was impeded, in violation of the Fifth and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. § 1983.

25. As a direct and proximate result of the above-described illegal actions of the defendants, plaintiff sustained a deprivation of his liberty, and has been caused great physical and mental suffering, humiliation, shame, public ridicule, and has been caused inconvenience and discomfort. Plaintiff has sustained anguish of mind, and incurred expenses and loss of earnings and/or earnings capacity.

26. Furthermore, in inflicting the described harm and injuries on plaintiff, defendants acted intentionally, and maliciously and/or wantonly and recklessly, thereby intending to wrongfully and unlawfully inflict physical and

mental pain and suffering on plaintiff, and plaintiff is therefore entitled to punitive damages.

27. Due notice under all applicable statutes has been given to defendants.

WHEREFORE, plaintiff requests:

1. Judgment against defendants jointly and severally for compensatory and punitive damages in an amount within the jurisdiction of this court, and to be proved at trial;

2. Costs of suit; and

3. Such other and further relief as the court deems just and proper.

**COUNT IV: NEGLIGENT AND RECKLESS DISREGARD IN ISSUING I.N.S. DETAINER**

Now comes your Plaintiff, Eduardo Hernandez, and for his cause of action contained here in Count IV, against Defendants the United States Citizenship and Immigration Services Department, and Eduardo Aguirre, Jr., in his official capacity as Director of the United States Citizenship and Immigration Services Department, states as follows:

28. Plaintiff repeats, realleges and incorporates by reference the allegations in paragraphs 1 through 27 above with the same force and effect as if herein set forth.

29. Plaintiff alleges that the United States Citizenship and Immigration Services did negligently and recklessly issue an "Immigration Detainer - Notice of Action" for Plaintiff.

30. Plaintiff further avers that the negligent and reckless issuance of the aforementioned "Immigration Detainer - Notice of Action" was the cause of Plaintiff's unlawful incarceration by the Rhode Island Department of Corrections.

31. As a direct and proximate result of the above-described negligent and reckless actions of the defendants, plaintiff sustained a deprivation of his liberty, and has been caused great physical and mental suffering, humiliation, shame, public ridicule, and has been caused inconvenience and discomfort. Plaintiff has sustained anguish of mind, and incurred expenses and loss of earnings and/or earnings capacity.

32. Furthermore, in inflicting the described harm and injuries on plaintiff, defendants acted intentionally, and maliciously and/or wantonly and recklessly, thereby intending to wrongfully and unlawfully inflict physical and mental pain and suffering on plaintiff, and plaintiff is therefore entitled to punitive damages.

33. Due notice under all applicable statutes has been given to defendants.

WHEREFORE, plaintiff requests:

1. Judgment against defendants jointly and severally for compensatory and punitive damages in an amount within the jurisdiction of this court, and to be proved at trial;

2. Costs of suit; and

3. Such other and further relief as the court deems just and proper.

**COUNT V: FAILURE TO COMPLY WITH §8 CFR 287.7**

Now comes your Plaintiff, Eduardo Hernandez, and for his cause of action contained here in Count V, against Defendants the United States Citizenship and Immigration Services Department, and Eduardo Aguirre, Jr., in his official capacity as Director of the United States Citizenship and Immigration Services Department, states as follows:

34. Plaintiff repeats, realleges and incorporates by reference the allegations in paragraphs 1 through 33 above with the same force and effect as if herein set forth.

35. Defendants failed to assume "custody of the alien" within the prescribed time as set forth in THEIR OWN code of Federal Regulations, more specifically §8 CFR 287.7.

36. As a direct and proximate result of the above-described negligent and reckless actions of the defendants, plaintiff sustained a deprivation of his liberty, and has been caused great physical and mental suffering, humiliation, shame,

public ridicule, and has been caused inconvenience and discomfort. Plaintiff has sustained anguish of mind, and incurred expenses and loss of earnings and/or earnings capacity.

37. Furthermore, in inflicting the described harm and injuries on plaintiff, defendants acted intentionally, and maliciously and/or wantonly and recklessly, thereby intending to wrongfully and unlawfully inflict physical and mental pain and suffering on plaintiff, and plaintiff is therefore entitled to punitive damages.

38. Due notice under all applicable statutes has been given to defendants.

WHEREFORE, plaintiff requests:

1. Judgment against defendants jointly and severally for compensatory and punitive damages in an amount within the jurisdiction of this court, and to be proved at trial;

2. Costs of suit; and

3. Such other and further relief as the court deems just and proper.

**COUNT VI: FAILURE TO COMPLY WITH §8 CFR 287.7**

Now comes your Plaintiff, Eduardo Hernandez, and for his cause of action contained here in Count VI, against Defendants STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS, the DEPARTMENT OF CORRECTIONS, ASHBEL T. WALL, in his

official capacity as Director of the Department of Corrections, and JOHN DOE, in his official capacity as the Director of the Intake Center at the Department of Corrections, collectively, individually, and severally, states as follows:

39. Plaintiff repeats, realleges and incorporates by reference the allegations in paragraphs 1 through 38 above with the same force and effect as if herein set forth.

40. Defendants, named here in Count VI, failed to release "custody of the alien" in accordance with the code of Federal Regulations, more specifically §8 CFR 287.7.

41. As a direct and proximate result of the above-described negligent and reckless actions of the defendants, plaintiff sustained a deprivation of his liberty, and has been caused great physical and mental suffering, humiliation, shame, public ridicule, and has been caused inconvenience and discomfort. Plaintiff has sustained anguish of mind, and incurred expenses and loss of earnings and/or earnings capacity.

42. Furthermore, in inflicting the described harm and injuries on plaintiff, defendants acted intentionally, and maliciously and/or wantonly and recklessly, thereby intending to wrongfully and unlawfully inflict physical and mental pain and suffering on plaintiff, and plaintiff is therefore entitled to punitive damages.

43. Due notice under all applicable statutes has been given to defendants.

WHEREFORE, plaintiff requests:

1. Judgment against defendants jointly and severally for compensatory and punitive damages in an amount within the jurisdiction of this court, and to be proved at trial;

2. Costs of suit; and

3. Such other and further relief as the court deems just and proper.

**PLAINTIFF DEMANDS TRIAL BY JURY AS TO ALL COUNTS**

Plaintiff,
By Counsel,

Daniel J. McKinnon (#6624)
McKINNON & HARWOOD
1168 Newport Avenue
Pawtucket, RI 02861
(401)723-9655
(401)722-9106

April ___, 2006

U.S. Department of Justice
Immigration and Naturalization Service

128962

# Immigration Detainer - Notice of Action

| | |
|---|---|
| File No. A | |
| Date: 06/16/05 | |

| TO: (Name and title of institution) | FROM: (INS office address) |
|---|---|
| Sixth District Court<br>Pawtucket | I.C.E.<br>200 Dyer St.<br>Providence, RI |

Name of alien: Edvardo HERNANDEZ

Date of birth: 11 6 32 Nationality: ?? Sex: M

**You are advised that the action noted below has been taken by the Immigration and Naturalization Service concerning the above-named inmate of your institution:**

☒ Investigation has been initiated to determine whether this person is subject to removal from the United States.

☐ A Notice to Appear or other charging document initiating removal proceedings, a copy of which is attached, was served on ____________ .
(Date)

☐ A warrant of arrest in removal proceedings, a copy of which is attached, was served on ____________ .
(Date)

☐ Deportation or removal from the United States has been ordered.

**It is requested that you:**

Please accept this notice as a detainer. This is for notification purposes only and does not limit your discretion in any decision affecting the offender's classification, work and quarters assignments, or other treatment which he or she would otherwise receive.

☒ Federal regulations (8 CFR 287.7) require that you detain the alien for a period not to exceed 48 hours (excluding Saturdays, Sundays and Federal holidays) to provide adequate time for INS to assume custody of the alien. You may notify INS by calling ____________ during business hours or ____________ after hours in an emergency.

☐ Please complete and sign the bottom block of the duplicate of this form and return it to this office. ☐ A self-addressed stamped envelope is enclosed for your convenience. ☐ Please return a signed copy via facsimile to ____________ .
(Area code and facsimile number)

Return fax to the attention of ____________ , at ____________ .
(Name of INS officer handling case) (Area code and phone number)

☒ Notify this office of the time of release at least 30 days prior to release or as far in advance as possible.

☒ Notify this office in the event of the inmate's death or transfer to another institution.

☐ Please cancel the detainer previously placed by this Service on ____________ .

| | |
|---|---|
| Daniel D. Sendroff | Senior Special Agent |
| (Signature of INS official) | (Title of INS official) |

**Receipt acknowledged:**

Date of latest conviction: ____________ Latest conviction charge: ____________

Estimated release date: ____________

Signature and title of official: ____________