UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| EDUARDO HERNANDEZ<br>Plaintiffs,<br><br>Vs.<br><br>STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS AND; DEPARTMENT OF CORRECTIONS AND ASHBEL T. WALL., Director of the Department of Corrections; in his official capacity, and; JOHN JOE, Director of the Department of Corrections Intake Care, in his official capacity and; THE U.S. CITIZEN AND IMMIGRATION SERVICES DEPARTMENT and; EDUARDO AGUIRRE, JR., Director of the U.S. Citizen and Immigration Services Department, in his Official capacity<br>Defendants, | : | C.A. No.: 06-1415ML |

**DEFENDANTS', STATE OF RHODE ISLAND, DEPARTMENT OF CORRECTIONS, AND ASHBEL T. WALL, IN HIS OFFICIAL CAPACITY'S, MOTION TO DISMISS**

Now comes Defendants, State of Rhode Island, Department of Corrections, and Ashbel T. Wall, in his official capacity (hereafter collectively "State Defendants"), and hereby respectfully moves this Honorable Court pursuant to Fed. R. Civ. Pro. 12(b)(1), Rule 12(b)(2), and 12(b)(6) for a Motion to Dismiss in the above-entitled matter. A memorandum in support hereof of is attached hereto.

DEFENDANT
STATE OF RHODE ISLAND
DEPARTMENT OF CORRECTIONS
AND ASHBEL T. WALL, in his
official capacity

By his Attorney

PATRICK C. LYNCH
ATTORNEY GENERAL

Michael W. Field, # 5809
Special Assistant Attorney General
150 South Main Street
Providence, Rhode Island 02903
Ph (401) 274-4400 ext. 2380
Fax (401) 222-2995

## CERTIFICATION

I hereby certify that the instant Motion was mailed via first class postage prepaid on the 15 day of June, 2006, to the following individuals:

Daniel J. McKinnon, Esq.
McKinnon & Harwood
1168 Newport Avenue
Pawtucket, RI 02861

Robin E. Feder., Esq.
United States Attorney Office
Fleet Center
50 Kennedy Plaza, 8th Floor
Providence, RI 02903

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

EDUARDO HERNANDEZ :
Plaintiffs, :
:
Vs. : C.A. No.: 06-1415ML
:
STATE OF RHODE ISLAND AND :
PROVIDENCE PLANTATIONS AND; :
DEPARTMENT OF CORRECTIONS AND :
ASHBEL T. WALL., Director of the :
Department of Corrections; in his official :
capacity, and; JOHN JOE, Director of the :
Department of Corrections Intake Care, in :
his official capacity and; THE U.S. CITIZEN:
AND IMMIGRATION SERVICES :
DEPARTMENT and; EDUARDO AGUIRRE,
JR., Director of the U.S. Citizen and
Immigration Services Department, in his
Official capacity
Defendants,

**DEFENDANTS', STATE OF RHODE ISLAND, DEPARTMENT OF CORRECTIONS, AND ASHBEL T. WALL, IN HIS OFFICIAL CAPACITY'S, MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

## I. INTRODUCTION

This lawsuit is filed by Eduardo Hernandez ("Hernandez") and alleges that various state and federal defendants failed to properly and timely release him from the Adult Correctional Institution ("ACI") and into the custody of the United States Citizen and Immigration Services Department ("USCIS"). Because the facts alleged, combined with the judicial record,[1] establish that Hernandez was properly detained at the ACI on

[1] Reference to exhibits for a Motion to Dismiss is appropriate where such exhibits are susceptible of judicial notice. See Cruz v. Melecio, 204 F.3d 14, 21 (1st Cir. 2000)("The jurisprudence of Rule 12(b)(6) requires us to consider not only the complaint, but also matters fairly incorporated within it and matters susceptible to judicial notice.").

state charges unrelated to his immigration status from June 16, 2005, until his transfer to USCIS custody on June 22, 2005, this Motion to Dismiss should be granted. Before reaching this ultimate substantive issue, the facts, as well as one preliminary issue, will be reviewed.

## II. FACTS[2]

Although Hernandez begins his complaint by focusing attention on his June 16, 2005 arrest and detention, *see Plaintiff's Complaint, ¶ 1 (Facts and Travel)*, proper examination of this lawsuit must begin with April 15, 2005. On this date – April 15, 2005 – Hernandez was charged in the Sixth Division District Court with operating a motor vehicle on a public highway without a license in violation of R.I. Gen. Laws § 31-11-18. *Exhibit A*. During this April 15, 2005 court proceeding, court records evince that Hernandez pled nolo contendre, a fine of $350.00 was imposed, and that Hernandez was not detained. *Exhibit A*. A Sixth Division District Court docket sheet further demonstrates that Hernandez made payments on April 15, 2005, and on May 2, 2005, but significantly the docket sheet also reveals that Hernandez failed to appear for an Ability to Pay Hearing scheduled for June 8, 2005. *Exhibit B*. As a result of Hernandez's failure to appear, a bench warrant was issued on June 9, 2005 by Sixth Division District Court Magistrate DiMuro for Hernandez's arrest. *Exhibit C*.

At this point, Hernandez's past finally converges with the facts set forth in the instant lawsuit, and indeed, on June 16, 2005, Hernandez was taken into state custody. *See Plaintiff's Complaint, ¶ 1 (Facts and Travel)*. Although Hernandez's lawsuit alleges that he was detained on an "INS hold," *id. at ¶¶ 2, 3*, Hernandez's lawsuit never reveals

---

[2] The facts, as set forth in Hernandez's complaint, are assumed for the purposes of the present motion to be true.

the facts or incident that occurred on June 16, 2005 to lead state law enforcement officers to Hernandez in the first place. Here, again, reference to the Sixth Division District Court records proves helpful and reveals that on June 16, 2005, Hernandez was arrested, again, and pled nolo contendre, again, to operating a motor vehicle on a public highway without a license in violation of R.I. Gen. Laws § 31-11-18. *Exhibit D*. Similar to Hernandez's April 15, 2005 nolo contendre plea, a $350.00 fine was imposed, but unlike the prior April 15, 2005 hearing, Hernandez was not free to go afterward and instead was taken into custody. *See Plaintiff's Complaint, ¶ 9 (Facts and Travel)*.

In fact, court records evince that on this same date – June 16, 2005 – the bench warrant issued for Hernandez's arrest was withdrawn, *see Exhibit B*, and that the Sixth Division District Court issued a "Mittimus" Order addressed to "any Officer and to the Warden of the Adult Correctional Institutions." *See Exhibit E*. The Mittimus stated that on June 16, 2005, Hernandez "ha[d] been brought before the court by virtue of a warrant issued against him/her on complaint . . . charging him/her with crime[s] in violation of the laws of Rhode Island." *Exhibit E*. The Mittimus continued that the criminal charge leveled against Hernandez was for Driving without/expired license in violation of R.I. Gen. Laws § 31-11-18 and that a cash bail of $311.50 was set – the same amount indicated on the bench warrant issued on June 9, 2005. *Cf. Exhibit E with Exhibit C*. The Mittimus concludes with the directive that:

> "you are hereby commanded to take the defendant, to convey him/her to the Adult Correctional Institutions, and to deliver him/her together with this precept to the Warden thereof. The Warden is hereby required to receive the defendant into custody and safekeeping until this order is performed in all its parts or until the defendant is discharged by order."

The Mittimus makes no mention of the USCIS detainer.[3] *See Exhibit E.*

On the same day the Mittimus is issued – June 16, 2005 – the Sixth Division District Court also issues a "Writ of Habeas Corpus," directing that Hernandez be brought to the Sixth Division District Court on Tuesday, June 21, 2005. *Exhibit F.* Indeed, court records reveal that Hernandez was brought before the Sixth Division District Court on June 21, 2005 and that on this date he was released on $1,000 personal recognizance. *Exhibit G.* Court records also reveal that on June 21, 2005, Hernandez made a $156.00 payment, leaving a $311.00 balance, *see Exhibit H*, and that on June 28, 2005, Hernandez tendered the balance. *Exhibit I.* Despite having cleared his state charges and being released on his personal recognizance, court records evince that on June 21, 2005, the Sixth Division District Court remanded Hernandez to the ACI. *Exhibit G.* Thereafter, Hernandez avers that the following day, June 22, 2005, he was transferred to federal custody on the USCIS detainer. *See Plaintiff's Complaint, ¶ 9 (Facts and Travel).*

Because Hernandez alleges that the USCIS detainer "required that the Department of Corrections [to] detain the Plaintiff for a period not to exceed 48 hours [excluding weekends]," *see Plaintiff's Complaint, ¶ 6 (Facts and Travel)(emphasis added by Hernandez)*, Hernandez essentially contends that his incarceration at the ACI from Monday, June 20, 2005 to his transfer on Wednesday, June 22, 2005, was unlawful.[4] In

---

[3] The Mittimus and the bench warrant both reference case number 61-2005-06860, which is the case number assigned to Hernandez's April 15, 2005 arrest. *See Exhibit B.*

[4] Hernandez was originally taken into custody on Thursday, June 16, 2005, at approximately 4:30 p.m. *See Plaintiff's Complaint, ¶ 9 (Facts and Travel).* Because 8 CFR § 287.7 provides in pertinent part that the detaining agency "shall maintain custody of the alien for a period not to exceed 48 hours, excluding Saturday, Sundays, and

asserting this claim, Hernandez has filed a six (6) count complaint, naming the State of Rhode Island; the Department of Corrections; A.T. Wall, in his official capacity as Director of the Department of Corrections (hereafter collectively "State Defendants"); the U.S. Citizen and Immigration Services Department; and Eduardo Aguirre, Jr., in his official capacity as Director of the U.S. Citizen and Immigration Services Department (hereafter collectively "Federal Defendants").[5] Only Counts I, II, III, and VI pertain to the State Defendants, and accordingly, only these Counts will be addressed in this memorandum.

In Count I, Hernandez claims that all State and Federal Defendants committed the tort of false imprisonment. *See Plaintiff's Complaint, Count I.* Similarly, Count II contends that all State and Federal Defendants violated 42 U.S.C. § 1983 (arrest) by: (a) depriving him of liberty without due process of law, (b) denying equal protection of laws, and (c) depriving him of his rights, privileges, and immunities as guaranteed by the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States. *See Plaintiff's Complaint, Count II.* Likewise, Count III alleges that all State and Federal Defendants violated 42 U.S.C. § 1983 (detention and confinement) by depriving Hernandez of his "right to his liberty without due process of law and his right to equal

---

holidays in order to permit assumption of custody by the Department," the forty-eight (48) hour period, excluding weekends, expired on Monday, June 20, 2005, at approximately 4:30 p.m. See 8 CFR § 287.7 (emphasis added). Accordingly, even if all facts and law are as Hernandez alleges, the period of wrongful incarceration would not begin until 48 hours after being taken into state custody, excluding weekends, i.e., Monday, June 20, 2005, at approximately 4:30 p.m. Hernandez was released from the ACI and transferred to federal custody on Wednesday, June 22, 2005, at approximately 5:00 p.m.

[5] Hernandez also names John Doe, in his official capacity as Director of the Department of Corrections Intake Center. Because Hernandez names "John Doe," service has not been effectuated and this motion expressly excludes John Doe.

protection of the laws, and the due course of justice was impeded, in violation of the Fifth and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. § 1983." *See Plaintiff's Complaint, Count III.* Lastly, Count VI avers that the State Defendants failed to comply with 8 CFR § 287.7. *See Plaintiff's Complaint, Count VI.* With respect to all four (4) counts, Hernandez seeks "compensatory and punitive damages." Hernandez seeks no injunctive relief, and in fact, acknowledges that he was released from the ACI on June 22, 2005. *See Plaintiff's Complaint, ¶ 9 (Facts and Travel).*

## III. STANDARD OF REVIEW

In ruling on a motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), a Court must construe the complaint liberally, treat all well-pleaded facts as true, and indulge all reasonable inferences in favor of the Plaintiff. See Aversa v. United States, 99 F.3d 520, 522 (1st Cir. 1996). It is the Plaintiff's burden to prove the existence of subject matter jurisdiction. Murphy v. United States, 45 F.3d 520, 522 (1st Cir. 1995).

In ruling on a motion to dismiss pursuant to Rule 12 (b)(6), the Court construes the allegations in the light most favorable to the plaintiff. Gooley v. Mobil Oil Corp., 851 F.2d 513, 514 (1st Cir. 1988). A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the Plaintiff can prove no set of facts in support of his claim that would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-56 (1957). The Court must accept all well-pled factual averments as true, and draw all reasonable inferences there from in Plaintiff's favor. Gooley, 851 F.2d at 514.

## IV. ANALYSIS

### A. THE STATE DEFENDANTS ARE NOT "PERSONS" FOR PURPOSES OF 42 U.S.C. § 1983

In Will v. Michigan Department of State Police, 485 U.S. 1005, 108 S.Ct. 1466, 99 L.Ed.2d 696 (1989), the Supreme Court held that neither states, nor state officials acting in their official capacities, are 'persons' within the meaning of § 1983. Consequently, as the First Circuit has determined in examining another case where an incarcerated individual sought monetary damages against a prison official acting in his official capacity, "a cause of action for damages against these parties will not lie." Wilson v. Brown, 889 F.2d 1195, 1197 (1st Cir. 1989). The First Circuit, citing Supreme Court precedent, continued that:

> "[o]bviously, state officials literally are persons. But a suit against a state official in his or her official capacity is not a suit against the official but rather a suit against the official's office. As such, it is no different from a suit against the State itself." Id. (citing Brandon v. Holt, 469 U.S. 464, 471, 105 S.Ct. 873, 877, 83 L.Ed.2d 878 (1985) and Kentucky v. Graham, 473 U.S. 159, 165-66, 105 S.Ct. 3099, 3104-05, 87 L.Ed.2d 114 (1985)).

Since Hernandez is asserting a § 1983 violation (Counts II and III) against the State of Rhode Island, the Department of Corrections, and A.T. Wall, in his official capacity as Director of the Department of Corrections, asking for monetary damages and not injunctive relief, Hernandez has no cognizable cause of action. See Wilson, 889 F.2d at 1197. Accordingly, the State Defendants submit that their Motion to Dismiss with respect to Counts II and III must be granted.

B. HERNANDEZ'S LAWSUIT FAILS TO STATE A CAUSE OF ACTION UPON WHICH RELIEF CAN BE GRANTED

Notwithstanding that Hernandez does not present a cognizable § 1983 claim against the State Defendants, the facts presented by Hernandez's complaint, coupled with the judicial record, aptly demonstrate that Hernandez was properly detained from June 16, 2005 to June 21, 2005 on an outstanding bench warrant, and that after clearing the state charges on June 21, 2005, Hernandez was remanded to the ACI and properly detained until the next day, June 22, 2005, on the USCIS detainer. Consequently, Hernandez has no cause of action for false imprisonment (Count I), failure to comply with the CFR (Count VI), or civil rights violations (Counts II and III) based upon his alleged improper detention.

Specifically, the judicial record demonstrates that on June 9, 2005, a bench warrant was issued for Hernandez's failure to appear at an Ability to Pay Hearing, which was scheduled for June 8, 2005 and being held in conjunction with Hernandez's April 15, 2005 arrest for operating a motor vehicle without a license. *See Exhibit C.* The bench warrant indicated that Hernandez was to be held on $311.50 cash bail. *Exhibit C.* Moreover, it is most significant that after Hernandez was once again arrested on June 16, 2005 for operating a motor vehicle without a license, *see Exhibit D*, the Sixth Division District Court issued a "Mittimus" Order directing that Hernandez be taken into the Department of Corrections' custody and held on $311.50 cash bail. *Exhibit E.* Pursuant to this authority, Hernandez remained at the ACI until a Writ of Habeas Corpus issued, *see Exhibit F*, wherein Hernandez was presented to the Sixth Division District Court on June 21, 2005, and as evidenced by his criminal docket sheet, paid his balance in full. *See Exhibit B.*

To prove a § 1983 claim for false arrest or false imprisonment, Hernandez must demonstrate, at a minimum, that the arresting/detaining officers "acted without probable cause." Mann v. Cannon, 731 F.2d 54, 62 (1st Cir. 1984)(emphasis added). Similarly, an "essential element" of a false imprisonment tort "is the restraint of another person without legal justification or without any color of legal authority." Id. at 63 (emphasis added)(citing Mailey v. Pasquale's Estate, 177 A.2d 376, 379 (R.I. 1962)).

Here, it is undisputed that the Department of Corrections, as well as its officials, detained Hernandez pursuant to facially valid bench warrant for Hernandez's arrest. Because the State Defendants acted with legal authority and with legal justification, i.e., the Mittimus Order, as a matter of law, Hernandez cannot establish a civil rights violation or a false imprisonment tort claim. See Moody v. McElroy, 513 A.2d 5, 8 (R.I. 1986)("A validly executed and prepared warrant is justification for acts done under its authority and absent special circumstances, it will protect the person who prepared it as well as those who execute it."). Accordingly, Counts I, II, and III must be dismissed against the State Defendants.[6]

Moreover, with respect to Count VI, entitled Failure to Comply with 8 CFR § 287.7, it cannot be disputed that this provision does not apply to Hernandez, and even assuming its application, there can be no dispute that the State Defendants fully complied with its requirements. For instance, although Hernandez's complaint cites 8 CFR § 287.7 and quotes that this provision provides that the detaining agency ". . . shall maintain

[6] Clearly, the Department of Corrections and Director Wall acted pursuant to a lawful court order (the Mittimus) when it detained Hernandez from June 16, 2005 until June 21, 2005. To the extent that Hernandez might allege liability against the State of Rhode Island for improperly issuing the June 9, 2005 arrest warrant or Mittimus order, the doctrine of judicial immunity would apply.

custody of the alien [emphasis added by Hernandez] for a period not to exceed 48 hours, excluding Saturdays, Sundays, and holidays in order to permit assumption of custody by the Department [INS]," *see Plaintiff's Complaint, ¶ 7 (Facts and Travel)*, Hernandez, conveniently, omits the words preceding the detaining agency's responsibilities. In its entirety, 8 CFR § 287.7(d) provides that:

> "[u]pon a determination by the Department to issue a detainer for an alien not otherwise detained by a criminal justice agency, such agency shall maintain custody of the alien for a period not to exceed 48 hours, excluding Saturdays, Sundays, and holidays in order to permit assumption of custody by the Department." See 8 CFR § 287.7(d). (Emphasis added).

According to its plain language, omitted by Hernandez, 8 CFR § 287.7(d) only applies were an alleged alien is "not otherwise detained by a criminal justice agency." See Kendall v. Immigration & Naturalization Service, 261 F.Supp.2d 296, 301 n.2 (S.D.N.Y. 2003)("Because [8 CFR § 287.7] applies only when a alien is not otherwise detained by a criminal justice agency, it does not apply to an alien who . . . has been remanded to custody in his pending criminal case."). Because Hernandez was detained on June 16, 2005 based upon an outstanding bench warrant, 8 CFR § 287.7 did not apply to Hernandez, if at all, until June 21, 2005 when Hernandez cleared his state charges. It was only at this point, upon his remand on June 21, 2005, *see Exhibit G*, that Hernandez was "not otherwise detained by a criminal justice agency," and the provisions of 8 CFR § 287.7, arguably, became effective.

Assuming that 8 CFR § 287.7 did apply to Hernandez as of June 21, 2005 – the date he cleared his State charges – it is undisputed that the State Defendants fully complied with this federal regulation. As noted above, 8 CFR § 287.7 provides that:

> "[u]pon a determination by the Department to issue a detainer for an alien not otherwise detained by a criminal justice agency, such agency shall maintain custody of the alien <u>for a period not to exceed 48 hours, excluding Saturdays, Sundays, and holidays</u> in order to permit assumption of custody by the Department." <u>See</u> 8 CFR § 287.7. (Emphasis added).

As illustrated above, Hernandez cleared his state charges on June 21, 2005 and on this same date was remanded to the Department of Corrections, presumably on the "INS hold." *See Exhibit G.* Thereafter, the next day, June 22, 2005, Hernandez avers that he was released from the Department of Corrections and, presumably, into the custody of federal authorities. *See Plaintiff's Complaint, ¶ 9 (Facts and Travel).* Clearly, less than forty-eight (48) hours expired between the time when Hernandez's state charges were cleared – June 21, 2005 – and the time when he was transferred to federal custody – June 22, 2005. Based upon the elapse of approximately twenty-four (24) hours from the time Hernandez cleared his state charges to the time Hernandez was transferred to federal custody, it is clear that as a matter of law, the State Defendants did not violate the forty-eight (48) hour provision of 8 CFR § 287.7. Accordingly, Count VI must be dismissed.

## V. <u>CONCLUSION</u>

For the reasons articulated, the State Defendants respectfully submit that its Motion to Dismiss be granted. In the event that only state tort claims remain, the State Defendants respectfully request that this Honorable Court decline to exercise supplemental jurisdiction.

DEFENDANT
STATE OF RHODE ISLAND
DEPARTMENT OF CORRECTIONS
AND ASHBEL T. WALL, in his
official capacity

By his Attorney
PATRICK C. LYNCH
ATTORNEY GENERAL

Michael W. Field, # 5809
Special Assistant Attorney General
150 South Main Street
Providence, Rhode Island 02903
Ph (401) 274-4400 ext. 2380
Fax (401) 222-2995

**CERTIFICATION**

I hereby certify that the instant Memorandum was mailed via first class postage prepaid on the 15 day of June, 2006, to the following individuals:

Daniel J. McKinnon, Esq.
McKinnon & Harwood
1168 Newport Avenue
Pawtucket, RI 02861

Robin E. Feder., Esq.
United States Attorney Office
Fleet Center
50 Kennedy Plaza, 8th Floor
Providence, RI 02903