UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| EDUARDO HERNANDEZ<br>Plaintiff, | : | |
| v. | : | C.A. No. 06-164ML |
| STATE OF RHODE ISLAND<br>and PROVIDENCE<br>PLANTATIONS, ET AL.<br>Defendants. | : | |

**FEDERAL DEFENDANTS' MOTION TO DISMISS**

Federal defendants move to dismiss the within action, for the reasons set forth in the attached memorandum of law.

Respectfully submitted,

ROBERT CLARK CORRENTE
United States Attorney

ROBIN E. FEDER (#3415)
Assistant United States Attorney
Fleet Center
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
(401) 709-5000
(401) 709-5017 (fax)

OF COUNSEL:
Scott A. Whitted
Assistant Legal Advisor
Department of Homeland Security

**CERTIFICATE OF SERVICE**

I hereby certify that on this the 21st day of June, 2006, a copy of the within was served by first class mail, postage pre-paid as follows:

Daniel J. McKinnon, Esq.
McKinnon & Harwood
1168 Newport Avenue
Pawtucket, RI 02861

Nancy A. A. Quinzio [signature]

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| EDUARDO HERNANDEZ<br>Plaintiff, | : | |
| v. | : | C.A. No. 06-164ML |
| STATE OF RHODE ISLAND<br>and PROVIDENCE<br>PLANTATIONS, ET AL.<br>Defendants. | : | |

**MEMORANDUM IN SUPPORT OF FEDERAL**
**DEFENDANTS' MOTION TO DISMISS**

In support of their motion to dismiss for lack of jurisdiction, defendants U. S. Citizen and Immigration Services Department (sic) and Eduardo Aguirre, Jr., Director of the U.S. Citizen and Immigration Services Department (sic), in his official capacity (the United States or the Federal defendants), by and through undersigned counsel, assert the following:[1]

**INTRODUCTION**

Plaintiff brings this action pursuant to 42 U.S.C. § 1983, 8 CFR § 287.7 and State of Rhode Island tort law as a result of his arrest by State officials and confinement at the State Department of Corrections, allegedly pursuant to an INS detainer. This Court lacks jurisdiction over plaintiff's complaint against the Federal defendants because plaintiff failed to file an administrative claim with the agency and there is no cause of action against the Federal

[1] The proper name of the agency is the Bureau of Citizenship and Immigration Services of the United States Department of Homeland Security (CIS). Edward Aguirre, Jr., is the former Director of CIS. The current Director is Emilio Gonzalez, who is automatically substituted for Edward Aguirre, Jr., pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure. In any event, the Bureau of Immigration and Customs Enforcement of the Department of Homeland Security (ICE) issued the detainer in question, thus plaintiff has named the incorrect agency as party defendant.

defendants under either 42 U.S.C. § 1983 or 8 CFR § 287.7. Even if such causes of action existed against the Federal government, an immigration detainer alone is insufficient as a matter of law to create jurisdiction supporting a cause of action.

## ALLEGATIONS AND BACKGROUND

Plaintiff alleges that on or about June 16, 2005, at approximately 4:30 p.m., he was taken into the custody of the State of Rhode Island Department of Corrections, as a result of an INS hold. Complaint ¶¶ 1, 2 (Facts and Travel). He also alleges that he remained in State custody until June 22, 2005, at approximately 5:00 p.m., that he is a United States citizen, and that the Federal defendants failed to take him into custody within "the prescribed 48 hour time period." Id. at ¶¶ 7 - 9 (Facts and Travel).

## STANDARD OF REVIEW

The United States' motion to dismiss is brought pursuant to Rule 12(b)(1), lack of subject matter jurisdiction. Once subject matter jurisdiction has been questioned, it is the plaintiff's burden to establish, by competent proof, that jurisdiction in fact exists. Pejepscot Industrial Park, Inc. v. Maine Central Railroad Co., 215 F.3d 195, 200 (1st Cir. 2000); Murphy v. United States, 45 F.3d 520, 522 (1st Cir. 1995); Bank One Texas, N.A. v. Montle, 964 F.2d 48, 50 (1st Cir. 1992). "No presumption of truthfulness attaches to the [plaintiff's] allegations [of jurisdiction]." Media Duplication Services, Ltd. v. HDG Software, Inc., 928 F.2d 1228, 1235 (1st Cir. 1991). Matters outside the pleadings can be presented to and considered by the court in ruling upon a motion to dismiss for lack of subject matter jurisdiction. Gonzalez v. United States, 284 F.3d 281, 288 (1st Cir. 2002); Dynamic Image Technologies, Inc. v. United States, 221 F.3d 34, 37 (1st Cir. 2000). "District courts have wide discretion to determine which procedures to employ

in resolving the jurisdictional issue." Bank One, Texas, 964 F.2d at 51.

## ARGUMENT

### I. PLAINTIFF FAILED TO FILE AN ADMINISTRATIVE CLAIM

It is well established that an action may not be maintained against the United States without its consent. United States v. Mitchell, 445 U.S. 535 (1980); Dalehite v. United States, 346 U.S. 15, 30 (1953); Larson v. Domestic and Foreign Commerce Corp., 337 U.S. 682 (1949). Absent a waiver of sovereign immunity, a court is without subject matter jurisdiction to proceed. United States v. Testan, 424 U.S. 392, 399 (1976); United States v. King, 395 U.S. 1, 4 (1969). Statutes which waive sovereign immunity must be strictly construed in favor of the United States. United States v. Sherwood, 312 U.S. 584, 590 (1941); United States v. Mitchell, 445 U.S. at 538; Ware v. United States, 626 F.2d 1278, 1286 (5th Cir. 1980); Skwira v.United States, 344 F 3d 64, 73-74 (1st Cir. 2003). The starting point for any analysis of jurisdiction in a lawsuit against the United States is the applicable statutory waiver of sovereign immunity. "[T]he terms of its waiver ... define the parameters of a federal court's subject matter jurisdiction to entertain suits brought against it." Id.

This Court has not acquired subject matter jurisdiction over plaintiff's claims for false imprisonment (Count I) and negligent and reckless disregard in issuing an INS detainer (Count IV) against the Federal defendants under the Federal Torts Claims Act. Plaintiff has failed to file an administrative claim in accordance with 28 U.S.C. § 2675, which provides in pertinent part:

> (a) An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or

> omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

Id.

As noted, a properly adjudicated administrative claim is a jurisdictional prerequisite to filing an action under the FTCA and the requirement cannot be waived. United States v. Kubrick, 444 U.S. 111, 117-18 (1979); Cascone v. United States, 370 F.3d 95, 103 (1st Cir. 2004); Skwira, 344 F 3d at 71; Corte-Real v. United States, 949 F.2d 484 (1st Cir. 1991). Jurisdiction must exist at the time the complaint is filed. Keene v. United States, 508 U.S. 200, 208 (1993). An FTCA action may not be maintained when the claimant fails to exhaust her administrative remedies prior to filing suit. McNeil v. United States, 508 U.S. 106, 109 (1993). Plaintiff has never submitted an administrative claim to the Department of Homeland Security, therefore, Counts I and IV against the Federal defendants must be dismissed for lack of jurisdiction. See, Declaration of Scott A. Whitted, attached as Exhibit A.

## II. THERE IS NO CAUSE OF ACTION AGAINST THE FEDERAL DEFENDANTS UNDER 42 U.S.C. § 1983

The Civil Rights Act, 42 U.S.C. § 1983, provides a cause of action against State or local officials who deprive an individual of his or her constitutional or statutory rights. A plaintiff cannot bring a § 1983 suit against someone who was allegedly acting under color of federal law. See, Redondo-Borges v. United States Dep't of Housing and Urban Development, 421 F.3d 1, 6 (1st Cir. 2005); Rogers v. Vicuna, 264 F.3d 1, 4 (1st Cir. 2001) ("Section 1983 applies to persons acting 'under color of state law' and not to persons acting pursuant to federal law."). Even if such a cause of action against the Federal government were entertained by the Court, it would be

barred because the government has not waived its sovereign immunity for so-called "constitutional torts." FDIC v. Meyer, 510 U.S. 471, 484-486 (1994). See also, Tapia-Tapia v. Potter, 322 F.3d 742, 745-746 (1st Cir. 2003).

The claim against Mr. Aguirre in his official capacity is similarly barred. The real party in interest in an official-capacity suit is a government agency, not an employee. See, Kentucky v. Graham, 473 U.S. 159, 165-166 (1985) ("An official-capacity suit is, in all respects other than name, to be treated as a suit against the entity. It is *not* a suit against the official personally, for the real party in interest is the entity.") (citation omitted). See also, McCarthy v. Azure, 22 F.3d 351, 359 (1st Cir. 1994) ("An official capacity suit is, in essence, 'another way of pleading an action against an entity of which an officer is an agent.'") (citation omitted). Because plaintiff cannot maintain an action against the Federal defendants under 42 U.S.C. § 1983, Counts II and III as against the Federal defendants must be dismissed.

## III. THE UNITED STATES HAS NOT WAIVED ITS SOVEREIGN IMMUNITY TO ALLOW A CAUSE OF ACTION TO BE BROUGHT AGAINST THE FEDERAL DEFENDANTS UNDER 8 CFR § 287.7

As demonstrated, absent a waiver of sovereign immunity, a court is without subject matter jurisdiction to proceed. United States v. Testan, 424 U.S. 392, 399 (1976). Because 8 CFR § 287.7 is not "a statute with respect to which the United States has waived its sovereign immunity," plaintiff's claims in Counts V and VI are therefore barred. See, e.g., Rogers v. Vicuna, 264 F.3d 1, 4 (1st Cir. 2001).

## IV. PLAINTIFF'S CLAIM FAILS TO STATE A CAUSE OF ACTION AGAINST THE FEDERAL DEFENDANTS

Even if there were jurisdiction to entertain plaintiff's claims under State tort law, the

Civil Rights Act, 42 U.S.C. § 1983 or 8 CFR § 287.7, the claims would have to be dismissed as they fail to state a cause of action.[2]

The filing of a detainer is an informal process advising prison officials that a prisoner is wanted on other pending charges and requesting notification prior to the prisoner's release. Orozco v. INS, 911 F.2d 539, 541 (11th Cir. 1990), citing United States v. Shahryar, 719 F.2d 1522, 1524, n.3 (11th Cir. 1983). See also, Campillo v. Sullivan, 853 F.2d 593 (8th Cir. 1988) (The detainer, however, does not purport to effect plaintiff's status as a sentenced federal offender, but merely notifies prison officials that a decision regarding his alien status will be made by immigration authorities at some future date). In the case at bar, the detainer specifically indicated that an "[i]nvestigation has been initiated to determine whether this person is subject to removal from the United States." See, detainer, attached to plaintiff's complaint.

The filing of a detainer, standing alone, does not cause a petitioner to come within the custody of immigration authorities.[3] Zolicoffer v. United States Dep't of Justice, 315 F. 3d 538 (5th Cir. 2003); Orozco v. INS, 911 F.2d 539, 540 (11th Cir. 1990) (Immigration authorities indicate that they will take petitioner into custody after he is released from state prison and then begin deportation proceedings.). Virtually every jurisdiction which has addressed the issue has

---

[2] The standard of review on a motion to dismiss for failure to state a claim under Rule 12(b)(6) is well-known to the Court and not repeated here.

[3] The case law generally refers to the legacy Immigration and Naturalization Service (INS). On March 1, 2003, the INS was abolished and its functions were transferred from the Department of Justice to the Department of Homeland Security. The Bureau of Immigration and Customs Enforcement is the agency within the Department of Homeland Security that is responsible for the enforcement functions previously entrusted to the INS. As the relevant events in the instant case took place prior to the abolition of the INS, the Federal defendants refer to the agency as "ICE" or "immigration authorities" for the sake of clarity.

concluded that an immigration detainer does NOT constitute custody. See, e.g., Lepez-Mejia v. INS, 798 F. Supp. 625, 627 (C.D. Cal. 1992); Prieto v. Gluch, 913 F.2d 1159, 1162-64 (6th Cir. 1990); Orozco, 911 F.2d at 540; Mohammed v. Sullivan, 866 F.2d 258 (8th Cir. 1989); Campillo at 595; United States ex. rel. Marcello v. District Director of INS, 634 F.2d 964 (5th Cir. 1981); Topazov v. INS, 929 F. Supp. 479 (D.D.C. 1996); Thompson v. INS, 941 F. Supp. 30 (W.D.N.Y. 1996); Deutsch v. INS, 943 F. Supp. 276 (W.D.N.Y. 1996); Kaur v. Connery, 1993 WL127213 (S.D.N.Y. 1993); Esguerra v. United States, 1993 WL 121789 (N.D. Cal. 1993); Soler v. INS, 749 F. Supp. 1011 (N.D. Ariz. 1990); D'Ambrosio v. INS, 710 F. Supp. 269 (N.D. Cal. 1989).

Plaintiff alleges that he was in State custody from June 16, 2005, to June 22, 2005, when he was released. In fact, he alleges that the Federal defendants did *not* take him into custody." Complaint ¶ 9 (Facts and Travel).[4] He does not allege that he was in the custody of the Federal defendants. Although he alleges that he was in State custody on an immigration detainer, the detainer is insufficient, as a matter of law, to bring an individual within the custody of the United States.

Moreover, plaintiff was taken into State custody on June 16, 2006, because he was arrested and detained on a bench warrant for failure to appear relative to an earlier criminal charge of driving without a license. He remained in State custody because he did not post bail.

[4] Plaintiff has misconstrued the language in 8 CFR § 287.7(d), which provides that "Upon a determination by the Department to issue a detainer for an alien *not otherwise detained* by a criminal justice agency, such agency shall maintain custody of the alien for a period not to exceed 48 hours, excluding Saturdays, Sundays, and holidays in order to permit assumption of custody by the Department." (Emphasis supplied). Plaintiff was otherwise detained on State charges until June 22, 2005. As plaintiff alleges that he was released on June 22, 2005, the cited provision does not apply.

He was released from State custody on June 22, 2005, after proceedings in the State case and after making pertinent payments. See, motion to dismiss and supporting documents, filed by the State defendants on June 15, 2006.

As noted above, the detainer issued by ICE to the ACI regarding Hernandez was insufficient to bring him within the custody of ICE, and, if the Court entertains plaintiff's claims based on the detainer, they must be dismissed.

## CONCLUSION

WHEREFORE, for all of the foregoing reasons, plaintiff's Complaint should be dismissed.

Respectfully submitted,

ROBERT CLARK CORRENTE
United States Attorney

ROBIN E. FEDER
Assistant U.S. Attorney
Fleet Center
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
(401) 709-5000
(401) 709-5017 (fax)

OF COUNSEL:
Scott A. Whitted
Assistant Legal Advisor
Department of Homeland Security

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing were served by first class mail, by mailing a true and correct copy of the following this 21st day of June, 2006:

Daniel J. McKinnon, Esq.
McKinnon & Harwood
1168 Newport Avenue
Pawtucket, RI 02861

Nancy A. DeAmuzzo