the courts or tribunals of the state, including those emanating from a public prosecutor, a clerk of a court or a process server;

(ii) Administrative documents;

(iii) Notarial acts; and

(iv) Official certificates which are placed on documents signed by persons in their private capacity, such as official certificates recording the registration of a document or the fact that it was in existence on a certain date, and official and notarial authentication of signatures.

(4) In accordance with the Convention, the following are deemed not to be public documents, and thus are subject to the more stringent requirements of §287.6(b) above:

(i) Documents executed by diplomatic or consular agents; and

(ii) Administrative documents dealing directly with commercial or customs operations.

(d) *Canada.* In any proceedings under this chapter, an official record or entry therein, issued by a Canadian governmental entity within the geographical boundaries of Canada, when admissible for any purpose, shall be evidenced by a certified copy of the original record attested by the official having legal custody of the record or by an authorized deputy.

[50 FR 37834, Sept. 18, 1985, as amended at 54 FR 39337, Sept. 26, 1989; 54 FR 48851, Nov. 28, 1989]

### § 287.7 Detainer provisions under section 287(d)(3) of the Act.

(a) *Detainers in general.* Detainers are issued pursuant to sections 236 and 287 of the Act and this chapter 1. Any authorized immigration officer may at any time issue a Form I-247, Immigration Detainer-Notice of Action, to any other Federal, State, or local law enforcement agency. A detainer serves to advise another law enforcement agency that the Department seeks custody of an alien presently in the custody of that agency, for the purpose of arresting and removing the alien. The detainer is a request that such agency advise the Department, prior to release of the alien, in order for the Department to arrange to assume custody, in situations when gaining immediate physical custody is either impracticable or impossible.

(b) *Authority to issue detainers.* The following officers are authorized to issue detainers:

(1) Border patrol agents, including aircraft pilots;

(2) Special agents;

(3) Deportation officers;

(4) Immigration inspectors;

(5) Adjudications officers;

(6) Immigration enforcement agents;

(7) Supervisory and managerial personnel who are responsible for supervising the activities of those officers listed in this paragraph; and

(8) Immigration officers who need the authority to issue detainers under section 287(d)(3) of the Act in order to effectively accomplish their individual missions and who are designated individually or as a class, by the Commissioner of CBP, the Assistant Secretary for ICE, or the Director of the BCIS.

(c) *Availability of records.* In order for the Department to accurately determine the propriety of issuing a detainer, serving a notice to appear, or taking custody of an alien in accordance with this section, the criminal justice agency requesting such action or informing the Department of a conviction or act that renders an alien inadmissible or removable under any provision of law shall provide the Department with all documentary records and information available from the agency that reasonably relates to the alien's status in the United States, or that may have an impact on conditions of release.

(d) *Temporary detention at Department request.* Upon a determination by the Department to issue a detainer for an alien not otherwise detained by a criminal justice agency, such agency shall maintain custody of the alien for a period not to exceed 48 hours, excluding Saturdays, Sundays, and holidays in order to permit assumption of custody by the Department.

(e) *Financial responsibility for detention.* No detainer issued as a result of a determination made under this chapter I shall incur any fiscal obligation on