**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| EDUARDO HERNANDEZ | : | |
| | : | |
| VS. | : | CA NO. 06CV-0164ML |
| | : | |
| STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS and; DEPARTMENT OF CORRECTIONS and; ASHBEL T. WALL, Director of the Department of Corrections in his Official Capacity, and; JOHN DOE, Director of the Department of Corrections Intake Center, in his Official Capacity and; THE U.S. CITIZEN AND IMMIGRATION SERVICES DEPARTMENT and; EDUARDO AGUIRRE, JR., Director of the U.S. Citizen and Immigration Services Department, in his Official Capacity | : | |

**MEMORANDUM IN SUPPORT OF OBJECTION**
**TO DEFENDANTS' MOTION TO DISMISS**

NOW COMES your Plaintiff, Eduardo Hernandez, and OBJECTS to Defendants' motion to dismiss. In support of the objection, Plaintiff states as follows:

## INTRODUCTION

Plaintiff argues that both Federal Defendants' and State Defendants' motion to dismiss should fail as it does not afford the opportunity for plaintiff to conduct the necessary and proper discovery to reveal the causality of plaintiff's false imprisonment.

## I. RULE 12(b) LEGAL STANDARD

The sole function of a 12(b) motion is to challenge the sufficiency of the complaint. Goldstein v. Rhode Island Hosp. Trust Nat'l Bank, 110 R.I. 580, 585, 296 A.2d 112, 115 (1972) (citing Palazzo v. Big G. Supermarkets, Inc., 110 R.I. 242, 292 A.2d 235 (1972)). For the

purposes of a motion made to dismiss a claim with the Trial Court, the trial justice assumes that the allegations in the complaint are true, and views them in the light most favorable to plaintiff. **Builders Specialty Co. v. Goulet, 639 A.2d 59, 60 (1994)** (citing Ellis v. Rhode Island Pub. Transit Auth., 586 A.2d 1055, 1057 (1991)). Accordingly, a Rule 12(b) motion should only be granted when it is clear beyond a reasonable doubt that a plaintiff would not be entitled to any relief under any set of facts provable under the complaint. This is clearly not the case at present (see attached affidavit, exhibit A, for a sworn recitation of the facts surrounding the present case). Additionally, "vagueness, lack of detail, conclusionary statements, or failure to state facts or an ultimate fact, or even facts sufficient to constitute a cause of action" are not in and of themselves fatal defects. Forecaster of Boston, Inc. v. Woonsocket Sponging, Co., 505 A.2d 1379, 1380 (1986).

A defendant's 12(b) motion is granted only when it is clear beyond a reasonable doubt that a plaintiff would not be entitled to relief under any set of facts provable under the complaint. In reviewing the granting of such a motion, the reviewing court need examine the allegations contained in the plaintiffs complaint, assume them to be true, and view them in the light most favorable to the plaintiff.

## II. STATE CLAIMS OF FALSE IMPRISONMENT UNDER *§8 CFR 287.7*

Defendants, STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS, DEPARTMENT OF CORRECTIONS, ASHBEL T. WALL, Director of the Department of Corrections in his Official Capacity, and; JOHN DOE, Director of the Department of Corrections Intake Center, in his Official Capacity,

here forth referred to as "STATE DEFENDANTS," have asserted that Plaintiff Eduardo Hernandez was not held in the Adult Correctional Institution pursuant to ***§8 CFR 287.7,*** but rather asserts that Plaintiff was held as a result of an outstanding bench warrant. (*See pg. 8, State Defendants' Memorandum*)

It is Plaintiff's position that State Defendants' contention is factually inaccurate. A review of the circumstances (see attached Exhibit A, Plaintiff's affidavit), along with the supporting Department of Corrections' documents (see attached exhibits B and C) reveal that Plaintiff was not incarcerated based on an outstanding bench warrant or a failure to post bail. Plaintiff had on his person sufficient money to post the bail that was required by the court on June 16, 2005. Accordingly, Plaintiff desired and requested to post his bail on the 16th of June and was denied the opportunity to do so based on the issuance of the Immigration Detainer – Notice of Action (see Exhibit D). According to Defendant's own set of facts proffered in their own memorandum of law, on June 16th "the Sixth District Court issued a Mittimus Order directing that Hernandez be taken into the Department of Corrections' custody and held on $311.50 cash bail." (See pg 8 State Defendants' Memorandum) However, a review of the attached Exhibits B and C reveal that Plaintiff had $588.55 on his person at the time of his incarceration. In accordance with this fact, Plaintiff avers that he desired to pay his bail but was not allowed to do so because of the Immigration Detainer – Notice of Action. Therefore it can only be that Plaintiff was not held in the Department of Corrections because of the Mittimus Order but rather as a result of the Immigration Detainer – Notice of Action.

## III. VIOLATION OF THE TERMS OF *§8 CFR 287.7*

According to ***§8 CFR 287.7*** an "Immigration Detainer – Notice of Action" requires that the Department of Corrections (the detaining body) detain an individual for a period not to exceed 48 hours (excluding holidays and weekends) in order to provide adequate time for INS[1] to assume custody of the Plaintiff (see attached Exhibit E, ***§8 CFR 287.7***). In the instant case, Plaintiff Eduardo Hernandez, was detained by the Department of Corrections for a period of seven days from June 16, 2005 through June 22, 2005.

In detaining Eduardo Hernandez for this period of time, the State Defendants (individually and/or collectively) deprived Plaintiff of his civil rights and liberty. The extent to which any one defendant within the group of "State Defendants" is liable for this deliberate indifference and/or gross neglect to clearly mandated policy put forth in the Immigration Detainer – Notice of Action (see Exhibit D) cannot be ascertained without proper discovery.

For the aforementioned reasons Plaintiff states State Defendants Motion to Dismiss this claim should be DENIED.

## IV. FEDERAL CLAIMS OF FALSE IMPRISONMENT UNDER *§8 CFR 287.7* AND NEGLIGENCE IN ISSUANCE OF THE IMMIGRATION DETAINER – NOTICE OF ACTION.

[1] *On March 1, 2003, service and benefit functions of the U.S. Immigration and Naturalization Service (INS) transitioned into the Department of Homeland Security (DHS) as the U.S. Citizenship and Immigration Services (USCIS).*

For similar reasons as stated above in section (a) and (b) of this Objection to State Defendants' Motion to Dismiss, Plaintiff contends that the Federal Government, more specifically The Bureau of Citizenship and Immigration Services of the United States Department of Homeland Security (hereforth substituted for THE U.S. CITIZEN AND IMMIGRATION SERVICES DEPARTMENT) and Emilio Gonzalez, who is automatically substituted for Edward Aguirre Jr., pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, caused through gross negligence and deliberate indifference Plaintiff, Eduardo Hernandez, to remain incarcerated for seven days.

The initial issuance of the Immigration Detainer – Notice of Action was a result of gross negligence on the part of the above Federal Defendants. Simple research would have revealed that Plaintiff, Eduardo Hernandez, is a United States Citizen. He was born in the United States and has a social security card and number (see exhibit F). He also has a U.S. birth certificate (see exhibit G). It is Plaintiff's contention that "but for" the issuance of the Immigration Detainer – Notice of Action, he would not have been incarcerated.

Additionally, it was gross negligence on the part of The Bureau of Citizenship and Immigration Services of the United States Department of Homeland Security in their unreasonable delay in investigating the Plaintiff detainee. According to ***§8 CFR 287.7(d)*** a detaining agency "…shall maintain custody of the alien for a period not to exceed 48 hours, excluding Saturdays, Sundays, and holidays in order to *permit assumption of custody by the department* [emphasis added]." Implicit in this section of the Code of Federal Regulations is the

understanding that once an alien is detained, there rests an obligation upon The Bureau of Citizenship and Immigration Services to assume custody of the alien within 48 hours. Neglect to do so, in this instance, resulted in Plaintiff's prolonged and unjustified incarceration from June 16, 2005 through June 22, 2005.

The extent to which any Federal Defendant is liable for these deliberate indifferences and gross neglects towards the plain language of the Code of Federal Regulations, its implications, and for the improper issuance of the Immigration Detainer – Notice of Action, cannot be ascertained without first allowing the Plaintiff the proper discovery.

For the aforementioned reasons Plaintiff states that Federal Defendants' Motion to Dismiss this claim should be DENIED.

## V. JURISDICTION OVER FEDERAL DEFENDANTS

In Federal Defendants' memorandum in support of their motion to dismiss the above action, Defendants' state that, "This Court lacks jurisdiction over plaintiff's complaint against the Federal defendants because plaintiff failed to file an administrative claim with the agency." Regarding this procedural issue, Plaintiff asserts that it is in the process of filing an administrative claim with the appropriate authorities within the Department of Homeland Security. If this Court sees fit not to assert jurisdiction over the Federal Defendants in this matter, at this time, Plaintiff requests that this does not impact this Court's ability to assert jurisdiction over the parties and claims within the complaint at the appropriate time.

**CONCLUSION**

WHEREFORE, for the foregoing reasons, Plaintiff maintains that Defendants' motions to dismiss be DENIED.

Respectfully submitted,

/s/Daniel J. McKinnon

___________________________

Daniel J. McKinnon (#6624)
McKinnon & Harwood
1168 Newport Avenue
Pawtucket, RI 02861
P: 723-9655
F: 722-9106