# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

EDUARDO HERNANDEZ
Plaintiff

VS

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS, and

DEPARTMENT OF CORRECTIONS, and

ASHBEL T. WALL, Director of the Department Of Corrections; in his official capacity, and

JOHN DOE (ONE), Warden of the Department Of Corrections Intake Service Center, in his official and individual capacity and;

JOHN DOE (TWO), a/k/a "bailiff", Alias John Doe, in his official and individual capacity, and

JOHN DOE (THREE) a/k/a "First Guard On Duty" Alias John Doe, in his official and individual capacity

JOHN DOE (FOUR) a/k/a "Second Guard On Duty" Alias John Doe, in his official and individual capacity

JANE DOE (FIVE) a/k/a "Female Guard on Duty") Alias John Doe, in his official and individual capacity

JOHN DOE (SIX) a/k/a "Authority Figure On Duty " Alias John Doe, in his official and individual capacity

C.A. NO: 06-164ML

JOHN DOE (SEVEN) a/k/a "Correctional Officer") )
Alias John Doe, in his official )
and individual capacity )
)
JOHN DOE (EIGHT) a/k/a "Employee Assigning PIN's" )
Alias John Doe, in his official )
and individual capacity )
)
JOHN DOE(S) (NINE) a/k/a "Unidentifiable Guards on Duty") )
Alias John Doe, in his official )
and individual capacity )

## AMENDED COMPLAINT

Plaintiff, Eduardo Hernandez, alleges:

## STATEMENT OF JURISDICTION

1. This action arises under the United States Constitution, particularly under the Fourth, Fifth, Eighth, and Fourteenth Amendments and Federal Law as applied under 42 U.S.C.A. §1983.

   a. Venue is proper in the District of Rhode Island under 28 U.S.C. §1391(e) because of the following:

   b. One or more defendants reside within this Federal District;

   c. A substantial part of the events or omissions giving rise to the claim occurred within this Federal District;

   d. The plaintiff resides within this Federal District; and

   e. At all material times the Defendants acted under color of law.

2. Each Defendant identified within this Amended Complaint is sued collectively, individually, and severally, as follows

## PARTIES

3. Plaintiff, Eduardo Hernandez, is now, and at all times mentioned in this complaint was, **a United States Citizen, born in the United States**, and a resident of Pawtucket, Rhode Island, located in Providence County, and residing at 25 Nickerson Street, Pawtucket, Rhode Island., was born in California, USA, on November 6, 1982 (Nineteen Hundred and Eighty-two), of Guatemalan descent.

4. The Defendant, STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS, is and was the employer of all other co-defendants, and was otherwise responsible to ensure that each Defendant performed his/her/its job in a good and workmanlike fashion.

5. The Defendant DEPARTMENT OF CORRECTIONS, is now, and at all times mentioned in this complaint was, an agency of the State of Rhode Island, and is physically present within the County of Providence, State of Rhode Island.

6. The Defendant, ASHBEL T. WALL, sued herein in his official capacity, at all times material to this Complaint is and was the Director of the Department of Corrections, State of Rhode Island, and had the overall duty to ensure performance of those statutory duties established by the Rhode Island General Laws (herein "R.I.G.L.") §42-56 et. seq.

7. The Defendant, JOHN DOE (ONE), is sued herein in his official and individual capacities, and at all times material to this Complaint is and was the Warden of the Prison for the State of Rhode Island, and had the duty within the Prison to establish, implement, manage, maintain, supervise and/or control a manner in which detained individuals could post bail on those cases for which bail was established by a court of law.

8. The Defendant, JOHN DOE (TWO), a/k/a "bailiff", is sued herein in his official and individual capacities, and at all times material to this Complaint is and was the individual escorting Plaintiff out of the court room on June 16, 2005, into a small appearing cell with bars within the Courthouse; Said "bailiff" is also identified by a State of Rhode Island Sheriff badge identification number "158".

9. The Defendant, JOHN DOE (THREE), a/k/a "First Guard on Duty", is sued herein in his official and individual capacities, and at all times material to this Complaint is and was an individual present at or near a larger appearing cell within the Courthouse on June 16, 2005 after the Plaintiff was escorted from the court room by JOHN DOE (TWO); Said JOHN DOE (THREE), a/k/a "First Guard on Duty," appeared skinny, tall, with blondish hair, and in his mid-30's.

10. The Defendant, JOHN DOE (FOUR), a/k/a "Second Guard on Duty", is sued herein in his official and individual capacities, and at all times material to this Complaint is and was an individual present in or near a large cell within the Courthouse on June 16, 2005; Said

JOHN DOE (FOUR), appeared skinny, tall, with blondish hair and in his mid-30's, over-weight, also in his mid-30's, with black hair, a dark uniform, and no facial hair.

11. The Defendant, JANE DOE (FIVE), a/k/a "Female Guard On Duty," is sued herein in her official and individual capacities, and at all times material to this Complaint is and was the individual present in the Prison whom took initial entrance information from the Plaintiff upon his imprisonment on June 16, 2005.

12. The Defendant, JOHN DOE (SIX), a/k/a "Authority Figure On Duty," is sued herein in his official and individual capacities, and at all times material to this Complaint is and was the individual that took the Plaintiff's fingerprints upon his incarceration at the Prison on June 16, 2005.

13. The Defendant or Defendants, JOHN DOE (SEVEN) a/k/a "Correctional Officer" is sued herein in his official and individual capacities, and at all times material to this Complaint is and was the individual at the Prison whom took possession of the Plaintiff's sandals.

14. The Defendant, JOHN DOE (EIGHT), a/k/a "Employee Assigning PIN's" is sued herein in his official and individual capacities, and at all times material to this Complaint is and was the individual whom met with the Plaintiff for the purposes of assigning Plaintiff a personal identification number (herein "PIN") for use with the telephone.

15. The Defendant or Defendants, JOHN DOE (NINE) a/k/a "Unidentifiable Guards on Duty" is/are sued herein in his/her/their official and individual capacities, and at all times material to this Complaint is/was/are the individual(s) at the Prison whom refused to accept or otherwise review the Plaintiff's United States Passport and/or California birth Certificate when those documents were brought to the Prison by third-parties at Plaintiff's direction.

## COMMON FACTS

16. At all material times, the circumstances of this particular case did not involve a border detention of the Plaintiff.

17. At all material times, the United States was engaged in a war, however the nature of the war was not such that the security of the United States of America was threatened by any person of Hispanic or Guatemalan national origin.

18. At all times relevant herein, the conduct of all Defendants was subject to 42 U.S.C. §1983, 1985, 1986, and 1988.

19. On June 15, 2005, the Plaintiff was taken into custody by certain Police Officers for the City of Pawtucket, State of Rhode Island (herein "Police") for reasons related to the operation of a motor vehicle.

20. The Plaintiff had on his possession $588.55 in United States Currency, a wallet, glasses, keys, a State of Texas Identification Card, a necklace, a belt, and clothes upon his person (collectively "Property") when taken into custody by the Police.

21. As a result of an arrest and booking of the Plaintiff, the Police verified the accuracy of the Plaintiff's identification information, confirmed the Plaintiff's place of birth as California, confirmed his ethnicity as not Hispanic, electronically checked with all State and Federal Law Enforcement Agencies determining that Plaintiff owed fines on a prior Rhode Island motor vehicle offense and was not wanted by any Federal Law Enforcement Agency, and verified that Plaintiff owned the motor vehicle he was driving.

22. On June 16, 2005, the Police transported the Plaintiff to the State of Rhode Island's Sixth Division District Court House (herein "Courthouse"), located a One Dorrance Plaza, Providence, Rhode Island.

23. At all material times, the **Plaintiff was not an "alien"** (herein "Alien") as that term is used or otherwise defined by the United States Code of Federal Regulations (herein "CFR"), or by the Laws of the United States pursuant to 8 United States Code (herein "USC") §1101, since Plaintiff was born in California as a United States Citizen.

24. Also on June 16, 2005, an "Immigration Detainer – Notice of Action") (herein "Detainer") had issued from the Providence Rhode Island office of the United States Bureau of Immigration and Customs Enforcement of the Department of Homeland

Security (herein "ICE" or "Immigration"), located at 200 Dyer Street, Providence, Rhode Island, instructing the Defendants to detain a certain Alien with the same name as the Plaintiff, however born on November 6, 1932 (Nineteen Hundred and Thirty-two), of unknown, "?", Nationality for 48-hours, consistent with ***§8 CFR 287.7.***

25. A true and accurate copy of the Detainer is attached hereto and made incorporated by reference as Exhibit A, as if set forth fully herein.

26. Plaintiff further avers that the Detainer cites to the Code of Federal Regulations, more specifically ***§8 CFR 287.7*** which reads, in pertinent part, that the detaining agency "…shall maintain custody of the **alien** [emphasis added]..." consistent with the Code of Federal Regulations.

27. At all material times, no Rhode Island Statute directed the Defendants maintain custody of a United States Citizen pursuant to an immigration Detainer.

28. At all material times, no Rhode Island Regulation directed the Defendants maintain custody of a United States Citizen pursuant to an immigration Detainer.

29. At all material times, no Federal Statute directed the Defendants maintain custody of a United States Citizen pursuant to an immigration Detainer.

30. At all material times, no Federal Regulation or Code of Federal Regulation directed the Defendants maintain custody of a United States Citizen pursuant to an immigration Detainer.

31. At all material times, the Defendants enforced the Detainer against a Unites States Citizen.

32. At all material times, the Plaintiff was not the person identified in the Detainer, as he was not an "alien" whom also bore the date of birth and Nationality identified in the Detainer.

33. At all material times, the Providence Rhode Island ICE immigration office was located at 200 Dyer Street, Providence, Rhode Island, which is found diagonally across an intersection from the Courthouse, and less than 300 yards from the Courthouse.

34. At all material times, the State of Rhode Island's Adult Correctional Facility, Intake Service Center (herein "Prison") was owned and operated by the State of Rhode Island as a prison, and located on Howard Avenue in Cranston, Rhode Island, and located several miles away from the Courthouse in the adjacent City.

35. At the Courthouse, the Police transferred custody of the Plaintiff and his Property into the custody of the State of Rhode Island and/or some or all of the Defendants identified in this Amended Complaint.

36. At all times material to this complaint, the Plaintiff had over $580.00 of cash funds within his Property while in custody of the Defendants at the Courthouse and at Prison.

37. At all material times, the Plaintiff was ready, willing, able to post or otherwise pay bail by virtue of the funds within his Property, but for the restrictions placed on the Plaintiff's liberty and freedom of movement by the Defendants.

38. At all material times, the posting of bail should have precipitated the immediate release of the Plaintiff

39. At all material times, the Plaintiff indicated intent to post or otherwise make bail.

40. On June 16, 2005, cash bail for the Plaintiff was set in the amount of $311.50.

41. At all material times the Plaintiff, either directly or indirectly through others, on different days, dates, and times, indicated to the Defendants that he was a United States Citizen.

42. The manners in which the Plaintiff indicated to the Defendant, on different days, dates, and times, either directly or through others, that he was a United States Citizen consisted of all or a combination of some of the following of the following: Processing and identification by the City of Pawtucket Police Department; Presentment of Plaintiff's State of Texas identification card; Uttering his name, address, date and place of birth, social security number, and fact of United States Citizenship; Presentment of his United

States Passport; Presentment of his State of California Birth Certificate; Presentment of his United States Social Security Card.

43. At all material times, the Defendants, jointly or severally, or jointly and severally, were a "criminal justice agency" as that terminology is used by the United States Code of Federal Regulations (herein "CFR"), ***8 CFR §287.7(d)*** (herein "Criminal Justice Agency").

44. At all material times, the Plaintiff had the right to utilize his own funds in order to establish certain circumstances under which he would not be "otherwise detained," as that terminology is used by ***8 CFR 287.7(d)*** (herein "Otherwise Detained")**,** by a Criminal Justice Agency, *to wit*, the Defendants.

45. At all material times, the Plaintiff was not ordered to serve any period of incarceration while within the Defendants' custody or while otherwise imprisoned by the Defendants either in the Courthouse or at the Prison.

46. Plaintiff was imprisoned by the Defendants on June 16, 2005 at the Courthouse.

47. Plaintiff was Otherwise Detained by the Defendants on June 16, 2005 at the Courthouse.

48. More specifically, Plaintiff was presented to a District Court Judge in a certain courtroom at the Courthouse on June 16, 2005, and was ordered free by that Judge conditioned upon

the posting of $311.50 in cash bail subsequent to the Plaintiff's plea of *nolo contendere*, his promise to pay court fines and costs, his promise to appear in court for review of his payment of those fines and costs.

49. The court clerk then handed the Plaintiff certain papers with the abbreviation "INS" written next to the amount of Plaintiff's bail, and Plaintiff was then informed that he had an immigration problem.

50. Defendant, JOHN DOE (TWO), a/k/a "bailiff" then began to escort the Plaintiff under custody out of the courtroom.

51. Plaintiff indicated to JOHN DOE (TWO), a/k/a "bailiff" that he wanted to pay the bail.

52. JOHN DOE (TWO) placed the Plaintiff into a small appearing cell with bars in a room adjacent to the courtroom.

53. Plaintiff was subsequently moved from the small appearing cell to a cell appearing larger to the Plaintiff, which also had bars and was within the Courthouse.

54. While still within the Courthouse and while in or near the larger appearing cell, the Plaintiff informed JOHN DOE (THREE) a/k/a "First Guard on Duty", that Plaintiff was a United States Citizen.

55. While still within the Courthouse and while in or near the larger appearing cell, the Plaintiff informed JOHN DOE (FOUR) a/k/a "Second Guard on Duty", that Plaintiff was a United States Citizen and could pay the bail and that Plaintiff did not know what "INS" was for. JOHN DOE (FOUR) advised Plaintiff that he would have to go to Prison because immigration never showed.

56. Plaintiff was in the Courthouse on June 16, 2005 from the morning hours until late afternoon hours; and during this time period, the Immigration office was located diagonal across an intersection from the Courthouse, as previously alleged.

57. At no time while the Plaintiff was in the Courthouse, did any Defendant make an effort to establish the fact of the Plaintiff's United States Citizenship, either through going, with or without the Plaintiff, to Immigration, or through calling Immigration, or through inquiry with the Police, or through their own resources, or through inquiry with the Plaintiff.

58. At no time while the Plaintiff was in the Courthouse, did any Defendant direct or otherwise aid the Plaintiff, within the limitations of custody, to pay bail with the Plaintiff's own funds in his Property.

59. Plaintiff was Otherwise Detained and imprisoned by the Defendants at the Courthouse.

60. Plaintiff was wrongfully Otherwise Detained and imprisoned by the Defendants at the Courthouse.

61. In the late afternoon hours of June 16, 2005, Plaintiff was transported miles away to the Prison.

62. After arriving at the Prison, Plaintiff informed JANE DOE (FIVE), a/k/a "Female Guard on Duty," that Plaintiff was a United States Citizen, and otherwise asked for assistance to resolve the immigration issue.

63. While at the Prison, Plaintiff informed JOHN DOE (SIX), a/k/a "Authority Figure on Duty" the Plaintiff was a United States Citizen, offered his social security number, and otherwise asked for assistance to resolve the immigration issue.

64. While at the Prison, Plaintiff informed JOHN DOE (SEVEN), a/k/a "Correctional Officer" that the Plaintiff was a United States Citizen, and otherwise asked for assistance to resolve the immigration issue.

65. While at the Prison, Plaintiff informed JOHN DOE (EIGHT), a/k/a "Employee Assigning PIN's[1] " that the Plaintiff was a United States Citizen, and otherwise asked for assistance to resolve the immigration issue.

66. While at the Prison, certain their-parties visited the Plaintiff and attempted to inform JOHN DOE(S) (NINE), a/k/a "Unidentifiable Guards on Duty" that the Plaintiff was a

[1] A "PIN" (personal identification number) is necessary for a person imprisoned at Prison to make a phone call to an outside third-party, and customarily takes in excess of one week to obtain.

United States Citizen, and attempted to demonstrate to JOHN DOE(S) (NINE), through presentment of a United States Passport and California birth certificate, and otherwise that Plaintiff was a United States Citizen.

67. At no time while the Plaintiff was in Prison, did any Defendant make an effort to establish the fact of the Plaintiff's United States Citizenship, either through going, with or without the Plaintiff, to Immigration, or through calling Immigration, or through inquiry with the Police, or through their own resources, or through inquiry with the Plaintiff.

68. At no time while the Plaintiff was in Prison, until June 22, 2005, did any Defendant direct or otherwise aid the Plaintiff, within the limitations of custody, to pay bail with the Plaintiff's own funds in his Property.

69. Plaintiff was Otherwise Detained and imprisoned by the Defendants on and after June 16, 2005 at the Prison.

70. Plaintiff was wrongfully Otherwise Detained and imprisoned by the Defendants on and after June 16, 2005 at the Prison.

71. At all material times, from June 16, 2005 until June 21, 2005, the Defendants prevented the Plaintiff from utilizing his own funds in order to establish circumstances under which Plaintiff would not be Otherwise Detained by the Defendants.

72. On June 21, 2005 the Plaintiff, while in Prison, appeared before the Chief Judge for the State of Rhode Island District Court system through videoconference means, and was at that time permitted to post bail.

73. After posting bail, the Defendants imprisoned the Plaintiff at the Prison even though he was no longer Otherwise Detained.

74. Defendants did not release Plaintiff from Prison until June 22, 2005.

75. The Defendants released the Plaintiff from Prison when an ICE agent (herein "Immigration Agent") arrived on June 22, 2005.

76. On June 22, 2005, the Plaintiff was placed into the custody of the Immigration Agent and brought to the ICE located at 200 Dyer Street, Providence, Rhode Island, which is found diagonally across an intersection from the Courthouse, and less than 300 yards from the Courthouse.

77. On June 22, 2005, after listening to the Plaintiff and affording the Plaintiff an opportunity present certain identification document, including without limitation his US passport, certain individuals at Immigration released the Plaintiff.

78. At all material times, the Defendants owed the Plaintiff a duty to direct the Plaintiff to the appropriate means and/or individual to prevent Plaintiff's imprisonment for want or

otherwise lack of bail when a intent and practical ability to post or otherwise pay bail was indicated by the Plaintiff.

79. At all material times, the Defendants owed the Plaintiff a duty to prevent Plaintiff's imprisonment upon the false premise that Plaintiff was an Alien.

80. At all material times, the Defendants had the duty to not enforce the Detainer against a United States Citizen.

81. At all material times, the Defendants owed the Plaintiff a duty to determine whether Plaintiff was an Alien before enforcing the Detainer against him.

82. At all material times, once Plaintiff understood that the term "INS" pertained to citizenship, Plaintiff repeatedly informed the Defendants that he was a United States Citizen, born in the United States.

83. At all material times, the Defendants were aware of the proximity of the Courthouse to Immigration and the Prison.

## COUNT I

(Federal Claims pursuant to 42 USC §1983)

84. Plaintiff re-alleges the above paragraphs one (1) through eighty-three (83), inclusive, and makes said paragraphs incorporated by reference as if set forth in full herein.

85. At all material times the Defendants acted under color of law.

86. Acting under the color of law, Defendants worked a denial of Plaintiff's rights, privileges or immunities secured by the United States Constitution or by Federal law.

87. Plaintiff further avers that the defendant, in their individual capacity, were deliberately indifferent to the Plaintiff's rights as guaranteed to him by the Fourth, Fifth, Eighth, and Fourteenth Amendments to the Constitution of the United States of America.

88. At all material times, the Plaintiff maintained that he was a United States Citizen born in the Unites States of America.

89. At all material times, the Defendants believed the Plaintiff to be of Hispanic national origin.

90. At all material times, the Defendants believed the Plaintiff to be of Guatemalan national origin.

91. As a direct and proximate result of the Defendants' actions and/or inactions as alleged above, the Plaintiff did sustain plaintiff sustained a deprivation of his liberty, and has been caused great physical and mental and emotional worry, anxiety, and suffering, humiliation, shame, public ridicule, and has been caused inconvenience and discomfort

and human suffering. Plaintiff has sustained anguish of mind, and incurred expenses and loss of earnings and/or earnings capacity and punishment at work.

92. On and/or after June 16, 2005, the Plaintiff was thereby denied liberty and due process in violation of his Fourth, Fifth, Eighth and Fourteen Amendment rights as follows:

a. The Defendants did not attempt to make inquiry of the Plaintiff regarding the Plaintiff's citizenship prior to his detention and imprisonment.

b. The Defendants did not attempt to make inquiry of the Plaintiff regarding the Plaintiff's citizenship while he was Otherwise Detained or in Prison.

c. The Defendants did not permit the Plaintiff an opportunity to post bail and/or to make arrangements to post bail prior to his detention and imprisonment.

d. The Defendants did not permit the Plaintiff an opportunity to post bail and/or to make arrangements to post bail until June 21, 2005.

e. The Defendants did not permit the Plaintiff an opportunity to present his United States Passport or other documents establishing Plaintiff's United States Citizenship.

f. Until June 21, 2005, the Defendants affirmatively informed the Plaintiff that he could not post bail due to the Detainer.

g. The Defendants did not permit the Plaintiff to post bail until June 21, 2005.

h. The Defendants breached their duties as alleged within this Complaint, and otherwise consistent with their respective job functions or positions.

i. Defendants failed to establish appropriate practices, policies and procedures to ensure that United States Citizens are not refused the opportunity to post bail when such intent is indicated.

j. Defendants failed to establish appropriate practices, policies and procedures to ensure United States Citizens have a meaningful opportunity to establish their Citizenship when such fact may lead to their swift release.

k. Defendants failed to establish appropriate practices, policies and procedures to distinguish Aliens subject to a Detainer from United States Citizens.

93. Plaintiff's imprisonment at the Prison, and subsequent punishment at work, and loss wage and other damages hereinbefore alleged, amounted to cruel and unusual punishment since the Defendant was never ordered to be imprisoned for any criminal charge or offense, however was imprisoned; AND the Defendant was wrongfully imprisoned and not permitted to post bail despite having more than adequate funds within his personal belongings to do so.

94. At all material times, by virtue of the foregoing facts, the Defendants violated the Plaintiff's right to bail as established by the Eighth Amendment to the United States Constitution.

95. At all material times, by virtue of the foregoing facts, and otherwise, the Defendants violated the Plaintiff's Eighth Amendment right against Cruel and unusual punishment.

96. At all material times, the Defendants suspected the Plaintiff was an Alien.

97. By virtue of the foregoing, the Plaintiff was denied equal protection of the laws as guaranteed to him by the Fourteenth Amendment to the United States Constitution.

98. At all material times, the Defendants' above alleged conduct was shocking, outrageous, wanton, willful, intentional, malicious, wicked, repugnant to the United State

Constitution and common decency, and was otherwise a demonstration of deliberate indifference to the Plaintiff rights under the Constitution of the United States of America and its Amendments, such that Plaintiff is entitled to damages as permitted by 42 USC §1983, including without limitation compensatory and punitive damages, attorney fees, equitable relief, and such other and further relief as the court deems just and proper

99. Furthermore, in inflicting the described harm, damages, and injuries on plaintiff, defendants acted intentionally, and maliciously and/or wantonly and recklessly, thereby intending to wrongfully and unlawfully inflict physical and mental pain and suffering on plaintiff, and plaintiff is therefore entitled to punitive damages.

**WHEREFORE**, plaintiff requests Judgment against the defendants, severally, or jointly and severally, in an amount within the jurisdiction of this court for the following: (a) Compensatory Damages; (b) Punitive Damages; (c) Attorney Fees, (d) equitable relief to prevent the wrongful conduct alleged herein, or to require affirmative action to implement those practices, policies, and/or procedures which are lacking as averred in this complaint and as further detailed below; (e) such other and further relief as the court deems just and proper.

## COUNT II

(Injunctive Relief)

100. Plaintiff re-alleges the above paragraphs one (1) ninety-nine (99), inclusive, and makes said paragraphs incorporated by reference as if set forth in full herein.

101. Plaintiff remains a Citizen of the State of Rhode Island, residing in the County and City of Providence.

102. Defendants currently deny persons whom are the subject of a Detainer the opportunity to post bail in those instances where bail is established by a State District Court Judge, and the non-posting of bail is the only basis for the individual to be Otherwise Detained.

103. Defendants do not make reasonable inquiry to determine United States Citizenship of those persons subject to a Detainer.

104. Defendants deny persons housed at the Prison whom are Otherwise Detained there solely pending the payment of bail, and whom are the subject of a Detainer the opportunity to make a cost free phone call without waiting for a "PIN" number for the purposes of establishing their United Citizenship.

105. Defendants intentionally refuse to review or otherwise examine proof of US Citizenship when presented with documents such as a United States Birth Certificate, a United States Social Security Card, a State Identification Card, a United States Passport, or City or Town Police Department investigative reports or records regarding an individual's identity and national origin.

106. It is likely that the Plaintiff could be subject to future deprivations similar to those which occurred on and after June 16, 2005, give the above continuing conditions and the coincidence of his name on the Detainer.

**WHEREFORE**, plaintiff requests this Honorable Court order certain injunctive or other equitable relief against the defendants, severally, or jointly and severally to restrain, enjoin, and otherwise prevent the conduct alleged herein, and/or to require affirmative action to implement those practices, policies, and/or procedures which are lacking which would have prevent the damages described by the Plaintiff in this complaint, together with costs, reasonable attorney fees and such other and further relief as the court deems just and proper.

## COUNT III

(Rhode Island Constitutional Violations)

107. Plaintiff re-alleges the above paragraphs one (1) through one hundred six (106), inclusive, and makes said paragraphs incorporated by reference as if set forth in full herein.

108. At all material times, the Plaintiff was a resident of the State of Rhode Island.

109. At all material times pursuant to Article I, Section 2 of the Constitution for the State of Rhode Island, the Plaintiff could expect to enjoy equal protection of the laws; and Freedom from discrimination based upon race.

110. At all material times pursuant to Article I, section 6 of the Constitution for the State of Rhode Island, the Plaintiff could expect to be secure in his person against unreasonable seizure.

111. At all material times pursuant to Article I, section 8 of the Constitution for the State of Rhode Island, the Plaintiff had the right to expect freedom from excessive bail, excessive fines, and cruel punishments; and could expect punishment to be proportioned to the offense.

112. At all material times pursuant to Article I, section 9 of the Constitution for the State of Rhode Island, the Plaintiff had the right to pay bail and be released.

113. At all material times pursuant to R.I.G.L. §12-7-20, the plaintiff had the right to use a telephone for the purpose of arranging for bail.

114. By and through the conduct and lack of conduct as hereinbefore alleged, the Defendants did willfully, wantonly, maliciously, intentionally, recklessly, and/or negligently deny the Plaintiff his rights as detailed in this Count, proximately resulting in the damages, suffering, injuries, and other losses, previously alleged by Plaintiff within this Amended Complaint.

**WHEREFORE**, plaintiff requests Judgment against the defendants, severally, or jointly and severally, in an amount within the jurisdiction of this court for the following: (a) Compensatory Damages; (b) Punitive Damages; (c) Attorney Fees, (d) equitable relief to prevent the wrongful conduct alleged herein, or to require affirmative action to implement those practices, policies, and/or procedures which are lacking as averred in this complaint and as further detailed below; (e) such other and further relief as the court deems just and proper and as is consistent with the relief requested in all counts of this Amended Complaint.

## COUNT IV

(Common Law and Statutory False Arrest and False Imprisonment")

115. Plaintiff re-alleges the above paragraphs one (1) through one hundred fourteen (114), inclusive, and makes said paragraphs incorporated by reference as if set forth in full herein.

116. The Defendants did arrest and/or imprison the Plaintiff on the days, dates, and times previously alleged.

117. At all times relevant herein, (a) the Defendants acted with the intention of confining Plaintiff within fixed boundaries, (b) the act directly or indirectly resulted in Plaintiff's confinement, (c) Plaintiff was conscious of the confinement, and (d) the confinement was both unwarranted and against Plaintiff's wishes.

118. Said arrest and/or imprisonment was on the false premise that the Plaintiff was an Alien.

119. By and through the conduct and lack of conduct as hereinbefore alleged, the Defendants did willfully, wantonly, maliciously, intentionally, recklessly, and/or negligently act or fail to act in order to deny the Plaintiff his right of liberty and freedom of movement as detailed in this Amended Complaint, proximately resulting in the damages, suffering, injuries, and other losses, previously alleged by Plaintiff within this Amended Complaint.

120. Plaintiff is entitled to punitive damages based upon the circumstances of this case, consistent with R.I.G.L. 12-7-14.

**WHEREFORE**, plaintiff requests Judgment against the defendants, severally, or jointly and severally, in an amount within the jurisdiction of this court for the following: (a) Compensatory Damages; (b) Punitive Damages; (c) Attorney Fees, (d) equitable relief to prevent the wrongful conduct alleged herein, or to require affirmative action to implement those practices, policies, and/or procedures which are lacking as averred in this complaint and as

further detailed below; (e) such other and further relief as the court deems just and proper and as is consistent with the relief requested in all counts of this Amended Complaint.

**COUNT V**

(Statutory Cause of Action pursuant to R.I.G.L.§9-1-2)

121. Plaintiff re-alleges the above paragraphs one (1) through one hundred twenty (120), inclusive, and makes said paragraphs incorporated by reference as if set forth in full herein.

122. The Defendants did commit all or some of the offenses alleged in the previous counts of this Amended Complaint, which were made a part hereof through their reference.

123. As a direct and proximate result of the Defendants having committed an offense as hereinbefore alleged, the Plaintiff did suffer injury to his State and Federal Constitutional rights, to his person, to his reputation, and his estate as also previously alleged in detail.

124. Plaintiff is entitled; to recover his damages in a civil action against the Defendants pursuant to R.I.G.L. 9-1-2.

**WHEREFORE**, plaintiff requests Judgment against the defendants, severally, or jointly and severally, in an amount within the jurisdiction of this court for the following: (a) Compensatory Damages; (b) Punitive Damages; (c) Attorney Fees, (d) equitable relief to prevent the wrongful conduct alleged herein, or to require affirmative action to implement those

practices, policies, and/or procedures which are lacking as averred in this complaint and as further detailed below; (e) such other and further relief as the court deems just and proper and as is consistent with the relief requested in all counts of this Amended Complaint.

**COUNT VI**

(Individual Liability )

125. Plaintiff re-alleges the above paragraphs one (1) through one hundred twenty-four (124), and each of the several counts previously alleged, inclusive, and makes said paragraphs and counts incorporated by reference as if set forth in full herein.

126. At all material times, the corporeal Defendants were employees of the State of Rhode Island.

127. At all material times, the corporeal Defendants failed to act within the scope of their employment by engaging in the conduct or inactivity previously alleged as proximately causing the Plaintiff to suffer injury to his State and Federal Constitutional rights, to his person, to his reputation, and his estate as also previously alleged in detail.

128. Some or all of the conduct and inactivity previously alleged was the direct and proximate result of the Defendants' negligence, acting outside the scope of their respective employment.

129. If acting within the scope of employment, some or all of the corporeal Defendants conduct did arise out of willful misconduct by the employee.

130. If acting within the scope of employment, some or all of the corporeal Defendants conduct did arise out of actual malice by the employee.

**WHEREFORE**, plaintiff requests Judgment against the defendants, severally, or jointly and severally, in an amount within the jurisdiction of this court for the following: (a) Compensatory Damages; (b) Punitive Damages; (c) Attorney Fees, (d) equitable relief to prevent the wrongful conduct alleged herein, or to require affirmative action to implement those practices, policies, and/or procedures which are lacking as averred in this complaint and as further detailed below; (e) such other and further relief as the court deems just and proper and as is consistent with the relief requested in all counts of this Amended Complaint.

## COUNT VII

(Negligence)

131. Plaintiff re-alleges the above paragraphs one (1) through one hundred thirty (130), and each of the several counts previously alleged, inclusive, and makes said paragraphs and counts incorporated by reference as if set forth in full herein.

132. At all material times, the corporeal Defendants were employees of the State of Rhode Island acting within the scope of their respective employment.

133. Some or all of the conduct and inactivity previously alleged was the direct and proximate result of the Defendants' several, or joint and several, negligence.

134. As a direct and proximate result of the Defendants' negligence, the Plaintiff was caused to suffer injury to his State and Federal Constitutional rights, to his person, to his reputation, and his estate as also previously alleged in detail.

**WHEREFORE**, plaintiff requests Judgment against the defendants, severally, or jointly and severally, in an amount within the jurisdiction of this court for the following: (a) Compensatory Damages; (b) Attorney Fees, (c) equitable relief to prevent the wrongful conduct alleged herein, or to require affirmative action to implement those practices, policies, and/or procedures which are lacking as averred in this complaint and as further detailed below; (d) such other and further relief as the court deems just and proper and as is consistent with the relief requested in all counts of this Amended Complaint.

**PLAINTIFF DEMANDS TRIAL BY JURY AS TO ALL COUNTS**

Plaintiff,
By Counsel,

/s/ Joseph-Anthony DiMaio, Esq.
Joseph-Anthony DiMaio, Esq.
Attorney #3910
McKinnon & Harwood
1168 Newport Avenue
Pawtucket RI 02861
(401) 723-9655

**CERTIFICATION**

I hereby certify that on January 8, 2007, a true copy of the within, was served on Michael W. Field, Esq., at "mfield@riag.ri.gov" by electronic "CM/ECF" means only.

/s/ Joseph-Anthony DiMaio, Esq.
Joseph-Anthony DiMaio, Esq.