UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| EDUARDO HERNANDEZ<br>Plaintiffs,<br><br>vs.<br><br>STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS, and<br><br>DEPARTMENT OF CORRECTIONS, and<br><br>ASHBEL T. WALL., Director of the Department of Corrections; in his official capacity, and<br><br>JOHN DOE (ONE), Warden of the Department of Corrections Intake Service Center, in his official and individual Capacity, and;<br><br>JOHN DOE (TWO), a/k/a "bailiff," alias John Doe, in his official and individual Capacity, and<br><br>JOHN DOE (THREE) a/k/a "First Guard On Duty" alias Joe Doe, in his official And individual capacity, and<br><br>JOHN DOE (FOUR) a/k/a "Second Guard On Duty" alias John Doe, in his official And individual capacity,<br><br>JANE DOE (FIVE) a/k/a "Female Guard Duty" alias John Doe, in his official And individual capacity,<br><br>JOHN DOE (SIX) a/k/a "Authority Figure On Duty" alias John Doe, in his official And individual capacity,<br><br>JOHN DOE (SEVEN) a/k/a "Correctional Officer" alias John Doe, in his official And individual capacity, | : | C.A. No.: 06-164ML |

JOHN DOE (EIGHT) a/k/a "Employee Assigning PINs" alias John Doe, in his Official and individual capacity, :

JOHN DOE(S) (NINE) a/k/a "Unidentified Guards on Duty" alias John Doe, in his Official and individual capacity :
Defendants, :

**ANSWER TO PLAINTIFF'S AMENDED COMPLAINT BY DEFENDANTS, STATE OF RHODE ISLAND, DEPARTMENT OF CORRECTIONS, AND ASHBEL T. WALL, IN HIS OFFICIAL CAPACITY**

Defendants, State of Rhode Island, Department of Corrections, and Ashbel T. Wall, in his official capacity (hereafter collectively "State Defendants"),[1] respond to Plaintiff's Amended Complaint as follows:

**STATEMENT OF JURISDICTION**

1. The State Defendants respond that Paragraph 1, as well as its subparagraphs (a) through (e) state a legal conclusion, and therefore, no answer is necessary. If an answer is deemed necessary, the State Defendants deny each and every allegation contained within Paragraph 1 and its subparagraphs (a) through (e).

2. The State Defendants respond that Paragraph 2 does not allege facts, and therefore, no answer is necessary. If an answer is deemed necessary, the State Defendants deny each and every allegation contained within Paragraph 2.

**PARTIES**

3. The State Defendants respond that they are within sufficient knowledge or information upon which to form a basis to admit or deny the allegations contained within Paragraph 3, and therefore, the State Defendants deny each and every allegation contained within Paragraph 3.

4. The State Defendants respond that since Paragraph 4 does not allege actions or omissions against named individuals, the State Defendants are without sufficient knowledge or information upon which to form a basis to admit or deny the allegation contained within Paragraph 4, and therefore, the State Defendants deny each and every allegation contained within Paragraph 4.

[1] This answer pertains only to the State of Rhode Island, Department of Corrections, and Ashbel T. Wall, in his official capacity, and does not pertain to any other defendant and/or John/Jane Doe.

5. The State Defendants admit Paragraph 5.

6. The State Defendants admit that Ashbel T. Wall is sued in his official capacity and that at all times material to this complaint was the Director of the Department of Corrections. The State Defendants further respond that any statutory obligations are imposed by applicable provisions of the Rhode Island General Laws and that these provisions speak for themselves, accordingly, the State Defendants deny the remaining legal conclusions and/or allegations set forth in Paragraph 6.

7. The State Defendants respond that Paragraph 7 does not pertain to the State Defendants, and therefore, an answer is not necessary. If an answer is deemed necessary, the State Defendants deny each and every allegation contained in Paragraph 7.

8. The State Defendants respond that Paragraph 8 does not pertain to the State Defendants, and therefore, an answer is not necessary. If an answer is deemed necessary, the State Defendants deny each and every allegation contained in Paragraph 8.

9. The State Defendants respond that Paragraph 9 does not pertain to the State Defendants, and therefore, an answer is not necessary. If an answer is deemed necessary, the State Defendants deny each and every allegation contained in Paragraph 9.

10. The State Defendants respond that Paragraph 10 does not pertain to the State Defendants, and therefore, an answer is not necessary. If an answer is deemed necessary, the State Defendants deny each and every allegation contained in Paragraph 10.

11. The State Defendants respond that Paragraph 11 does not pertain to the State Defendants, and therefore, an answer is not necessary. If an answer is deemed necessary, the State Defendants deny each and every allegation contained in Paragraph 11.

12. The State Defendants respond that Paragraph 12 does not pertain to the State Defendants, and therefore, an answer is not necessary. If an answer is deemed necessary, the State Defendants deny each and every allegation contained in Paragraph 12.

13. The State Defendants respond that Paragraph 13 does not pertain to the State Defendants, and therefore, an answer is not necessary. If an answer is deemed necessary, the State Defendants deny each and every allegation contained in Paragraph 13.

14. The State Defendants respond that Paragraph 14 does not pertain to the State

Defendants, and therefore, an answer is not necessary. If an answer is deemed necessary, the State Defendants deny each and every allegation contained in Paragraph 14.

15. The State Defendants respond that Paragraph 15 does not pertain to the State Defendants, and therefore, an answer is not necessary. If an answer is deemed necessary, the State Defendants deny each and every allegation contained in Paragraph 15.

## COMMON FACTS

16. The State Defendants respond that they are without sufficient knowledge or information to form a belief upon which to admit or deny the allegations contained within Paragraph 16, and therefore, each and every allegation contained within Paragraph 16 is denied.

17. The State Defendants admit only that at all material times the United States of America has been engaged in one or more wars. The State Defendants deny each and every remaining allegation contained within Paragraph 17.

18. The State Defendants deny each and every allegation contained within Paragraph 18.

19. The State Defendants deny each and every allegation contained within Paragraph 19.

20. The State Defendants respond that they are without sufficient knowledge or information to form a belief upon which to admit or deny the allegations contained within Paragraph 20, and therefore, each and every allegation contained within Paragraph 20 is denied.

21. The State Defendants respond that they are without sufficient knowledge or information to form a belief upon which to admit or deny the allegations contained within Paragraph 21, and therefore, each and every allegation contained within Paragraph 21 is denied.

22. The State Defendants respond that they are without sufficient knowledge or information to form a belief upon which to admit or deny the allegations contained within Paragraph 22, and therefore, each and every allegation contained within Paragraph 22 is denied.

23. The State Defendants respond that Paragraph 23 seeks a legal conclusion, and therefore, an answer is unnecessary. If an answer is deemed necessary, the State Defendants respond that they are without sufficient knowledge or information to form a belief upon which to admit or deny the allegations

contained within Paragraph 23, and therefore, each and every allegation contained within Paragraph 23 is denied.

24. The State Defendants deny each and every allegation contained within Paragraph 24.

25. The State Defendants respond that Paragraph 25 does not allege facts, and therefore, an answer is not necessary. If an answer is deemed necessary, the State Defendants respond that they are without sufficient knowledge or information to form a basis to admit or deny the allegations contained within Paragraph 25, and therefore, each and every allegation contained within Paragraph 25 is denied.

26. The State Defendants admit only that the detainer references 8 CFR § 287.7 and that 8 CFR § 287.7 speaks for itself, therefore, the State Defendants deny any representations or interpretations of 8 CFR § 287.7.

27. The State Defendants respond that Paragraph 27 states a legal conclusion, and therefore, an answer is not necessary. If an answer is deemed necessary, the State Defendants deny each and every allegation contained within Paragraph 27.

28. The State Defendants respond that Paragraph 28 states a legal conclusion, and therefore, an answer is not necessary. If an answer is deemed necessary, the State Defendants deny each and every allegation contained within Paragraph 28.

29. The State Defendants respond that Paragraph 29 states a legal conclusion, and therefore, an answer is not necessary. If an answer is deemed necessary, the State Defendants deny each and every allegation contained within Paragraph 29.

30. The State Defendants respond that Paragraph 30 states a legal conclusion, and therefore, an answer is not necessary. If an answer is deemed necessary, the State Defendants deny each and every allegation contained within Paragraph 30.

31. The State Defendants respond that they are without sufficient knowledge or information to form a basis to admit or deny the allegations contained within Paragraph 31, and therefore, the State Defendants deny each and every allegation contained within Paragraph 31.

32. The State Defendants deny each and every allegation contained within Paragraph 32.

33. The State Defendants have insufficient knowledge or information upon which to admit or deny the allegations contained within Paragraph 33, and therefore, the State Defendants deny each and every allegation in Paragraph 33.

34. The State Defendants admit only that the Intake Service Center is owed and operated by the State of Rhode Island and is located in Cranston, Rhode Island. The State Defendants have insufficient knowledge or information upon which to admit or deny each and every remaining allegation contain within Paragraph 34, and therefore, each and every remaining allegation is denied.

35. The State Defendants have insufficient knowledge or information upon which to admit or deny the allegations contained within Paragraph 35, and therefore, the State Defendants deny each and every allegation in Paragraph 35.

36. The State Defendants deny each and every allegation contained within Paragraph 36.

37. The State Defendants have insufficient knowledge or information upon which to admit or deny the allegations contained within Paragraph 37, and therefore, the State Defendants deny each and every allegation in Paragraph 37.

38. The State Defendants deny each and every allegation contained within Paragraph 38.

39. The State Defendants have insufficient knowledge or information upon which to admit or deny the allegations contained within Paragraph 39, and therefore, the State Defendants deny each and every allegation in Paragraph 39.

40. The State Defendants have insufficient knowledge or information upon which to admit or deny the allegations contained within Paragraph 40, and therefore, the State Defendants deny each and every allegation in Paragraph 40.

41. The State Defendants have insufficient knowledge or information upon which to admit or deny the allegations contained within Paragraph 41, and therefore, the State Defendants deny each and every allegation in Paragraph 41.

42. The State Defendants have insufficient knowledge or information upon which to admit or deny the allegations contained within Paragraph 42, and therefore, the State Defendants deny each and every allegation in Paragraph 42.

43. The State Defendants respond that Paragraph 43 states a legal conclusion and that 8 CFR § 287.7 speaks for itself, and therefore, an answer is not necessary. If an answer is deemed necessary, the State Defendants deny each and every allegation contained within Paragraph 43.

44. The State Defendants respond that Paragraph 44 states a legal conclusion and that 8 CFR § 287.7 speaks for itself, and therefore, an answer is not necessary. If an answer is deemed necessary, the State Defendants deny each and every allegation contained within Paragraph 44.

45. The State Defendants deny each and every allegation contained within Paragraph 45.

46. The State Defendants deny each and every allegation contained within Paragraph 46.

47. The State Defendants admit only that on June 16, 2005, the Plaintiff had state charges independent of the detainer. The State Defendants further respond that the remaining allegations within Paragraph 47 seek a legal conclusion, and therefore, no answer is necessary. If an answer is necessary, the State Defendants deny each and every remaining allegation contained within Paragraph 47.

48. The State Defendants deny each and every allegation contained within Paragraph 48.

49. The State Defendants have insufficient knowledge or information upon which to admit or deny the allegations contained within Paragraph 49, and therefore, the State Defendants deny each and every allegation in Paragraph 49.

50. The State Defendants respond that Paragraph 50 does not pertain to the State Defendants, and therefore, an answer is not necessary. If an answer is deemed necessary, the State Defendants respond that they are without information or knowledge sufficient to form a response, and therefore, each and every allegation contained within Paragraph 50 is denied.

51. The State Defendants respond that Paragraph 51 does not pertain to the State Defendants, and therefore, an answer is not necessary. If an answer is deemed necessary, the State Defendants respond that they are without information or knowledge sufficient to form a response, and therefore, each and every allegation contained within Paragraph 51 is denied.

52. The State Defendants respond that Paragraph 52 does not pertain to the State Defendants, and therefore, an answer is not necessary. If an answer is deemed necessary, the State Defendants respond that they are without information or knowledge sufficient to form a response, and therefore, each and every allegation contained within Paragraph 52 is denied.

53. The State Defendants have insufficient knowledge or information upon which to admit or deny the allegations contained within Paragraph 53, and therefore, the State Defendants deny each and every allegation in Paragraph 53.

54. The State Defendants respond that Paragraph 54 does not pertain to the State Defendants, and therefore, an answer is not necessary. If an answer is deemed necessary, the State Defendants respond that they are without information or knowledge sufficient to form a response, and therefore, each and every allegation contained within Paragraph 54 is denied.

55. The State Defendants respond that Paragraph 55 does not pertain to the State Defendants, and therefore, an answer is not necessary. If an answer is deemed necessary, the State Defendants respond that they are without information or knowledge sufficient to form a response, and therefore, each and every allegation contained within Paragraph 55 is denied.

56. The State Defendants have insufficient knowledge or information upon which to admit or deny the allegations contained within Paragraph 56, and therefore, the State Defendants deny each and every allegation in Paragraph 56.

57. The State Defendants respond that Paragraph 57 does not pertain to the State Defendants, and therefore, an answer is not necessary. If an answer is deemed necessary, the State Defendants deny each and every allegation contained within Paragraph 57.

58. The State Defendants respond that Paragraph 58 does not pertain to the State Defendants, and therefore, an answer not necessary. If an answer is deemed necessary, the State Defendants respond that they are without information or knowledge sufficient to form a response, and therefore, each and every allegation contained within Paragraph 58 is denied.

59. The State Defendants admit only that on June 16, 2005, the Plaintiff had state charges independent of the detainer. The State Defendants further respond that the remaining allegations seek a legal conclusion, and therefore, an answer is not necessary. If an answer is deemed necessary, each and every remaining allegation contained within Paragraph 59 is denied.

60. The State Defendants deny each and every allegation contained within Paragraph 60.

61. The State Defendants admit only that Plaintiff was transported to the Intake Service Center on June 16, 2005. The State Defendants are without sufficient knowledge or information to form a basis to respond to the remaining allegations contained within Paragraph 61, and therefore, each and every remaining allegation contained within Paragraph 61 is denied.

62. The State Defendants respond that Paragraph 62 does not pertain to the State Defendants, and therefore, an answer is not necessary. If an answer is deemed necessary, the State Defendants respond that they are without information or

knowledge sufficient to form a response, and therefore, each and every allegation contained within Paragraph 62 is denied.

63. The State Defendants respond that Paragraph 63 does not pertain to the State Defendants, and therefore, an answer is not necessary. If an answer is deemed necessary, the State Defendants respond that they are without information or knowledge sufficient to form a response, and therefore, each and every allegation contained within Paragraph 63 is denied.

64. The State Defendants respond that Paragraph 64 does not pertain to the State Defendants, and therefore, an answer is not necessary. If an answer is deemed necessary, the State Defendants respond that they are without information or knowledge sufficient to form a response, and therefore, each and every allegation contained within Paragraph 64 is denied.

65. The State Defendants respond that Paragraph 65 does not pertain to the State Defendants, and therefore, an answer is not necessary. If an answer is deemed necessary, the State Defendants respond that they are without information or knowledge sufficient to form a response, and therefore, each and every allegation contained within Paragraph 65 is denied.

66. The State Defendants respond that Paragraph 66 does not pertain to the State Defendants, and therefore, an answer is not necessary. If an answer is deemed necessary, the State Defendants deny each and every allegation contained within Paragraph 66.

67. The State Defendants respond that since Paragraph 67 does not appear to allege actions or omissions against the State Defendants, an answer is not necessary. If an answer is deemed necessary, the State Defendants are without sufficient knowledge or information upon which to form a basis to admit or deny the allegation contained within Paragraph 67, and therefore, the State Defendants deny each and every allegation contained within Paragraph 67.

68. The State Defendants respond that since Paragraph 68 does not appear to allege actions or omissions against the State Defendants, an answer is not necessary. If an answer is deemed necessary, the State Defendants are without sufficient knowledge or information upon which to form a basis to admit or deny the allegation contained within Paragraph 68, and therefore, the State Defendants deny each and every allegation contained within Paragraph 68.

69. The State Defendants admit only that on June 16, 2005, Plaintiff was in the custody of the Department of Corrections. The State Defendants further state that each and every remaining allegation seeks a legal conclusion, and

therefore, a response is not necessary. If a response is necessary, the State Defendants deny each and every remaining allegation.

70. The State Defendants deny each and every allegations contained within Paragraph 70.

71. The State Defendants respond that since Paragraph 71 does not appear to allege actions or omissions against the State Defendants, an answer is not necessary. If an answer is deemed necessary, the State Defendants deny each and every allegation contained within Paragraph 71.

72. The State Defendants admit only that on June 21, 2005, the Plaintiff had a court appearance. The State Defendants further respond that they are without sufficient knowledge or information to form a basis to admit or deny the remaining allegations contained within Paragraph 72, and therefore, each and every remaining allegation contained within Paragraph 72 is denied.

73. The State Defendants respond that Paragraph 73 seeks a legal conclusion, and therefore, an answer is unnecessary. If a response is deemed necessary, the State Defendants deny each and every allegation contained within Paragraph 73.

74. The State Defendants admit only that on June 22, 2005, the Plaintiff was released from the Department of Corrections. Each and every remaining allegation contained within Paragraph 74 is denied.

75. The State Defendants admit only that on June 22, 2005, the Plaintiff was transferred to federal authorities.

76. The State Defendants admit only that on June 22, 2005, the Plaintiff was transferred into the custody of federal authorities. The State Defendants further state that they are without knowledge or information sufficient to form a basis to admit or deny the remaining allegations, and therefore, each and every remaining allegation contained within Paragraph 76 is denied.

77. The State Defendants are without knowledge or information sufficient to form a basis to respond to each and every allegation contained within Paragraph 77, and therefore, each and every allegation within Paragraph 77 is denied.

78. The State Defendants respond that Paragraph 78 seeks a legal conclusion to which an answer is not necessary. If an answer is deemed necessary, the State Defendants deny each and every allegation contained within Paragraph 78.

79. The State Defendants respond that Paragraph 79 seeks a legal conclusion to which an answer is not necessary. If an answer is deemed necessary, the State Defendants deny each and every allegation contained within Paragraph 79.

80. The State Defendants respond that Paragraph 80 seeks a legal conclusion to which an answer is not necessary. If an answer is deemed necessary, the State Defendants deny each and every allegation contained within Paragraph 80.

81. The State Defendants respond that Paragraph 81 seeks a legal conclusion to which an answer is not necessary. If an answer is deemed necessary, the State Defendants deny each and every allegation contained within Paragraph 81.

82. The State Defendants are without sufficient knowledge or information to form a basis to admit or deny the allegations contained within Paragraph 82, and therefore, each and every allegation contained within Paragraph 82 is denied.

83. The State Defendants are without sufficient knowledge or information to form a basis to admit or deny the allegations contained within Paragraph 83, and therefore, each and every allegation contained within Paragraph 83 is denied.

## COUNT I
## (Federal Claims pursuant to 42 USC § 1983)

84. The State Defendants reassert and incorporate the above paragraphs one (1) through eighty-three (83) inclusive, and makes said paragraphs incorporated by reference as if set forth in full herein.

85. The State Defendants respond that Paragraph 85 does not pertain to them and seeks a legal conclusion to which an answer is not necessary. If an answer is deemed necessary, the State Defendants deny each and every allegation contained within Paragraph 85.

86. The State Defendants deny each and every allegation contained within Paragraph 86.

87. The State Defendants respond that Paragraph 87 does not pertain to the State Defendants, and therefore, an answer is not necessary. If an answer is deemed necessary, the State Defendants deny each and every allegation contained in Paragraph 87.

88. The State Defendants respond that they are without sufficient knowledge or information to form a basis to admit or deny the allegations contained within Paragraph 88, and therefore, each and every allegation contained within Paragraph 88 is denied.

89. The State Defendants respond that Paragraph 89 does not pertain to them and that they are without sufficient knowledge or information to form a basis to

admit or deny the allegations contained within Paragraph 89, and therefore, each and every allegation contained within Paragraph 89 is denied.

90. The State Defendants respond that Paragraph 90 does not pertain to them and that they are without sufficient knowledge or information to form a basis to admit or deny the allegations contained within Paragraph 90, and therefore, each and every allegation contained within Paragraph 90 is denied.

91. The State Defendants deny each and every allegation contained within Paragraph 91.

92. The State Defendants deny each and every allegation contained within Paragraph 92. The State Defendants further respond that Paragraph 92 makes allegations against individual defendants and not the State Defendants, and therefore, a further answer is unnecessary. If an answer is deemed necessary, the State Defendants respond that they have insufficient knowledge or information to form a basis to respond to the allegations contain within subparagraphs (a) – (k), and therefore, the State Defendants further deny each and every allegation contained within subparagraphs (a) – (k).

93. The State Defendants deny each and every allegation contained within Paragraph 93.

94. The State Defendants deny each and every allegation contained within Paragraph 94.

95. The State Defendants deny each and every allegation contained within Paragraph 95.

96. The State Defendants respond that Paragraph 96 does not pertain to them, and therefore, an answer is not necessary. If an answer is deemed necessary, the State Defendants deny each and every allegation contained within Paragraph 96.

97. The State Defendants deny each and every allegation contained within Paragraph 97.

98. The State Defendants deny each and every allegation contained within Paragraph 98.

99. The State Defendants deny each and every allegation contained within Paragraph 99.

WHEREFORE, the State Defendants request that the Plaintiff's complaint be denied and dismissed, Judgment enter in favor of the State Defendants and against the

Plaintiff, and that the State Defendants be awarded costs and attorneys' fees, and such other relief as is equitable and proper.

**COUNT II**
**(Injunctive Relief)**

100. The State Defendants reassert and incorporate the above paragraphs one (1) through ninety-nine (99) inclusive, and makes said paragraphs incorporated by reference as if set forth in full herein.

101. The State Defendants are without sufficient knowledge or information to form a basis to admit or deny the allegations contained within Paragraph 101, and therefore, each and every allegation contained within Paragraph 101 is denied.

102. The State Defendants deny each and every allegation contained within Paragraph 102.

103. The State Defendants deny each and every allegation contained within Paragraph 103.

104. The State Defendants deny each and every allegation contained within Paragraph 104.

105. The State Defendants deny each and every allegation contained within Paragraph 105.

106. The State Defendants deny each and every allegation contained within Paragraph 106.

WHEREFORE, the State Defendants request that the Plaintiff's complaint be denied and dismissed, Judgment enter in favor of the State Defendants and against the Plaintiff, and that the State Defendants be awarded costs and attorneys' fees, and such other relief as is equitable and proper.

**COUNT III**
**(Rhode Island Constitutional Violations)**

107. The State Defendants reassert and incorporate the above paragraphs one (1) through one hundred six (106) inclusive, and makes said paragraphs incorporated by reference as if set forth in full herein.

108. The State Defendants are without sufficient knowledge or information to form a basis to admit or deny the allegations contained within Paragraph 108, and therefore, each and every allegation contained within Paragraph 108 is denied.

109. The State Defendants respond that Article I, Section 2 of the Rhode Island Constitution speaks for itself, and therefore, a response is not necessary.

110. The State Defendants respond that Article I, Section 6 of the Rhode Island Constitution speaks for itself, and therefore, a response is not necessary.

111. The State Defendants respond that Article I, Section 8 of the Rhode Island Constitution speaks for itself, and therefore, a response is not necessary.

112. The State Defendants respond that Article I, Section 9 of the Rhode Island Constitution speaks for itself, and therefore, a response is not necessary. If an answer is deemed necessary, the State Defendants deny each and every allegation and/or representation contained within Paragraph 112.

113. The State Defendants respond that R.I.G.I. § 12-7-20 speaks for itself, and therefore, a response is not necessary. If an answer is deemed necessary, the State Defendants deny each and every allegation and/or representation contained within Paragraph 113.

114. The State Defendants deny each and every allegation contained within Paragraph 114.

WHEREFORE, the State Defendants request that the Plaintiff's complaint be denied and dismissed, Judgment enter in favor of the State Defendants and against the Plaintiff, and that the State Defendants be awarded costs and attorneys' fees, and such other relief as is equitable and proper.

**COUNT IV**
**(Common Law and Statutory False Arrest and False Imprisonment)**

115. The State Defendants reassert and incorporate the above paragraphs one (1) through one hundred fourteen (114) inclusive, and makes said paragraphs incorporated by reference as if set forth in full herein.

116. The State Defendants deny each and every allegation contained within Paragraph 116.

117. The State Defendants deny each and every allegation contained within Paragraph 117.

118. The State Defendants deny each and every allegation contained within Paragraph 118.

119. The State Defendants deny each and every allegation contained within Paragraph 119.

120. The State Defendants deny each and every allegation contained within Paragraph 120.

WHEREFORE, the State Defendants request that the Plaintiff's complaint be denied and dismissed, Judgment enter in favor of the State Defendants and against the Plaintiff, and that the State Defendants be awarded costs and attorneys' fees, and such other relief as is equitable and proper.

**COUNT V**
**(Statutory Cause of Action pursuant to R.I.G.L. § 9-1-2)**

121. The State Defendants reassert and incorporate the above paragraphs one (1) through one hundred twenty (120) inclusive, and makes said paragraphs incorporated by reference as if set forth in full herein.

122. The State Defendants deny each and every allegation contained within Paragraph 122.

123. The State Defendants deny each and every allegation contained within Paragraph 123.

124. The State Defendants deny each and every allegation contained within Paragraph 124.

WHEREFORE, the State Defendants request that the Plaintiff's complaint be denied and dismissed, Judgment enter in favor of the State Defendants and against the Plaintiff, and that the State Defendants be awarded costs and attorneys' fees, and such other relief as is equitable and proper.

**COUNT VI**
**(Individual Liability)**

125. The State Defendants reassert and incorporate the above paragraphs one (1) through one hundred twenty-four (124) inclusive, and makes said paragraphs incorporated by reference as if set forth in full herein.

126. The State Defendants respond that Paragraph 126 does not pertain to the State Defendants, and therefore, an answer is not necessary. If an answer is deemed necessary, the State Defendants are without sufficient knowledge or information to admit or deny the allegations contained within Paragraph 126, and therefore, deny each and every allegation contained in Paragraph 126.

127. The State Defendants respond that Paragraph 127 does not pertain to the State Defendants, and therefore, an answer is not necessary. If an answer is deemed necessary, the State Defendants are without sufficient knowledge or information to admit or deny the allegations contained within Paragraph 127, and therefore, deny each and every allegation contained in Paragraph 127.

128. The State Defendants respond that Paragraph 128 does not pertain to the State Defendants, and therefore, an answer is not necessary. If an answer is deemed necessary, the State Defendants are without sufficient knowledge or information to admit or deny the allegations contained within Paragraph 128, and therefore, deny each and every allegation contained in Paragraph 128.

129. The State Defendants respond that Paragraph 129 does not pertain to the State Defendants, and therefore, an answer is not necessary. If an answer is deemed necessary, the State Defendants are without sufficient knowledge or information to admit or deny the allegations contained within Paragraph 129, and therefore, deny each and every allegation contained in Paragraph 129.

130. The State Defendants respond that Paragraph 130 does not pertain to the State Defendants, and therefore, an answer is not necessary. If an answer is deemed necessary, the State Defendants are without sufficient knowledge or information to admit or deny the allegations contained within Paragraph 130, and therefore, deny each and every allegation contained in Paragraph 130.

WHEREFORE, the State Defendants request that the Plaintiff's complaint be denied and dismissed, Judgment enter in favor of the State Defendants and against the Plaintiff, and that the State Defendants be awarded costs and attorneys' fees, and such other relief as is equitable and proper.

**COUNT VII**
**(Negligence)**

131. The State Defendants reassert and incorporate the above paragraphs one (1) through one hundred thirty (130) inclusive, and makes said paragraphs incorporated by reference as if set forth in full herein.

132. The State Defendants respond that Paragraph 132 does not pertain to the State Defendants, and therefore, an answer is not necessary. If an answer is deemed necessary, the State Defendants are without sufficient knowledge or information to admit or deny the allegations contained within Paragraph 132, and therefore, deny each and every allegation contained in Paragraph 132.

133. The State Defendants respond that Paragraph 133 does not pertain to the State Defendants, and therefore, an answer is not necessary. If an answer is

deemed necessary, the State Defendants deny each and every allegation contained in Paragraph 133.

134. The State Defendants respond that Paragraph 134 does not pertain to the State Defendants, and therefore, an answer is not necessary. If an answer is deemed necessary, the State Defendants deny each and every allegation contained in Paragraph 134.

WHEREFORE, the State Defendants request that the Plaintiff's complaint be denied and dismissed, Judgment enter in favor of the State Defendants and against the Plaintiff, and that the State Defendants be awarded costs and attorneys' fees, and such other relief as is equitable and proper

**AFFIRMATIVE DEFENSE**

1. This Complaint fails to state a claim against the State Defendants upon which relief can be granted in that itfails to articulate a legally sufficient factual basis for a finding of liability against the State Defendants.

2. At all times material to the matters alleged in the Complaint, the State Defendants were in the exercise of due care and had in good faith duly fulfilled any and all duties owed to Plaintiff, if in fact, any duties were owed.

3. The State Defendants owed no duty to Plaintiff; therefore no action of the State Defendants could constitute negligence.

4. The State Defendants have the benefit of their status as sovereign, together with all rights, privileges, and immunities, which inure to said status.

5. The State Defendants have the benefit of all express and implied exceptions to the statutory waiver of sovereign immunity.

6. The negligent acts and failures to act of parties other than the State Defendants caused or contributed to the alleged injuries and any recovery herein should be reduced because of said contributory conduct.

7. The State Defendants are immune based on the public duty doctrine.

8. To the extent that the State Defendants are not otherwise immune from liability, which is expressly denied, the monetary limitation on damages set forth in Rhode Island General Law § 9-31-1 et. seq. applies to this action.

9. Pursuant to Rhode Island General Laws § 9-31-1 et seq., Plaintiff's claims for costs and fees are barred with respect to the State Defendants.

10. Plaintiff's claim for punitive damages against the State Defendants is barred.

11. The State Defendants are not persons within the meaning of § 1983. See Will v. Michigan, 491 U.S. 58 (1989).

12. The State Defendants are not subject to § 1983 liability since a § 1983 action cannot be based on a respondent superior theory.

13. A civil action for monetary damages cannot be brought directly under the Rhode Island Constitution.

14. The State Defendants assert the defense of the 11th Amendment to the United States Constitution.

15. This Honorable Court lacks subject-matter jurisdiction.

16. The State Defendants assert the defense of qualified immunity

17. The State Defendants assert that since the Plaintiff is no longer incarcerated, this case is moot and does not present a case in controversy.

18. The State Defendants assert that they relied upon a facially valid detainer, and therefore, all actions or omissions were objectively reasonable and proper.

THE STATE DEFENDANTS DEMAND TRIAL BY JURY

DEFENDANT

STATE OF RHODE ISLAND
DEPARTMENT OF CORRECTIONS
AND ASHBEL T. WALL, in his
official capacity

By his Attorney
PATRICK C. LYNCH
ATTORNEY GENERAL

/s/ Michael W. Field___
Michael W. Field, # 5809
Special Assistant Attorney General
150 South Main Street

Providence, Rhode Island 02903
Ph (401) 274-4400 ext. 2380
Fax (401) 222-2995

**CERTIFICATION**

I hereby certify that the instant Answer to Amended Complaint was emailed on the 18th day of January, 2007, to the following individuals:

/s/ Michael W. Field___

Joseph Anthony DiMaio, Esquire
McKinnon & Harwood
1168 Newport Avenue
Pawtucket, RI 02861