UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| EDUARDO HERNANDEZ<br>Plaintiffs, | : | |
| vs. | : | C.A. No.: 06-164ML |
| STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS, and | : | |
| DEPARTMENT OF CORRECTIONS, and | : | |
| ASHBEL T. WALL., Director of the Department of Corrections; in his official capacity, and | : | |
| JOHN DOE (ONE) – (NINE)<br>Defendants, | : | |

**STATEMENT OF UNDISPUTED FACTS BY DEFENDANTS', STATE OF RHODE ISLAND, DEPARTMENT OF CORRECTIONS, AND ASHBEL T. WALL, IN HIS OFFICIAL CAPACITY**

Now comes the State Defendants, State of Rhode Island, Department of Corrections, and Ashbel T. Wall, in his official capacity (hereafter collectively "State Defendants"), and respectfully submit their Statement of (Relevant) Undisputed Facts pursuant to Local Rule 12.1.

1. On April 15, 2005, Plaintiff Eduardo Hernandez (hereafter "Hernandez") pled nolo contendre to operating a motor vehicle on a public highway without a license and was assessed a $350.00 court fine and court costs of $117.00. *Exhibit A.*[1]

[1] All References to exhibits can be found attached to the State Defendants' Memorandum in Support of Summary Judgment.

2. On or about April 15, 2005, and May 2, 2005, Hernandez made payments towards the fine and costs associated with his April 15, 2005 nolo contendre plea. *Exhibit A.*

3. Hernandez was scheduled to appear in the Sixth Division District Court on June 8, 2005 for an Ability to Pay hearing relating to monies still owed associated with his April 15, 2005 nolo contendre plea. *Exhibit A.*

4. Hernandez did not appear for his June 8, 2005 Ability to Pay hearing and, as a result, on June 9, 2005, a bench warrant issued for Hernandez's arrest. *Exhibits A & B.*

5. On June 15, 2005, Hernandez was operating a motor-vehicle when stopped by an officer from the Pawtucket Police Department for a traffic infraction. *Plaintiff's Amended Complaint, ¶ 19.*

6. At the time of the June 15, 2005 motor-vehicle stop, Hernandez did not possess a Rhode Island drivers license or registration. *Exhibit C, p. 26*

7. At the time of the June 15, 2005 motor-vehicle stop, Hernandez provided the Pawtucket police officer an identification card from the State of Texas. *Exhibit C, p. 26.*

8. The Pawtucket police officer discovered an outstanding arrest warrant for Hernandez and Hernandez was taken into custody and brought to the Pawtucket Police Department where he remained until the next morning, Thursday, June 16, 2005. *Exhibit C, p. 27.*

9. On June 16, 2005, Hernandez pled nolo contendre to operating a motor-vehicle on a public highway without a license. *Exhibit D.*

10. After pleading nolo contendre, Hernandez was advised by a court clerk and the District Court Judge that a detainer had been issued for him by Immigration and Customs Enforcement a.k.a I.N.S. *Exhibit C, p. 59.*

11. A detainer was indeed issued for the Plaintiff, Eduardo Hernandez, d.o.b. November 6, 1982. *Exhibit K.*

12. The detainer was issued by the Office of Immigration and Customs Enforcement. *Exhibit K.*

13. On June 16, 2005, the Sixth Division District Court issued a Mittimus Order for Hernandez to be held at the Department of Corrections. *Exhibit G.*

14. On June 16, 2005, the Sixth Division District Court issued a Writ of Habeas Corpus, ordering that Hernandez be brought back to the Sixth Division District Court on June 21, 2005. *Exhibit H.*

15. At least one state official reviewed Hernandez's situation on June 16, 2005, while Hernandez was being held at the courthouse and determined that Hernandez was being held on a detainer. *Exhibit C, 72-73.*

16. Upon commitment to the Department of Corrections, the only identification Hernandez had on his person was a Texas identification card. *Exhibit I.*

17. At no time while at the courthouse, or at the Department of Corrections, did Hernandez present officers with a birth certificate, social security card, or passport.

18. On June 21, 2005, Hernandez was presented before the Sixth Division District Court. *Exhibit A.*

**19.** On June 21, 2005, the Sixth Division District Court remanded Hernandez to the Adult Correctional Institutions. *Plaintiff's Amended Complaint, ¶ 74.*

**20.** On the morning of June 22, 2005, an agent from Immigration and Customs Enforcement arrived at the Adult Correctional Institution, whereupon Hernandez was released from State custody and transferred to federal custody pursuant to the detainer. *Plaintiff's Amended Complaint, ¶ 75.*

**21.** Hernandez has no pending criminal charges, warrants, or detainers.

**22.** Department of Corrections Policy No. 24.02-1, p. 2 directs that "[w]ardens of awaiting trial facilities ensure telephones are available in the committing areas which do not require the use of PINs for bail purposes only." *Exhibit L.*

**23.** Upon commitment to the Department of Corrections, Hernandez had access and an opportunity to use a telephone to make a bail call without the use of a "PIN." *Exhibit I.*

**24.** Department of Corrections Policy 2.09, p. 7-8 permits, with approval, an inmate to transfer funds from their active accounts to "provide bail for self." *Exhibit M.*

**25.** Hernandez was detained by the State Defendants pursuant to one or more of the following facially valid documents: June 9, 2005 bench warrant, detainer, and mittimus order.

**26.** Hernandez takes no issue with the Pawtucket Police Department's traffic stop, arrest, and detention of himself. *Plaintiff's Deposition, p. 119.*

**27.** Hernandez claims the State Defendants failed to do their job because "they should have checked my personal information better before putting an INS hold on me." *Exhibit C, p. 110.*

**28.** The State Defendants did not put an INS hold on Hernandez. *Exhibit K.*

**29.** Hernandez claims the State Defendants failed to do their job because:

> "they should have listened to me when I told them that I was legal, that I was born here and that I was a U.S. citizen when I said it. And that I shouldn't – I shouldn't be hold by INS being a U.S. citizen. They just let it, all that go. They just didn't listen to me, they didn't care about checking my personal information at that time." *Exhibit C, p. 113.*

Respectfully Submitted,

STATE DEFENDANTS

By their Attorney
PATRICK C. LYNCH
ATTORNEY GENERAL

/s/ Michael W. Field
Michael W. Field, # 5809
Special Assistant Attorney General
150 South Main Street
Providence, Rhode Island 02903
Ph (401) 274-4400 ext. 2380
Fax (401) 222-2995

CERTIFICATION

I hereby certify that the instant Memorandum was e-mailed on the 22nd day of January, 2007, to the following individuals:

/s/ Michael W. Field

Joseph DiMaio, Esq.
McKinnon & Harwood
1168 Newport Avenue
Pawtucket, RI 02861