UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| EDUARDO HERNANDEZ<br>Plaintiffs, | : | |
| vs. | : | C.A. No.: 06-164ML |
| STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS, and | : | |
| DEPARTMENT OF CORRECTIONS, and | : | |
| ASHBEL T. WALL., Director of the Department of Corrections; in his official capacity, and | : | |
| JOHN DOE (ONE), Warden of the Department of Corrections Intake Service Center, in his official and individual Capacity, and; | : | |
| JOHN DOE (TWO), a/k/a "bailiff," alias John Doe, in his official and individual Capacity, and | : | |
| JOHN DOE (THREE) a/k/a "First Guard On Duty" alias Joe Doe, in his official And individual capacity, and | : | |
| JOHN DOE (FOUR) a/k/a "Second Guard On Duty" alias John Doe, in his official And individual capacity, | : | |
| JANE DOE (FIVE) a/k/a "Female Guard Duty" alias John Doe, in his official And individual capacity, | : | |
| JOHN DOE (SIX) a/k/a "Authority Figure On Duty" alias John Doe, in his official And individual capacity, | : | |
| JOHN DOE (SEVEN) a/k/a "Correctional Officer" alias John Doe, in his official And individual capacity, | : | |

| | |
|---|---|
| JOHN DOE (EIGHT) a/k/a "Employee Assigning PINs" alias John Doe, in his Official and individual capacity, | : |
| | : |
| JOHN DOE(S) (NINE) a/k/a "Unidentified Guards on Duty" alias John Doe, in his Official and individual capacity | : |
| Defendants, | : |

**SERGE ETESSE'S MOTION TO DISMISS FOR INSUFFICIENCY OF SERVICE OF PROCESS**

Now comes Serge Etesse, individually and in his official capacity, and moves this Honorable Court pursuant to Fed. Civ. Pro. R. 12(b)(2), (4), (5) to dismiss for insufficiency of service of process. A memorandum of law is attach in support.

SERGE ETESSE

By his Attorney
PATRICK C. LYNCH
ATTORNEY GENERAL

/s/ Michael W. Field___
Michael W. Field, # 5809
Special Assistant Attorney General
150 South Main Street
Providence, Rhode Island 02903
Ph (401) 274-4400 ext. 2380
Fax (401) 222-2995

**CERTIFICATION**

I hereby certify that the instant Motion was emailed on the 19th day of February, 2007, to the following individuals:

/s/ Michael W. Field___

Joseph Anthony DiMaio, Esquire
McKinnon & Harwood
1168 Newport Avenue
Pawtucket, RI 02861

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| EDUARDO HERNANDEZ<br>Plaintiffs,<br><br>vs.<br><br>STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS, and<br><br>DEPARTMENT OF CORRECTIONS, and<br><br>ASHBEL T. WALL., Director of the Department of Corrections; in his official capacity, and<br><br>JOHN DOE (ONE), Warden of the Department of Corrections Intake Service Center, in his official and individual Capacity, and;<br><br>JOHN DOE (TWO), a/k/a “bailiff,” alias John Doe, in his official and individual Capacity, and<br><br>JOHN DOE (THREE) a/k/a “First Guard On Duty” alias Joe Doe, in his official And individual capacity, and<br><br>JOHN DOE (FOUR) a/k/a “Second Guard On Duty” alias John Doe, in his official And individual capacity,<br><br>JANE DOE (FIVE) a/k/a “Female Guard Duty” alias John Doe, in his official And individual capacity,<br><br>JOHN DOE (SIX) a/k/a “Authority Figure On Duty” alias John Doe, in his official And individual capacity,<br><br>JOHN DOE (SEVEN) a/k/a “Correctional Officer” alias John Doe, in his official And individual capacity, | : | C.A. No.: 06-164ML |

| | |
|---|---|
| JOHN DOE (EIGHT) a/k/a "Employee | : |
| Assigning PINs" alias John Doe, in his | : |
| Official and individual capacity, | : |
| | : |
| JOHN DOE(S) (NINE) a/k/a "Unidentified | : |
| Guards on Duty" alias John Doe, in his | : |
| Official and individual capacity | : |
| Defendants, | : |

**SERGE ETESSE'S MEMORANDUM IN SUPPORT OF HIS MOTON TO DISMISS FOR INSUFFICIENCY OF SERVICE OF PROCESS**

## I. Background

In April 2006, Plaintiff Eduardo Hernandez (hereafter "Hernandez") instituted the instant § 1983 lawsuit naming certain State and Federal officials. Following a September 2006 hearing on the State Defendants' Motion to Dismiss,[1] based largely upon Will v. Michigan, 485 U.S. 1005 (1989), this Honorable Court granted Hernandez's oral motion to amend the complaint to name individual defendants. Despite this Court's September 2006 oral order, Hernandez did not amend his complaint (hereafter the "Amended Complaint") until January 8, 2007 – the same day discovery closed.

With respect to the instant matter, Hernandez's Amended Complaint still names the State Defendants, but also names nine "John/Jane Does." The Amended Complaint does not name or identify any persons in their individual capacity, and with respect to Serge Etesse, the Amended Complaint's title only references "JOHN DOE (TWO), a/k/a "bailiff," Alias John Doe, in his official and individual capacity." Later in the Amended

[1] The State Defendants named in the original lawsuit, as well as the Amended Complaint, are the State of Rhode Island, the Department of Corrections, and A.T. Wall, in his official capacity as Director of the Department of Corrections. Throughout this case, these defendants have collectively been referred to as the "State Defendants."

Complaint, Hernandez lists the Parties to this case. Again, with respect to Serge Etesse, Hernandez references:

> "The Defendant, JOHN DOE (TWO), a/k/a "bailiff," is sued herein in his official and individual capacities, and at all times material to this Complaint is and was the individual escorting Plaintiff out of the court room on June 16, 2005, into a small appearing cell with bars within the Courthouse. Said 'bailiff' is also identified by a State of Rhode Island Sheriff badge identification number '158.'" *Amended Complaint, ¶ 8.*

Nowhere in the Amended Complaint does Hernandez identify or reference Serge Etesse by name.

Despite the fact that "Serge Etesse" is not identified as a party to the Amended Complaint, nor does his name appear anywhere in the Amended Complaint, on February 8, 2007, Hernandez served Serge Etesse with a summons and a copy of the Amended Complaint. The summons identifies "JOHN DOE (TWO) a/k/a 'bailiff' Badge #158 alias Serge Etesse." Because Serge Etesse is not properly a party to the Amended Complaint, this Motion to Dismiss for Insufficient Service of Process should be granted.

## II. **Legal Analysis**

Fed. Civ. Pro. R. 4(a) provides that "[t]he summons shall be signed by the clerk, bear the seal of the court, identify the court and the parties, be directed to the defendant, and state the name and address of the plaintiff's attorney or, if unrepresented, of the plaintiff." (Emphasis added). According to Rule 4(e), service may be effected either by: (1) "pursuant to the law of the state in which the district court is located, or in which service is effected, for the service of a summons upon the defendant in an action brought in the courts of general jurisdiction of the State," or (2) "by delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at

the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process." (Emphases added).

It is well settled that rules relating to "service of process are to be followed and construed strictly, since jurisdiction of the court over the person of the defendant is dependent upon proper service having been made." Precision Etchings & Findings, Inc. v. LGP Gem, Ltd., 953 F.2d 21, 24 (1st Cir. 1992). Moreover, "[t]he burden of proof to establish proper service of process [is] upon plaintiffs." Saez Rivera v. Nissan Manufacturing Co., 788 F.2d 819, 821 n.2 (1st Cir. 1986).

Here, there is no question that Serge Etesse's name does not appear anywhere in the Amended Complaint, including its title. Instead, the Amended Complaint's title references only "JOHN DOE (TWO), a/k/a 'bailiff,'[2] Alias John Doe, in his official and individual capacity." Later, the Amended Complaint references "JOHN DOE (TWO), a/k/a 'bailiff,'" and relates that this "JOHN DOE" is also identified by Sheriff badge number 158. Although Hernandez will undoubtedly argue that the inclusion badge number # 158 is sufficient to identify Serge Etesse as a party-defendant, and therefore, make him amenable to service of process, case law does not support this argument.

In Gilliam v. Smart, 809 So.2d 905 (Fla. Dist. Ct. App. 2002), Plaintiff Smart was involved in a pre-dawn incident that allegedly resulted in her detainment, arrest, and being shoved into a jail cell without explanation. As a result, Plaintiff Smart filed an initial complaint against the Town of Havana and "Officer John Doe, with Badge No.

[2] It bears noting that Serge Etesse is not a bailiff.

305, individually." Id. at 906. Although Plaintiff Smart learned of the identify of the John Doe officer though discovery, Plaintiff Smart nonetheless filed her First Amended Complaint, which similar to her initial complaint, contained allegations against the Town of Havana and Officer John Doe, with Badge No. 305.

After filing her First Amended Complaint, Officer George Gilliam was served with a copy of the First Amended Complaint and with a summons directed to "George Gilliam, being served as Officer John Doe, Badge No. 305." Id. at 907. Subsequently, Officer Gilliam moved to quash the service of process on him as insufficient because no action had been commenced against him. Id. In apparent response to this Motion, Plaintiff Smart moved to file a Second Amended Complaint, which this time identified George Gilliam as "Officer John Doe with Badge No. 305." Id.

On appeal, Gilliam argued that:

> "[b]efore there can be valid service to confer personal jurisdiction over a defendant, an action must have commenced against the individual to make him a defendant. Gilliam asserts that the belated service of process on "George Gilliam, being served as Officer John Doe, Badge No. 305," was invalid because an action had not been commenced against Gilliam when he initially was served with process and with a copy of the first amended 'John Doe' complaint." Id. at 907-08.

In contrast, Plaintiff Smart argued that "valid process was served on Gilliam, and that the trial court acquired personal jurisdiction over him, simply because an action had been commenced against a 'John Doe' officer with the Town of Havana with Badge No. 305." Id. at 908.

After examining the respective arguments, the Florida appellate court reversed the trial court and determined that Plaintiff Smart's failure "to name the real party defendant

constitutes more than a mere error in the name given." Id. at 909. Specifically, the court observed that even though both the initial and the First Amended Complaint referenced John Doe with Badge No. 305, "Gilliam was served with a summons . . . by actual name, along with the first amended complaint (in which Gilliam was not named as a party defendant)." Id. The court explained that "[t]he service of process on an individual cannot be used to broaden the scope of the pleadings to add a defendant who is not named as a party in the complaint," and concluded that "[b]ecause an action had not commenced against Gilliam when he was served with process, the service was insufficient to confer personal jurisdiction over him." Id. See also Hudson v. Nye, 2006 WL 2290505 * 4 (S.D. Fla. 2006)("In order for a complaint against those [John Doe officers] to have been 'timely,' a pleading designating them by name must have been 'filed'" within the statute of limitations).

The facts at bar are akin to those presented in Gilliam. Here, the Amended Complaint case title merely identifies "JOHN DOE (TWO), a/k/a 'bailiff,' Alias John Doe, in his official and individual capacity," and later in the Amended Complaint, "JOHN DOE (TWO), a/k/a 'bailiff,'" is referenced as wearing Badge No. 158. ***See Amended Complaint*** *¶ 8*. Not only is Serge Etesse not a 'bailiff,' but as Gilliam makes clear, Hernandez's failure to name Serge Etesse as a party-defendant in the Amended Complaint makes service of process ineffectual. See Ensey v. Culhane, 727 A.2d 687, 690 (R.I. 1990)("unless these John Doe defendants are named and served with process within a reasonable time after their identities become known, they may not be considered parties to the case")(emphasis added).

Moreover, in addition to the above case law, the Federal Rules of Civil Procedure further supports this conclusion. For instance, Fed. Civ. Pro. R. 10(a) provides that "[e]very pleading shall contain a caption setting forth the name of the court, <u>the title of the action</u>, the file number, and a designation as in Rule 7(a)." (Emphasis added). Rule 10(a) continues that "[i]n the complaint <u>the title of the action</u> shall include the <u>names</u> of all the parties." (Emphases added). Here, there is no question that the title of the Amended Complaint does not contain the name of Serge Etesse, or even his badge number, but only contains the name of "JOHN DOE (TWO), a/k/a 'bailiff.'" <u>See also</u> Fed. Civ. Pro. R. 17(a)("Every action shall be prosecuted in the name of the real party in interest."); <u>Wayne v. Jarvis</u>, 197 F.3d 1098, 1102 (11th Cir. 1999)("to replace the 'John Does' with specifically named defendants constitutes a change in the parties sued").

## III. <u>**Conclusion**</u>

For the reasons discussed above, Serge Etesse respectfully submits that his Motion to Dismiss for Insufficiency of Service of Process should be granted. Etesse has not been named as a party to the Amended Complaint, and as such, is not amenable to service of process.

Serge Etesse

By his Attorney
PATRICK C. LYNCH
ATTORNEY GENERAL

<u>/s/ Michael W. Field___</u>
Michael W. Field, # 5809
Special Assistant Attorney General
150 South Main Street
Providence, Rhode Island 02903
Ph (401) 274-4400 ext. 2380
Fax (401) 222-2995

**CERTIFICATION**

I hereby certify that the instant Memorandum was emailed on the 19th day of February 2007, to the following individuals:

/s/ Michael W. Field___

Joseph Anthony DiMaio, Esquire
McKinnon & Harwood
1168 Newport Avenue
Pawtucket, RI 02861