**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF RHODE ISLAND**

EDUARDO HERNANDEZ
Plaintiff

VS

C.A. NO: 06-164ML

STATE OF RHODE ISLAND AND
PROVIDENCE PLANTATIONS, and

DEPARTMENT OF CORRECTIONS, and

ASHBEL T. WALL, Director of the Department
Of Corrections; in his official capacity, and

JOHN DOE (ONE), Warden of the
Department Of Corrections
Intake Service Center, in his official
and individual capacity and;

JOHN DOE (TWO), a/k/a "bailiff",
Alias John Doe, in his official
and individual capacity, and

JOHN DOE (THREE) a/k/a "First Guard On Duty"
Alias John Doe, in his official
and individual capacity

JOHN DOE (FOUR) a/k/a "Second Guard On Duty"
Alias John Doe, in his official
and individual capacity

JANE DOE (FIVE) a/k/a "Female Guard on Duty")
Alias John Doe, in his official
and individual capacity

JOHN DOE (SIX) a/k/a "Authority Figure On Duty "
Alias John Doe, in his official
and individual capacity

JOHN DOE (SEVEN) a/k/a "Correctional Officer")
Alias John Doe, in his official
and individual capacity

JOHN DOE (EIGHT) a/k/a "Employee Assigning PIN's" )
Alias John Doe, in his official )
and individual capacity )
)
JOHN DOE(S) (NINE) a/k/a "Unidentifiable Guards on Duty") )
Alias John Doe, in his official )
and individual capacity )

**PLAINTIFF'S OBJECTION TO**
**DEFENDANT, JOHN DOE (TWO) A/K/A SERGE ETESSE'S,**
**MOTION TO DISMISS FOR INSUFFICIENCY OF SERVICE OF PROCESS.**

**NOW** comes the Plaintiff, EDUARDO HERNANDEZ, ("Eduardo") and does hereby object to the Defendant, JOHN DOE (TWO) a/k/a Serge Etesse's, Motion to Dismiss for Insufficiency of Service of Process.

In support of this objection, and pursuant to the Local Rules of Civil Procedure, Plaintiff attaches hereto his Supporting Memorandum of Law.

Plaintiff,
By Counsel,

/s/ Joseph-Anthony DiMaio, Esq.
Joseph-Anthony DiMaio, Esq.
Attorney #3910
McKinnon & Harwood
1168 Newport Avenue
Pawtucket RI 02861
(401) 723-9655

**CERTIFICATION**

I hereby certify that on March 9, 2007, a true copy of the within, was served on Michael W. Field, Esq., at "mfield@riag.ri.gov" by electronic "CM/ECF" means only.

/s/ Joseph-Anthony DiMaio, Esq.
Joseph-Anthony DiMaio, Esq.

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| EDUARDO HERNANDEZ<br>Plaintiff | ) | |
| VS | ) | C.A. NO: 06-164ML |
| STATE OF RHODE ISLAND AND<br>PROVIDENCE PLANTATIONS, and | ) | |
| DEPARTMENT OF CORRECTIONS, and | ) | |
| ASHBEL T. WALL, Director of the Department<br>Of Corrections; in his official capacity, and | ) | |
| JOHN DOE (ONE), Warden of the<br>Department Of Corrections<br>Intake Service Center, in his official<br>and individual capacity and; | ) | |
| JOHN DOE (TWO), a/k/a "bailiff",<br>Alias John Doe, in his official<br>and individual capacity, and | ) | |
| JOHN DOE (THREE) a/k/a "First Guard On Duty"<br>Alias John Doe, in his official<br>and individual capacity | ) | |
| JOHN DOE (FOUR) a/k/a "Second Guard On Duty"<br>Alias John Doe, in his official<br>and individual capacity | ) | |
| JANE DOE (FIVE) a/k/a "Female Guard on Duty")<br>Alias John Doe, in his official<br>and individual capacity | ) | |
| JOHN DOE (SIX) a/k/a "Authority Figure On Duty "<br>Alias John Doe, in his official<br>and individual capacity | ) | |
| JOHN DOE (SEVEN) a/k/a "Correctional Officer")<br>Alias John Doe, in his official<br>and individual capacity | ) | |

JOHN DOE (EIGHT) a/k/a "Employee Assigning PIN's" )
Alias John Doe, in his official )
and individual capacity )
)
JOHN DOE(S) (NINE) a/k/a "Unidentifiable Guards on Duty") )
Alias John Doe, in his official )
and individual capacity )

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF**

**PLAINTIFF'S OBJECTION TO**
**DEFENDANT, JOHN DOE (TWO) A/K/A SERGE ETESSE'S,**
**MOTION TO DISMISS FOR INSUFFICIENCY OF SERVICE OF PROCESS.**

**RELEVANT FACTS:**

A summons was issued specifically naming "Serge Etesse" on February 1, 2007. (see Exhibit A –Docket Text; see also Exhibit B -Summons). The Defendant, Serge Etesse was personally served, in-hand, with that very summons, Exhibit B, on February 8, 2007 (Exhibit B). His very name, spelled correctly, was on that very document, the summons (Exhibit B), for at lease seven or more days.

Previous to the February, 2007 issuance of summons and service of process, on Friday, January 5, 2007, the Plaintiff was deposed (Exhibit C). At the conclusion of the deposition, a representation regarding Plaintiff's anticipated Amended Complaint referencing "John Doe" defendants, in light of the Plaintiff's deposition testimony and inability to name potential defendants, was conveyed. (see Exhibit C, -Deposition Transcript p122 lines 10-13).

**RELEVANT AUTHORITY:**

Rule 12(b) of the Federal Rules of Civil Procedure states, "...Every defense, ...shall be asserted in the responsive pleading..., except that the following defenses may at the option of the

pleader be made by motion: ...(2) lack of jurisdiction over the person, ...(4) insufficiency of process, (5) insufficiency of service of process,..." USCS Fed Rules Civ Proc R 12(b).

Rule 12(b)(4), insufficiency of process, is distinct from Rule 12(b)(5), insufficiency of service of process. The former is designed to challenge irregularities in contents of summons and the later is designed to challenge irregularities in manner of delivery of summons and complaint. Shong Ching Lau v Change 415 F Supp 627, 630 (FN3) (E.D. PA, 1976).

Rhode Island General Law ("R.I.Gen.Laws") §9-5-2 entitled "Writs and other process against unknown defendant," states that "[w]henever the name of any defendant or respondent is not known to the plaintiff, the summons and other process may issue against him or her by a fictitious name, or by such description as the plaintiff or complainant may select; and if duly served, it shall not be abated for that cause, but may be amended with or without terms as the court may order." R.I. Gen. Laws § 9-5-20

**ARGUMENT:**

As support for his motion (Document #31), the Defendant, Serge Etesse, cites the following:

A) Lack of jurisdiction over the person (Rule 12(b)(2)),

B) Insufficiency of process (Rule 12(b)(4)), and

C) Insufficiency of service of process (Rule 12(b)(5)).

These reasons are inadequate in light of the facts and the authority stated herein.

**A) Lack of jurisdiction over the person (Rule 12(b)(2)),**

Defendant's motion cites to Fed. Civ. Pro. R. 12(b)(2), however Defendant's Supporting Memorandum fails to raise or discuss any facts challenging whether the Defendant, Serge Etesse's has sufficient minimum contacts to subject him to the *in*

*personam* jurisdiction of this court. International Shoe Co. v. Washington, 326 U.S. 310, 321 (U.S. 1945). Reviewing the allegations contained in Plaintiff's Amended Complaint Document #21, filed on January 8, 2007) which remain unchallenged by the Defendant, Serge Etesse, the Plaintiff avers, *inter alia*, that the Defendant was employed by the State of Rhode Island (Document #21, ¶126) in the courthouse located at One Dorrance Plaza, providence Rhode Island (Document #21, ¶¶8 and 22), and imprisoned the Plaintiff, denied the Plaintiff the opportunity to pay bail, and denied the Plaintiff the opportunity to verify his United States Citizenship (Document #21, ¶¶50-52, 57-60). These averments subject this Defendant, Serge Etesse, to the jurisdiction of this court and subject him to its legal process.

Moreover, Exhibit B indicates that the Defendant was in fact served within this jurisdiction, at the very courthouse where he worked, and where the events giving rise to his liability occurred. Id, Document #21. For these reasons, a challenge to *in personam* jurisdiction is flawed and should not be a basis of a Rule 12 motion to dismiss.

In his supporting memorandum, Defendant comments[1] that the Amended Complaint does not identify the Defendant by name (Document #31, p4 "Serge Etesse's

---

[1] Defendant made a special note in his Supporting Memorandum, challenging that Serge Etesse "is not a bailiff." (Document #31, p4 FN2). Plaintiff submits that any Defense argument impugning the use of the descriptive term "bailiff" is specious and should be disregarded. It bears noting that the State of Rhode Island understood the term's meaning, and evidenced their understanding by responding in-kind, with a complete sentence, to an interrogatory answer stating "[t]he **'bailiff,'** identified as wearing badge #158, is Deputy Sheriff Serge Etesse." (emphasis supplied) (Exhibit D). That answer does not challenge by way of proffer or affidavit the descriptive term

name does not appear anywhere in the Amended Complaint, including its title. Instead, the Amended Complaint's title references only 'JOHN DOE (TWO), a/k/a 'bailiff' "), and then relies upon the Court of Appeals for the First District of Florida for the proposition that Serge Etesse is not amenable to process (Defendant's Supporting Memorandum, p4 *citing* "Gilliam v. Smart"). While the Gilliam case may be interesting and have some similar facts[2], Gilliam is not authoritative in this jurisdiction, and contains no discussion of the effect of any statute such as Rhode Island General Law ("R.I.Gen.Laws") §9-5-2 entitled "Writs and other process against unknown defendant."

At the Plaintiff's January 5, 2007 deposition, since the names of potential defendant's were not know by the Plaintiff, reference was made to the need to identify these real persons as "John Doe" (see Exhibit C, -Deposition Transcript p122 lines 10-13). In light of R.I.Gen.Laws §9-5-2, there is statutory authority to file a complaint

---

"bailiff". Ostensibly, who better to know the role of an employee than an individual's employer, the State of Rhode Island in this case.

2 Gilliam is distinguishable based on two significant facts. First, in Gilliam, the officer's true name was provided through discovery seven months before the Gilliam amended complaint was filed. In the case at bar, the Defendant, Serge Etesse's name was actually learned through Plaintiff's own diligent attorney work product prior to receiving a discovery answer. This is evident from a comparison of the summons issued by the clerk on February 1, 2007, identifying Serge Etesse (Exhibit A), compared to the Defendant's February 2, 2007 discovery response disclosing his name (see Exhibit D – Interrogatory answer executed by Jo-Ann Macari on February 2, 2007).

Second, contrary to Gilliam, Defendant, Serge Etesse's name was learned after filing the Amended Complaint. This too is evident by comparing the January 8, 2007 filing date of the Plaintiff's Amended Complaint, against the February 1, 2007 issuance date for the summons (Exhibit C), and/or the February 2, 2007 interrogatory answer (Exhibit D). Thus, contrary to Gilliam, in the case at bar, Plaintiff did not engage in a charade of filing a complaint identifying a "John Doe" at a time when his name was in fact known, and did not wait an unreasonable amount of time to serve Serge Etesse once that name was known.

identifying a Defendant "by such description as the plaintiff or complainant may select" Id. "If duly served, it shall not be abated for that cause, but may be amended with or without terms as the court may order." Id. Accordingly, for the statutory reason, Defendant's claim of lack of jurisdiction over the person should not be granted. If given any consideration, Defendant's motion would be cause to permit "amendment with or without terms as the court may order". Id. It should be noted that the Plaintiff is still within the statute of limitations and within the 120 days from the date of filing the amended complaint. Therefore, no prejudice could possibly come to the Defendant, nor was any asserted.

Defendant cites Ensey v. Culhane, 727 A.2d 687 (R.I. 1990) to support his position. However based on the authority cited in Ensey, it is not clear whether it is restricted to only situations involving an expired statute of limitations. A review of the authorities cited in Ensey, appear to give equal support for the pre-expiration practice of filing the "John Doe" complaint, and then naming the defendant on the summons, and serving that process within a reasonable amount of time after the defendant's identity is known. (see generally Ensey v. Culhane, 727 A.2d 687 (R.I. 1990)[3]). Ensey does not

---

[3] "the naming of John Doe defendants will not toll the statute of limitations unless they are served with process within a reasonable time after they are identified or in the exercise of reasonable diligence could be identified. Hall, slip op. at 5. The identities of the police officers who investigated the case and obtained the arrest warrant became known to plaintiff by reason of the defendants' answer to plaintiffs' interrogatories in March of 1994. Despite a three-year opportunity before the hearing on summary judgment, at no time did plaintiff attempt to amend his complaint to join the identified officers as parties defendant...

...In respect to the non-party officers, the statute of limitations has long passed and, in absence of **timely service of process**, those unnamed officers cannot now be

establish a clear requirement that the complaint name the Defendant as opposed to the summons, nor does it establish a clear requirement that the complaint be amended to identify the defendant by any means contrary to the language of R.I.Gen.Laws §9-5-2, "by such description as the plaintiff or complainant may select" Id. The proper manner to proceed in light of the Defendant's Motion, is to seek raised is to "amend with or without terms as the court may order." Id. Given the fact that the Plaintiff in the case at bar is well within the statute of limitations, Ensey does not appear to be a good fit[4].

Our Federal District court recognizes the importance of R.I. Gen. Laws § 9-5-20. Westfall, *supra*. Reading Westfall, Ensey, and R.I. Gen. Laws § 9-5-20, together, the best practice may be for the court to simply order amendment of the complaint in a fashion that will please the Defendant, and then re-service the complaint upon the Defendant, either at his resident address or through an agent which he may designate for service of process, or upon such other terms as the court may order. Since a dismissal granted because of insufficient service of process is "without prejudice" and does not preclude a plaintiff from refiling upon the same claim (Furtado v. Laferriere, 839 A.2d

---

named as parties. Hall, slip op at 5; see also Ricci v. Ricci, 689 A.2d 1051, 1053 (R.I. 1997) (delay of seven and a half months between filing complaint and service of process upon defendant held unreasonable); Catone v. Multimedia Concepts, Inc., 483 A.2d 1081, 1084 (R.I. 1984) (delay of thirteen months held unreasonable); Simmons v. State, 462 A.2d 974, 975 (R.I. 1983) (delay of three years held unreasonable); Curtis v. Diversified Chemicals and Propellants Co., 440 A.2d 747, 749 (R.I. 1982) (delays of four to seven months in serving various defendants held unreasonable); Caprio v. Fanning & Doorley Construction Co., 104 R.I. 197, 200, 243 A.2d 738, 740 (1968) (delay of more than twelve months held unreasonable)."

Ensey v. Culhane, 727 A.2d 687, 690 (R.I. 1990)

4 In essence, Ensey dismisses the action due to the unreasonable delay in serving the actual intended person with process after the expiration of the statute of limitations.

533, 538 (R.I. 2004), any other treatment simply creates a waste of valuable judicial resources and attorney time.

**B) Insufficiency of process (Rule 12(b)(4))**

The defense of insufficiency of process pertains to irregularities in the contents of the summons. Shong Ching Lau v Change, 415 F Supp 627, 630 (FN3) (E.D. PA, 1976). It does not pertain to any irregularity in the contents of the complaint or the identification of the parties in the complaint. Defendant's Fed. Civ. Pro. R. Rule 4(a) issue raised in his memorandum, that summons shall be "directed to the defendant" (Document #31, Defendants Memorandum p3), is easily addressed.

A review of Exhibit A, reveals that the clerk intended to issue a summons specifically directed to that very named Defendant on February 1, 2007, and recorded a docket entry to that effect (see Exhibit A). Review of Exhibit B is the actual document, the summons, issued by the clerk consistent with the clerk's intent to issue that very document (compare Exhibit A); both exhibits reflect the Defendant's proper name, "Serge Etesse". The clerk signed that summons, and that summons bears the seal of the court, identifies the parties, is **directed to the defendant**, and states the name and address of the Plaintiff's attorney (see Exhibit B). Accordingly, Defendant's argument under Rule 12(b)(4) fails since the process is not defective. The Defendant raises no issue of fact or law which questions the integrity of the summons or the manner in which it was issued. At best, he may take umbrage with the reference to the term "bailiff", however it appears a fitting operative description (supra, Exhibit D).

**C) Insufficiency of service of process (Rule 12(b)(5))**

The defense of insufficiency of service of process pertains to irregularities in the manner of delivery of summons and complaint. Shong Ching Lau v Change, 415 F Supp 627, 630 (FN3) (E.D. PA, 1976). It too does not pertain to any irregularity in the contents of the complaint or the identification of the parties in the complaint. Review of Exhibit B indicates in-hand service of process on the Defendant at One Dorrance Plaza by a Federal Constable, Ronald Russo, whom completed his return on the reverse of the summons which was filed forthwith with the court. The summons and complaint was not served on someone of suitable age and discretion residing at the defendant's dwelling, or by long-arm, or by mail, or by tack-on, or by publication, or by any other alternative method. Since the Defendant raises no issue with the manner, i.e. the day, time, place, or other circumstances under which the summons and complaint came into his physical possession, his Rule 12(b)(5) argument too fails.

**CONCLUSION:**

Plaintiff is well within the statute of limitations. Defendant's motion only delays the inevitable in light of Furtado, *supra*. His identity is know and he will be brought to justice. It is only a matter of time. Since, the Defendant's Motion and Supporting Memorandum appears to focus on the argument that since the Defendant, Serge Etesse, was not identified by name in the complaint, as opposed to the summons, that somehow effects the process which correctly identifies. Unfortunately, that analysis is against the statutory authority of R.I. Gen. Laws § 9-5-20, *supra*.

If Defendant's motion is granted, respectfully under the timing circumstances of the case at bar, the Plaintiff requests this Honorable Court exercise discretion and order such relief either with or without terms as this court may order, consistent with R.I. Gen. Law §9-5-20 or otherwise as is within its equitable jurisdiction.

Respectfully
submitted by Plaintiff,
Through Counsel,

/s/ Joseph-Anthony DiMaio, Esq.
Joseph-Anthony DiMaio, Esq.
Attorney #3910
McKinnon & Harwood
1168 Newport Avenue
Pawtucket RI 02861
(401) 723-9655

**CERTIFICATION**

I hereby certify that on March 9, 2007, a true copy of the within, was served on Michael W. Field, Esq., at "mfield@riag.ri.gov" by electronic "CM/ECF" means only.

/s/ Joseph-Anthony DiMaio, Esq.
Joseph-Anthony DiMaio, Esq.