UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| EDUARDO HERNANDEZ<br>Plaintiffs,<br><br>vs.<br><br>STATE OF RHODE ISLAND AND<br>PROVIDENCE PLANTATIONS, and<br><br>DEPARTMENT OF CORRECTIONS, and<br><br>ASHBEL T. WALL., Director of the<br>Department of Corrections; in his official<br>capacity, and<br><br>JOHN DOE (ONE) – (NINE)<br>Defendants, | : | C.A. No.: 06-164ML |

**DEFENDANTS' MOTION IN LIMINE TO TAKE JUDICIAL NOTICE THAT THE IMMIGRATION AND CUSTOMS ENFORCEMENT DETAINER WAS FACIALLY VALID AND PROPERLY ISSUED**

Now come the Defendants and respectfully request that this Honorable Court take judicial notice that for purposes of this case the detainer issued by Immigration and Customs Enforcement was facially valid and properly issued, and entitled to be relied upon by the State Defendants. A memorandum of law is attached.

Respectfully submitted,
DEFENDANTS

By its Attorney,

PATRICK C. LYNCH
ATTORNEY GENERAL

/s/ Michael W. Field

Michael W. Field, #5809
Special Assistant Attorney General
Brenda Baum, # 5184
Assistant Attorney General
150 South Main Street
Providence, RI 02903
Tel. (401) 274-4400 Ext. 2380
Fax (401) 222-2995
**mfield@riag.ri.gov**
**bbaum@riag.ri.gov**

## CERTIFICATION

I, the undersigned, hereby certify that a copy of the foregoing Motion was e-mailed, on this 26th day of June, 2007 to those indicated below:

Joseph DiMaio, Esq.
**contact@mckinnonharwood.com**

/s/ Michael W. Field

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| EDUARDO HERNANDEZ<br>Plaintiffs, | : | |
| vs. | : | C.A. No.: 06-164ML |
| STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS, and | : | |
| DEPARTMENT OF CORRECTIONS, and | : | |
| ASHBEL T. WALL., Director of the Department of Corrections; in his official capacity, and | : | |
| JOHN DOE (ONE) – (NINE)<br>Defendants, | : | |

**DEFENDANTS' MEMORNADUM OF LAW IN SUPPORT OF MOTION IN LIMINE TO TAKE JUDICIAL NOTICE THAT THE IMMIGRATION AND CUSTOMS ENFORCEMENT DETAINER WAS FACIALLY VALID AND PROPERLY ISSUED**

The State Defendants respectfully request that this Honorable Court take judicial notice that for purposes of this case, the detainer issued by Immigration and Customs Enforcement (hereafter "ICE") was facially valid and properly issued, and entitled to be relied upon by the State Defendants. A copy of the detainer is attached as ***Exhibit A***. Such a ruling is consistent with Rhode Island case law.

Specifically, in Moody v. McElroy, 513 A.2d 5 (R.I. 1986), the Rhode Island Supreme Court examined a tort action based upon a facially valid arrest warrant, which was improperly issued without jurisdiction. In response to the plaintiff's argument that

the defendants relied upon a void warrant, the Rhode Island Supreme Court cited the Restatement (Second) Torts § 123 comment a (1965) with approval, observing:

> "[a] warrant is valid even though the court, through lack of information or otherwise, has issued it for the arrest of a person in fact innocent of the offense alleged. The guilt or innocence of the accused is not a matter which concerns the officer. It is his duty to serve the warrant and he [may] do so, even though he has reason to believe or even knows that the person for whose arrest the warrant is issued is in fact innocent of the offense with which he is charged." Id. at 8. (Emphasis added).

The Court continued that "[t]he officer can rely on the warrant as well as any representation of authority, jurisdiction, and probable cause," id., and that "[b]ecause the judicial officer issuing the arrest warrant has determined that the warrant is supported by probable cause, the arresting officer will be justified in relying on this determination and making the arrest. Id. at 9.

Similarly, the State Defendants were entitled to rely upon the facially valid detainer issued by ICE and such a determination is consistent with 8 U.S.C. § 287.7, as well as this Honorable Court's decision on the State Defendants' Motion for Summary Judgment. In particular, § 287.7 provides in relevant part that upon the issuance of an ICE detainer a law enforcement agency "shall maintain custody of the alien for a period not to exceed 48 hours, excluding Saturdays, Sundays, and holidays." (Emphasis added). Moreover, this Honorable Court has already determined that on the basis of the ICE detainer and § 287.7, the State Defendants were legally entitled to maintain custody of Plaintiff Hernandez from Thursday, June 16, 2005, through at least Sunday, June 19, 2005.

Accordingly, for the reasons stated, Defendants pray that this Honorable Court take judicial notice that for purposes of this case the ICE detainer issued against Plaintiff Hernandez was facially valid and entitled to be relied upon by the State Defendants.

Respectfully submitted,
DEFENDANTS

By its Attorney,

PATRICK C. LYNCH
ATTORNEY GENERAL

/s/ Michael W. Field
___________________________

Michael W. Field, #5809
Special Assistant Attorney General
Brenda Baum, # 5184
Assistant Attorney General
150 South Main Street
Providence, RI 02903
Tel. (401) 274-4400 Ext. 2380
Fax (401) 222-2995
**mfield@riag.ri.gov**
**bbaum@riag.ri.gov**

## CERTIFICATION

I, the undersigned, hereby certify that a copy of the foregoing Memorandum was e-mailed, on this 26th day of June, 2007 to those indicated below:

Joseph DiMaio, Esq.
contact@mckinnonharwood.com

/s/ Michael W. Field

_______________________________