UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| EDUARDO HERNANDEZ<br>Plaintiffs, | : | |
| vs. | : | C.A. No.: 06-164ML |
| STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS, and | : | |
| DEPARTMENT OF CORRECTIONS, and | : | |
| ASHBEL T. WALL., Director of the Department of Corrections; in his official capacity, and | : | |
| JOHN DOE (ONE) – (NINE)<br>Defendants, | : | |

**DEFENDANTS' MOTION IN LIMINE TO EXCLUDE EVIDENCE THAT THE IMMIGRATION AND CUSTOMS ENFORCEMENT DETAINER WAS ISSUED IN ERROR**

Now come the Defendants and seek to exclude evidence that the Immigration and Customs Enforcement detainer relating to Plaintiff Hernandez was issued in error. The Defendants submit that such evidence is barred by Rules 401, 402, and 403 of the Rules of Evidence. A memorandum of law is attached.

Respectfully submitted,
DEFENDANTS

By its Attorney,

PATRICK C. LYNCH
ATTORNEY GENERAL

/s/ Michael W. Field
Michael W. Field, #5809
Special Assistant Attorney General

Brenda Baum, # 5184
Assistant Attorney General
150 South Main Street
Providence, RI 02903
Tel. (401) 274-4400 Ext. 2380
Fax (401) 222-2995
**mfield@riag.ri.gov**
**bbaum@riag.ri.gov**

## CERTIFICATION

I, the undersigned, hereby certify that a copy of the foregoing Motion was e-mailed, on this 26th day of June, 2007 to those indicated below:

Joseph DiMaio, Esq.
**contact@mckinnonharwood.com**

/s/ Michael W. Field

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| EDUARDO HERNANDEZ<br>Plaintiffs, | : | |
| vs. | : | C.A. No.: 06-164ML |
| STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS, and | : | |
| DEPARTMENT OF CORRECTIONS, and | : | |
| ASHBEL T. WALL., Director of the Department of Corrections; in his official capacity, and | : | |
| JOHN DOE (ONE) – (NINE)<br>Defendants, | : | |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION IN LIMINE TO EXCLUDE EVIDENCE THAT THE IMMIGRATION AND CUSTOMS ENFORCEMENT DETAINER WAS ISSUED IN ERROR**

## I. SUBJECT MATTER OF MOTION IN LIMINE

The State Defendants seek to exclude testimony and evidence that the detainer issued by Immigration and Customs Enforcement (hereafter "ICE") was in error. Since any error in the issuance of the ICE detainer, as well as any associated statements or evidence relating to an error in issuing the detainer, do not pertain to Plaintiff's allegation that he was not permitted to make bail by the Department of Corrections (hereafter "DOC"), such evidence is irrelevant and unduly prejudicial.

It is expected that Plaintiff Hernandez would testify that in the mid-morning hours of Wednesday, June 22, 2005, he was transferred from DOC custody into ICE custody. During his transport, it is expected that Plaintiff Hernandez would testify that he told ICE

agents that he was a United States citizen and that the ICE detainer was in error. It is expected that Plaintiff Hernandez would testify that ICE agents laughed at his comments and otherwise dismissed his United States citizenship, and thereafter, threatened to deport Plaintiff to Guatemala within three (3) days. It is also expected that after being allowed to make a telephone call and requesting friends/family to bring documentation supporting his United States citizenship claims, i.e., passport, birth certificate, and social security card, ICE officials examined Plaintiff Hernandez's documentation and released him in the mid-afternoon hours of Wednesday, June 22, 2005. It is also expected that Plaintiff Hernandez would testify that following inspection of his passport, ICE officials discovered their error, repeatedly apologized to Hernandez, and released him from custody.

Examples of testimony or evidence that the State Defendants seek to bar include:

a. Statements made by Plaintiff Hernandez to ICE agents that he was a United States citizen;

b. Statements made by ICE agents to Plaintiff Hernandez dismissing (and laughing) his United States citizenship claims and threatening to deport Hernandez to Guatemala;

c. Plaintiff Hernandez's telephone call to family or friends requesting that they bring documentation supporting his citizenship to ICE;

d. ICE officials review of Hernandez's passport, social security card, birth certificate, as well as any other document supporting citizenship;

e. ICE officials determination that the ICE detainer issued against Plaintiff Hernandez was in error;

f. ICE officials apologizing and releasing Plaintiff Hernandez after discovering that the ICE detainer was issued in error.

## II. **RATIONALE**

The State Defendants seek to bar the above evidence because its admission is irrelevant and unduly prejudicial.

All of the above evidence tends to demonstrate that the ICE detainer, although facially valid, was issued against Plaintiff Hernandez in error and that ICE officials acknowledged their error by releasing Plaintiff Hernandez from custody in the mid-afternoon hours of June 22, 2005, with their apologizes. Although the above evidence may demonstrate that there was an error with respect to the ICE detainer itself, the actions of ICE in issuing the detainer, as well as the actions and statements of ICE officials during Hernandez's custody, simply has no bearing on the issue of whether the Department of Corrections wrongfully incarcerated Hernandez on a basis other than the ICE detainer.

The reason for the irrelevancy of the above-described evidence is, of course, because the State Defendants were entitled to rely upon the facially valid detainer and mittimus. See Moody v. McElroy, 513 A.2d 5, 9 (R.I. 1986)("Because the judicial officer issuing the arrest warrant has determined that the warrant is supported by probable cause, the arresting officer will be justified in relying on this determination and making the arrest."). In fact, this Honorable Court has already determined that on the basis of the detainer and 8 U.S.C. § 287.7, the State Defendants could lawfully detain Hernandez until at least Monday, June 20, 2005. Since the validity of the ICE detainer is not in issue – at least for the purposes of this trial – evidence tending to demonstrate that the detainer

was issued in error, and that ICE officials determined that there was an error, should be excluded. Admission of actions/statements made by ICE officials acknowledging an error could lead to an impermissible inference that Department of Corrections officials also erred.

III. **CONCLUSION**

For the reasons set forth above, the State Defendants pray that this Honorable Court exclude evidence that:

a. Statements made by Plaintiff Hernandez to ICE agents that he was a United States citizen;

b. Statements made by ICE agents to Plaintiff Hernandez dismissing (and laughing) his United States citizenship claims and threatening to deport Hernandez to Guatemala;

c. Plaintiff Hernandez's telephone call to family or friends requesting that they bring documentation supporting his citizenship to ICE;

d. ICE officials review of Hernandez's passport, social security card, birth certificate, as well as any other document supporting citizenship;

e. ICE officials determination that the ICE detainer issued against Plaintiff Hernandez was in error;

f. ICE officials apologizing and releasing Plaintiff Hernandez after discovering that the ICE detainer was issued in error.

Respectfully submitted,

DEFENDANTS

By its Attorney,

PATRICK C. LYNCH
ATTORNEY GENERAL

/s/ Michael W. Field

Michael W. Field, #5809
Special Assistant Attorney General
Brenda Baum, # 5184
Assistant Attorney General
150 South Main Street
Providence, RI 02903
Tel. (401) 274-4400 Ext. 2380
Fax (401) 222-2995
**mfield@riag.ri.gov**
**bbaum@riag.ri.gov**

**CERTIFICATION**

I, the undersigned, hereby certify that a copy of the foregoing Memorandum was e-mailed, on this 26th day of June, 2007 to those indicated below:

Joseph DiMaio, Esq
contact@mckinnonharwood.com

/s/ Michael W. Field