**UNITED STATES DISTRICT COURT**
**FOR THE DISTRCIT OF RHODE ISLAND**

| | | |
|---|---|---|
| **EDUARDO HERNANDEZ** | : | |
| **Plaintiff** | : | |
| | : | |
| **vs.** | : | **C.A. No.: 06-164 ML** |
| | : | |
| **STATE OF RHODE ISLAND AND** | : | |
| **PROVIDENCE PLANTATIONS, and** | : | |
| **DEPARTMENT OF CORRECTIONS,** | : | |
| **And ASHBEL T. WALL, Director of the** | : | |
| **Department of Corrections, in his official** | : | |
| **Capacity, andJOHN DOE (ONE)–(NINE)** | : | |
| **Defendants** | : | |

**DEFENDANTS' STATE OF RHODE ISLAND, DEPARTMENT OF CORRECTIONS AND DIRECTOR ASHBEL T. WALL'S MOTION IN LIMINE TO EXCLUDE EVIDENCE RELATING TO DAMAGES**

Now come Defendants State of Rhode Island, Department of Corrections, and Director Ashbel T. Wall (hereinafter "State Defendants") and seek to (1) exclude evidence of all damages, mental/emotional or physical injuries or lost wages prior to June 20, 2005 and (2) exclude evidence of mental/emotional or physical injuries during the period of June 20, 2005 to June 22, 2005. The State Defendants submit that such evidence should be excluded pursuant to Rules 401, 402 and 403 of the Federal Rules of Evidence as well as Plaintiff's failure to proffer expert medical testimony.

Respectfully submitted,
DEFENDANTS

By its Attorney,

PATRICK C. LYNCH
ATTORNEY GENERAL

/s/ Michael W. Field
Michael W. Field, #5809

Special Assistant Attorney General
Brenda Baum, # 5184
Assistant Attorney General
150 South Main Street
Providence, RI 02903
Tel. (401) 274-4400 Ext. 2380
Fax (401) 222-2995
**mfield@riag.ri.gov**
**bbaum@riag.ri.gov**

**CERTIFICATION**

I, the undersigned, hereby certify that a copy of the foregoing Motion was e-mailed, on this 26th day of June, 2007 to those indicated below:

Joseph DiMaio, Esq.
**contact@mckinnonharwood.com**

/s/ Michael W. Field

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRCIT OF RHODE ISLAND**

| | | |
|---|---|---|
| **EDUARDO HERNANDEZ** | **:** | |
| **Plaintiff** | **:** | |
| | **:** | |
| **vs.** | **:** | **C.A. No.: 06-164 ML** |
| | **:** | |
| **STATE OF RHODE ISLAND AND** | **:** | |
| **PROVIDENCE PLANTATIONS, and** | **:** | |
| **DEPARTMENT OF CORRECTIONS,** | **:** | |
| **And ASHBEL T. WALL, Director of the** | **:** | |
| **Department of Corrections, in his official** | **:** | |
| **Capacity, andJOHN DOE (ONE)–(NINE)** | **:** | |
| **Defendants** | **:** | |

**DEFENDANTS' STATE OF RHODE ISLAND, DEPARTMENT OF CORRECTIONS AND DIRECTOR ASHBEL T. WALL'S MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION IN LIMINE TO EXCLUDE EVIDENCE RELATING TO DAMAGES**

Now come Defendants State of Rhode Island, Department of Corrections, and Director Ashbel T. Wall (hereinafter "State Defendants") and seek to (1) exclude evidence of all damages, mental/emotional or physical injuries or lost wages prior to June 20, 2005 and (2) exclude evidence of mental/emotional or physical injuries during the period of June 20, 2005 to June 22, 2005.

**A. Evidence of Injuries or Damages Incurred Prior to Monday, June 20, 2005 Should Be Excluded.**

The State Defendants respectfully submit that any and all evidence of injuries or damages incurred by Plaintiff Hernandez prior to Monday, June 20, 2005 should be excluded from evidence. As originally filed, Plaintiff Hernandez claimed that his incarceration from Thursday, June 16, 2005 through Wednesday, June 22, 2005 was wrongful. Despite this accusation, however, this Honorable Court has already determined that for purposes of this case, Plaintiff's incarceration from June 16, 2005,

through June 19, 2005 was lawful and that the State Defendants are not liable for this period of time. *See Exhibit A (Order)*. Since this Honorable Court has already determined that as a matter of law the State Defendants acted lawfully prior to June 20, 2005, Defendants respectfully submit that any and all evidence of damages or injuries prior to June 20, 2005 should also be excluded. Such evidence is not relevant and any probative value it may have is substantially outweighed by its prejudicial effect. *See* Federal Rules of Evidence 401, 402, and 403.

**B. <u>Evidence of Injuries From June 20, 2005 to June 22, 2005 Should Be Excluded.</u>**

The only claim remaining in this case after summary judgment is a state law negligence claim for the time period of June 20, 2005 to June 22, 2005. In order to prevail and be eligible for a damage award, Plaintiff Hernandez must show that State Defendants negligently held him from June 20, 2005 to June 22, 2005, and such negligence proximately caused mental/emotional and/or physical damages. State Defendants submit that the facts of this case compel Plaintiff to present expert medical testimony establishing the origin and causal connection of the emotional/mental injuries to the alleged negligent conduct by the State Defendants. Absent such expert medical testimony, evidence regarding mental/emotional or physical damages should be excluded.

It is undisputed that during his deposition, Plaintiff testified that as a result of being held at the ACI he was: (1) depressed that he was going to lose his job as he was scheduled to be at work on June 16, 2005 and no one knew where he was[1], (2) depressed for a couple of weeks after his release because he had never been in jail before and he

[1] Deposition Transcript of Eduardo Hernandez at page 114.

could not stop thinking about it or dreaming that he was in jail[2], and (3) humiliated and shamed as he claimed that his friends and co-workers look at him differently because it was his responsibility that he was driving without a license and he was in jail for a long term[3]. Plaintiff Hernandez admitted that he did not seek counseling or treatment with a physician for these complaints[4]. Plaintiff Hernandez further admitted that he did not suffer any physical problems as a result of his incarceration at the ACI.[5]

In order to prevail on his damage claim Plaintiff Hernandez must show that State Defendants' negligence was the proximate cause of his detention at the ACI from June 20, 2005 to June 22, 2005, and because of such negligence he suffered mental/emotional damages.

Rhode Island law is controlling on the issue of proximate cause in the context of a common law negligence claim. Forrestal v. Magendantz, 848 F.2d 303, 306-07 (1st Cir. 1988). Under Rhode Island law "'[i]t is well settled that in order to gain recovery in a negligence action, a plaintiff must establish * * * proximate causation between the conduct and the resulting injury ***.'" …"'[P]roximate cause is established by showing that but for the negligence of the tortfeasor, injury to the Plaintiff would not have occurred.'" Contois v. Town of West Warwick, 865 A.2d 1019, 1023 (R.I. 2004)(Citations omitted).

Plaintiff Hernandez admits that he did not suffer any physical injury with respect to his detention at the ACI from June 16 to June 22, 2005; however, he does assert that he suffered some depression, shame and humiliation and that he had dreams about his

---

[2] Deposition Transcript at Page 115.
[3] Deposition Transcript at Pages 115-116.
[4] Deposition at Page 115.
[5] Deposition at Page 115.

incarceration. Plaintiff may be competent to testify that he suffered some emotional damage, but given the fact that this Honorable Court has already ruled that the first four (4) days of Hernandez's incarceration was lawful, Defendants submit that any evidence concerning the "origin and causal connection" of these mental damages requires expert testimony. Vallinoto v. DiSandro, 688 A.2d 830, 838-39 (R.I. 1997). Plaintiff claims that such mental injuries resulted from several different causes and different time periods.

For instance, Plaintiff's fear that he was going to lose his job since he was scheduled to be at work on June 16, 2005 and that no one knew where he was cannot be attributable to the alleged negligence of the State Defendants since this Court has already found that Plaintiff's incarceration from June 16, 2005 to June 19, 2005 was lawful. Plaintiff's claim of humiliation and shame premised on the fact that that his friends and co-workers look at him differently because it was his responsibility that he was driving without a license likewise cannot be attributable to any alleged negligence by the State Defendants since Plaintiff has plead *nolo contendere* to this charge. The remaining claims relate to Plaintiff's allegations that he suffered mental/emotional damages because he had never been in jail before and experienced humiliation and shame because he was in jail for a long term. State Defendants submit that Plaintiff must present expert medical testimony establishing a causal connection between any asserted mental/emotional injures and the alleged negligent detention from June 20, 2005 to June 22, 2005, as distinguished from the lawful incarceration of Plaintiff from June 16, 2005 to June 19, 2005.[6] Plaintiff has the burden of demonstrating that but for State Defendants' negligent

[6] It is also noteworthy in this discussion that from the afternoon of June 15, 2005, until being presented to the Sixth Division District Court on June 16, 2005, Plaintiff was incarcerated at the Pawtucket Police Department.

incarceration of him from June 20, 2005 to June 22, 2005 that the mental injuries would not have occurred.

State Defendants acknowledge that in some circumstances the Rhode Island Supreme Court has dispensed with the requirement of expert testimony (*see* Shoucair v. Brown University, 917 A.2d 418, 432-33 (R.I. 2007) and Adams v. Uno Restaurants, Inc., 794 A.2d 489, 492-93 (R.I. 2002)). However, State Defendants submit that this case is distinguishable from Shoucair and Adams in several respects. In Adams, the plaintiff was a "whistle blower" who alleged that his wrongful termination and his employer having him arrested were a pretext for retaliating against him for having called the Department of Health. 794 A.2d at 492. The Adams Court reasoned that:

> On the particular facts before us, we do not find the absence of expert medical testimony to support the plaintiff's claim for damages resulting from his alleged emotional distress and humiliation to be fatal to that portion of his claim for damages. Unlike the usual case where a claim for emotional distress and humiliation is oftentimes made without objective facts to substantiate such a claim, expert medical testimony is deemed necessary to assist the fact finder in determining not only the validity but also the causal relationship of any emotional distress. In this case, the trial jury had before it clear objective and uncontroverted evidence concerning the plaintiff's complaint to the Warwick police; his arrest by the Warwick police; the criminal charge for disorderly conduct made against him; his arraignment on that charge; the revocation of his military security clearance and the resulting loss of his opportunity to accompany his National Guard unit to Germany. From such objective and uncontradicted evidence, we believe that an ordinary lay person or trial juror would be capable of determining without the aid of expert medical testimony whether emotional distress and humiliation would ordinarily follow from such events. Trial jurors, we are satisfied, do not leave their common sense in the cloakroom when they come to sit in the courtroom.

794 A.2d at 493. Similarly, in Shoucair, the "jury determined that an intentional act of discriminatory retaliation effectively ended Shoucair's career at Brown." 917 A.2d at 433. Based upon this, the Shoucair Court found that it was not necessary for the plaintiff

to provide expert medical testimony establishing a causal relationship where the jury could ascertain whether the resulting emotional distress was a natural consequence of such a devastating and personal and professional blow. 917 A.2d at 433. The mental/emotional damage all flowed from one illegal act – retaliation for being a whistleblower.

However, the facts of this case do not lend to the same. While, for the sake of argument, Defendants will acknowledge that in a case where an individual is wrongfully incarcerated for the totality of the incarceration period expert testimony may not be required, the facts of this case are that Plaintiff was lawfully incarcerated for four (4) days and now claims that his emotional distress was the result of his latter two days of alleged wrongful incarceration. A jury could not, without expert medical testimony, ascertain what degree of distress, humiliation and dreams, if any, were causally related to the two day detention at issue in this case (June 20-June 22, 2005) as oppose to the four day detention (June 16- June 19, 2005) that this Honorable Court already ruled was lawful. It is unclear even whether a medical expert could make such a precise causation distinction, let alone an untrained jury. Unlike Adams and Shoucair, this case does not present with objective and uncontradicted evidence that would allow the jury to assess mental/emotional damages without the assistance of expert testimony.

The Plaintiff did not disclose any such medical expert during discovery and such deadline has long since past. The proposed testimony regarding metal or emotional damages should be excluded because without the appropriate expert testimony such evidence would be unfairly prejudicial and would mislead and confuse the jury. See Rule 403 of the Federal Rules of Evidence. Wherefore, the State defendants pray that

the Court preclude Plaintiff from testifying as to a mental or emotional injuries or his counsel from arguing such damages during trial.

**C. Conclusion**

Wherefore, Defendants pray that this motion is granted and that: (1) any and all evidence of damages or injuries prior to June 20, 2005 be excluded and (2) any and all evidence or mental/emotional and physical damages for the time period of June 20, 2005 to June 22, 2005 be excluded.

Respectfully submitted,
DEFENDANTS

By its Attorney,

PATRICK C. LYNCH
ATTORNEY GENERAL

/s/ Michael W. Field

Michael W. Field, #5809
Special Assistant Attorney General
Brenda Baum, # 5184
Assistant Attorney General
150 South Main Street
Providence, RI 02903
Tel. (401) 274-4400 Ext. 2380
Fax (401) 222-2995
**mfield@riag.ri.gov**
**bbaum@riag.ri.gov**

**CERTIFICATION**

I, the undersigned, hereby certify that a copy of the foregoing Memorandum was e-mailed, on this 26th day of June, 2007 to those indicated below:

Joseph DiMaio, Esq.
**contact@mckinnonharwood.com**

/s/ Michael W. Field