**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **EDUARDO HERNANDEZ** | **)** | |
| | **)** | |
| **VS.** | **)** | **CA NO. 06CV-0164ML** |
| | **)** | |
| **STATE OF RHODE ISLAND AND** | **)** | |
| **PROVIDENCE PLANTATIONS** | **)** | |

**PLAINTIFF'S PRE-TRIAL MEMORANDUM**

Now comes the Plaintiff in the above-entitled matter and for his cause does hereby submit his pre-trial memorandum as follows:

**1. Plaintiff expects to prove, in support of the claim(s), the following:**

Negligence[1]:

Based upon the facts established through discovery, or otherwise modified by virtue of this Court's Order (Document #33) granting in part and denying in part the Defendant's Motion for Summary Judgment, Plaintiff expects to prove that the Plaintiff's claim is based on two different theories and/or timelines.

First, although an immigration detainer (Exhibit A) was issued by Immigration and Customs Enforcement ("ICE") on June 16, 2005, intending to authorize the State of Rhode Island to detain Eduardo Hernandez, it did not direct or require the detention. The Plaintiff was in the Defendant’s custody on that day. The Plaintiff had a right to bail (R.I. Gen. Laws § 12-13-1). The authority to detain Plaintiff was premised on the

determination that Mr. Hernandez was an alien and not a United States Citizen. The face of the detainer qualifies its authority based on Plaintiff's status as an alien and not a United States Citizen. The facts will show that the Defendants made no attempt to establish the Plaintiff's citizenship or verify that he was an alien, and ignored the Plaintiff's attempts to provide the Defendant with proof of his citizenship status, resulting in the Plaintiff's wrongful detention and imprisonment. Thus, the State negligently or recklessly implemented the detainer, artificially causing the Plaintiff to be incarcerated, under this scenario, for seven (7) days.

Second, presuming the detention pursuant to the detainer (Exhibit A) was lawful despite Plaintiff's United States Citizenship status, the evidence will prove that at all material and relevant times while Mr. Hernandez was in the Defendant's custody and incarcerated, Plaintiff had at least $580.00 in cash on his person or available to him for bail. On Thursday morning, June 16, 2005, a State of Rhode Island District Court Judge ("Judge") set bail in the amount of $311.50. On that same Thursday morning of June 16, 2005, the Plaintiff communicated his desire and intention to post bail, but was refused by the Defendant. Had the Plaintiff been permitted to post bail, the Defendant was then required to release the Plaintiff from their custody no later than forty-eight hours (48 hrs.) after the posting of bail, excluding weekends and holidays. This would have required release on Monday morning, June 20, 2005.

On Monday morning, June 20, 2005, the Defendant's accepted his bail, paid in part by Mr. Hernandez at the prison and in part by his friend in court. Bail was paid in that split manner because the Plaintiff believed he would need to reserve some of his own

---

[1] By order dated April 12, 2007, (Document #33), the only remaining count/claim is one of

money since the Defendants caused Plaintiff to believe he was going to be deported two days later.

The Defendants had no obligation to comment on what action, if any, would result from the investigation indicated on the detainer, but nonetheless caused the Plaintiff to believe that he was going to be deported. Mr. Hernandez was not released from the Defendant's custody or incarceration until Wednesday morning, June 22, 2005. At that time, the Defendants did not let Mr. Hernandez go free, but placed him in the custody of ICE agents. Thus, Defendant either negligently or recklessly refused to accept the Plaintiff's tender of bail until Monday morning, June 20, 2005. The reason for refusing the Plaintiff's bail was the Immigration Detainer. The immigration detainer, however, in no way modifies the State's independent behavior, it only becomes effective, if at all regarding a United States Citizen, once the individual is no longer otherwise detained by the State. The State negligently or with reckless disregard artificially prolonged the Plaintiff's State Custody under this scenario by two (2) days.

Under either scenario, the Defendant caused the Plaintiff to lose time from work and to suffer embarrassment, humiliation, and depressed feelings and thoughts. The facts will further prove that the Defendant caused the Plaintiff to miss work, and to believe he was going to be deported, contrary to the express indication on the detainer indicating that a mere investigation had been initiated. There was no order of deportation. Plaintiff was unaware of any immigration presence or consequence but for the information they provided to him.

---

negligence and the only defendant is The State of Rhode Island.

Witnesses:

a) Eduardo Hernandez: The Plaintiff is expected to testify on his own behalf consistent with the above. He will testify based upon the actual occurrences that took place and the actual protocol followed as it applies to his attempt to post bail and to prove that he was a United States Citizen, not an alien. He is also expected to testify to the time he missed from work, and his feelings, emotions, embarrassment, humiliation, personal inconvenience, and thoughts during and after the Defendant took imprisoned him, and then placed him in the hands of an ICE agent.

b) Jetzabel Ruano, 89 Moore Street, Central Falls, RI, 02863, and/or Alba Ruano, 84 Sumner Street, Central Falls, RI, 02863, may be called to testify regarding their attempt to bring to the Plaintiff and/or the Defendant documents, i.e. the Plaintiff's passport, in order to further establish the Plaintiff's status as a United States Citizen. In addition, they may be called to testify regarding the Plaintiff's experience and assessment of the Plaintiff's well-being, from a lay person point of view, based upon their communications with and observations of the Plaintiff.

**2. Plaintiff's Memorandum of Supporting law regarding pertinent issues:**

**a) Negligence and right to bail:**

In a negligence action the plaintiff must establish that the defendant owed a duty of care to the plaintiff, that the defendant breached this duty of care and that the defendant’s breach of that duty was a proximate cause of the harm or injury about which the plaintiff complains. Montuori v. Narragansett Electric Co., 418 A.2d 5 (1980).

Rhode Island General Law supplies the Plaintiff's right to bail (R.I. Gen. Laws § 12-13-1). Plaintiff can testify from his own observations and experience that the State does accept bail at court and at the prison. Most United States Citizens have a familiarity with the judicial system such that a lay person ordinarily would believe bail is posted either at the courthouse or at the prison, and not at the local corner store. The posting of bail usually requires an affirmative action on the part of the person posting bail either on their own behalf or on another's behalf.

The Plaintiff can concede that the State has no duty or obligation to actively solicit individuals for bail, the obligation to accept bail or surety once bail or surety is established by the appropriate authority, is within an ordinary lay person's knowledge. No expert testimony is needed.

Plaintiff was under the Defendant's care, custody, and control or otherwise incarcerated at the Adult Correctional Facility, Plaintiff need only show this custodial relationship, the fact that bail was set by a judge specifically requiring the Plaintiff's release from state custody, and the Defendant's failure to accept bail,

Rhode Island General Law supplies the Plaintiff's right to bail (R.I. Gen. Laws § 12-13-1).

**b) The Detainer:**

"[A]n [ICE] detainer **is not,** standing alone, **an order of custody**. Rather, it serves as a request that another law enforcement agency notify the INS before releasing an alien from detention so that the INS may arrange to assume custody over the alien." (emphasis supplied) United States v. Female Juvenile, A.F.S., 377 F.3d

27, 35 (1st Cir. 2004). Plaintiff can find no authority which requires the Defendant to detain an individual upon an immigration detainer issued for that person.

The language of the detainer (Exhibit A) states that "It is requested that you:…. Please accept this notice as a detainer…" (see Exhibit A). The only mandatory language imposing upon the state Defendant a requirement is that "Federal Regulations (8 CFR 287.7) require that you detain the alien…". The implied status, and not conduct of guilt or innocence, is that the person in the Defendant's custody be the one which the detainer was issued, and that he be an alien. It makes no sense that an alien would enjoy greater rights than a United States Citizen.

**c) The Mittimus:** [2]

Assuming, arguendo, that a Mittimus (Exhibit B) was required to be issued on June 16, 2005, in order to implement the Detainer (Exhibit A), the Sixth Division District Court issued an order to the State of Rhode Island through a Mittimus (Exhibit B). That order "commanded" (Exhibit B) and "required" (Exhibit B) the State of Rhode Island, through its Warden "to receive the defendant into custody and safekeeping until this order is performed in all its parts or until the defendant is discharged by order." Id. The Mittimus did not give the State the choice to pick whether to accept bail or wait until ordered to do so. The Mittimus did not have the requirement of "surety" checked, nor the requirement that the Plaintiff be "held without bail" (Exhibit B). The Defendant was thereby required to accept the bail to

[2] Discussion regarding a Mittimus is without prejudice to the argument that the Plaintiff was denied the opportunity to post bail at the courthouse which would have alleviated the need of a Mittimus to issue since he could not be held on a detainer as a United States Citizen.

which the Defendant was entitled by statute, infra, and which was set in the amount of $311.50 (Exhibit B).

The Plaintiff had the appropriate amount of cash on his person or available to his immediate disposal. Had the State accepted his money, Plaintiff would have been released but for its belief that it was required to keep in prison a United States Citizen. Under this timeline, Plaintiff would have been released on Monday morning, June 21, 2005.

However, patently more reasonable, since the Mittimus does not require the State hold the Plaintiff subject to the Detainer, and since the Detainer was discretionary, the State could have reasonable kept the Plaintiff within their custody after accepting bail at the courthouse, and then for a reasonable amount of time to establish whether he was a United States Citizen or an alien subject to detention no longer than 48 hours, excluding weekends and holidays (8 CFR 287.7).

**d) Sovereign Immunity: Public Duty Doctrine, Damages and the Tort Cap:**

The State of Rhode Island has waived sovereign immunity in tort actions. The present case, as it presently stands, is one for the tort of negligence. The State of Rhode Island is liable in all actions of tort in the same manner as a private individual or corporation subject to monetary limitations established by law. R.I. Gen. Laws § 9-31-1. However, those monetary limitations do not apply when the State is engaged in a proprietary function. R.I. Gen. Laws § 9-31-2.

"There are two exceptions to the general immunity that the public duty doctrine provides to a municipal building inspector or other municipal or state

authority during the course of his or her employment. The first exception to the public duty doctrine exists when a plaintiff can prove that the state or its subdivision owed him a special duty…. 'The existence of that special duty can be established when a plaintiff has had prior contact with state or municipal officials who then knowingly embark on a course of conduct that endangers the plaintiff[], or when a plaintiff has 'otherwise specifically come within the knowledge of the officials so that the injury to that particularly identified plaintiff can be or should have been foreseen.'" (internal citations omitted) Torres v. Damicis, 853 A.2d 1233, 1239 (R.I. 2004). Further, Rhode Island General Law §9-31-2 limits the Plaintiff's recovery under these instances to $100,000.00 Id.

**i) Special Duty:**

In the case at bar, Plaintiff was separate and distinguishable from the general public. He was specifically within the custody of the State of Rhode Island, was know by the Defendant, and was entitled to post bail. The Defendant's imprisonment of the Plaintiff and refusal to accept bail resulted in harm to the Plaintiff, subject to the tort cap limitation. Thus he satisfies the special duty test established by Torres, supra.

**ii) Egregious Conduct**

Alternatively, even in instances where the state is engaged in a public duty, the public duty doctrine "will not shield a municipality that has engaged in 'egregious conduct' where it 'has knowledge that it has created a circumstance that forces an

individual into a position of peril and subsequently chooses not to remedy the situation" Martinelli v. Hopkins, 787 A.2d 1158, 1168 (R.I. 2001). It is egregious that the Defendant's refused to accept the Plaintiff's bail under the facts and circumstances presented by this case. While, it is shocking that a United States Citizen would hold less rights than an alien.

**iii) Qualified Immunity:**

Qualified immunity is inapplicable to States. Plaintiff can find no case that extends qualified immunity to the State of Rhode Island, a sovereign, in a state law negligence case. Cases referencing qualified immunity are restricted to individuals, i.e. instances were a person, municipal corporation, or other corporeal person, invokes a claim of qualified immunity. See generally Hopkins v. State, 2007 U.S. Dist. LEXIS 45045 (D.R.I. 2007) ("Although the Rhode Island Supreme Court has yet to explicitly adopt the doctrine of qualified immunity, it has been invoked in this Court in cases such as this one which plead both federal and state causes of action.") and cases cited therein.

**3. Plaintiff's statement as to probable length of trial:**

Plaintiff anticipates trial will take approximately two days.

Plaintiff,
By Counsel,

/s/ Joseph-Anthony DiMaio, Esq.

Joseph-Anthony DiMaio, Esq. (#3910)
Mckinnon & Harwood
1168 Newport Avenue
Pawtucket RI 02861
(401) 723-9655
(401) 722-9160
contact@mckinnonharwood.com

# CERTIFICATION

I hereby certify that on Thursday, June 28, 2007, a true copy of the within, was served upon the following and in the following manner(s):

**Michael W. Field and Brenda Baum**, by electronic "CM/ECF" means only to the electronic address(es) registered within this Federal District Court on that day.

/s/ Joseph-Anthony DiMaio, Esq.
Joseph-Anthony DiMaio